**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| WILLIAM PLAGENS, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>JENNIFFER D. DECKARD, ET AL.,<br><br>Defendants. | No. 1:20-cv-02744 |
| SERGIO BARON, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>JENNIFFER D. DECKARD, ET AL.,<br><br>Defendants. | No. 1:21-cv-00238 |

**MEMORANDUM OF LAW IN SUPPORT OF PAUL ANTOSCA'S**
**MOTION FOR CONSOLIDATION OF RELATED ACTIONS,**
**APPOINTMENT AS LEAD PLAINTFF AND**
**APPROVAL OF HIS SELECTION OF LEAD COUNSEL**

i

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ...........................................................................................................1

STATEMENT OF FACTS ................................................................................................................1

ARGUMENT...................................................................................................................................2

      A.      The *Plagens* and *Baron* actions should be consolidated.........................................3

      B.      Mr. Antosca should be appointed Lead Plaintiff. .....................................................4

              1.      Mr. Antosca timely filed this motion. .........................................................4

              2.      Mr. Antosca believes he has the largest financial interest. .........................4

              3.      Mr. Antosca otherwise satisfies the requirements of Federal Rule of Civil Procedure 23. .................................................................................5

      C.      The Court should approve Mr. Antosca's selection of counsel. ..............................7

CONCLUSION................................................................................................................................8

## TABLE OF AUTHORITIES

**Cases**                                                                                                                              **Page(s)**

*In re Adient plc Securities Litigation*, No. 18-cv-9116 (S.D.N.Y.) ............................................ 7

*In re Am. Med. Sys., Inc.,* 75 F.3d 1069 (6th Cir. 1996) ................................................. 6

*Beattie* v. *CenturyTel, Inc.*, 511 F.3d 554 (6th Cir. 2007) ............................................. 5

*City of Hollywood Firefighters' Pension Fund* v. *TransDigm Grp., Inc.*,
    2017 WL 6028213 (N.D. Ohio Dec. 5, 2017) ................................................ 4, 5

*In re Conduent Inc. Securities Litigation*, No. 19-cv-8237 (D.N.J.) ............................................. 7

*Eshe Fund* v. *Fifth Third Bancorp*, 2009 WL 10665360 (S.D. Ohio Mar. 5, 2009) .................. 3, 5

*French* v. *CBL & Assocs. Props., Inc.*, 2016 WL 7668501 (E.D. Tenn. Sept. 26, 2016) .............. 3

*Lax* v. *First Merchs. Acceptance Corp.*, 1997 WL 461036 (N.D. Ill. Aug. 11, 1997) ................... 4

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr.* v. *LaBranche & Co., Inc.*,
    229 F.R.D. 395 (S.D.N.Y. 2004) ............................................................. 6

*In re Regions Morgan Keegan Closed–End Fund Litig.*,
    2010 WL 5173851 (W.D. Tenn. Dec. 15, 2010) ................................................. 3

*In re Telxon Corp. Sec. Litig.*, 67 F. Supp. 2d 803 (N.D. Ohio 1999).................................. 1, 2, 3

*In re Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338 (S.D.N.Y. 2009)........................................2

*Wojno* v. *Firstmerit Corp.*, 2016 WL 8674644 (N.D. Ohio July 8, 2016) .................................... 6

*Young* v. *Nationwide Mut. Ins. Co.*, 693 F.3d 532 (6th Cir. 2012)................................. 6

**Statutes**

15 U.S.C. §78u-4 ....................................................................................... *passim*

**Rules**

Federal Rule of Civil Procedure 23 ........................................................................ *passim*

Federal Rule of Civil Procedure 42(a) ............................................................ 3

ii

Movant Paul Antosca, on behalf of himself and the Class (defined below), respectfully submits this memorandum of law in support of his motion: (1) consolidating the above-captioned actions; (2) appointing Mr. Antosca as Lead Plaintiff on behalf of all persons and entities that purchased or otherwise acquired Covia or Fairmount Santrol securities between March 15, 2016 and June 29, 2020, inclusive (the "Class Period"); (3) approving Mr. Antosca's selection of the Thornton Law Firm LLP as Lead Counsel for the putative Class; and (4) granting such other and further relief as the Court may deem just and proper (the "Motion").

## PRELIMINARY STATEMENT

The Private Securities Litigation Reform Act of 1995, as amended, 15 U.S.C. §78u-4(a)(3)(B) (the "PSLRA"), provides that a court must appoint as lead plaintiff of a securities class action the "'most adequate plaintiff.'" 15 U.S.C. §78u-4(a)(3)(B)(i); *see also In re Telxon Corp. Sec. Litig.*, 67 F. Supp. 2d 803, 807 (N.D. Ohio 1999). Mr. Antosca believes he is the most adequate plaintiff here because he timely moved to be lead plaintiff, has the largest financial interest in the litigation, and satisfies the representative requirements set forth in Federal Rule of Civil Procedure 23. *See* 15 U.S.C. §78u- 4(a)(3)(B)(iii)(I)(aa)-(cc). For the reasons summarized herein and discussed more fully below, Mr. Antosca's Motion should be approved in its entirety.

## STATEMENT OF FACTS

On December 10, 2020, plaintiff William Plagens commenced *Plagens* v. *Deckard, et al.*, No. 20-cv-02744 (N.D. Ohio). On January 29, 2021, plaintiff Sergio Baron commenced a related action, *Baron* v. *Deckard, et al.*, No. 21-cv-00238. The *Plagens* and *Baron* actions allege substantially similar allegations and both seek to represent persons and entities that purchased or otherwise acquired Covia or Fairmount Santrol securities between March 15, 2016 and June 29, 2020, inclusive.

1

The *Plagens* and *Baron* actions each allege that Defendants Jenniffer D. Deckard, Mark E. Barrus, Michael F. Biehl, Andrew D. Eich, and Richard A. Navarre violated Sections 10(b) and 20(a) of the Exchange Act of 1934 and SEC Rule 10b-5 promulgated thereunder.

On December 11, 2020, counsel for plaintiff in the *Plagens* action issued notice via *Businesswire* regarding this action's February 8, 2021 lead plaintiff deadline pursuant to the PSLRA. Declaration of Guillaume Buell, Ex. A. On January 29, 2021, counsel for plaintiff in the *Baron* action also issued notice regarding this action's February 8, 2021 lead plaintiff deadline. Buell Decl. Ex. B.

## ARGUMENT

The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *id.* at (a)(3)(B). First, the plaintiff who files the action must publish a notice to the class within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff (the "Early Notice"). *See* 15 U.S.C. §78u-4(a)(3)(A)(i). Second, within 60 days after publication of the Early Notice, any member of the proposed class may apply to the court to be appointed as lead plaintiff. *See id.* at (a)(3)(A)(i)(II)-(B)(iii)(I).

Finally, the court shall appoint the "most adequate plaintiff" as lead plaintiff for the action. *Telxon*, 67 F. Supp. 2d at 807 (quoting 15 U.S.C. §78u-4(a)(3)(B)(i)). Under this Exchange Act provision, "the 'most adequate plaintiff' [is] determined by a two-step competitive process." *In re Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 343 (S.D.N.Y. 2009). First, the Exchange Act provides that the court is to presume the "most adequate plaintiff" to be the class member who: (1) "has either filed [a] complaint or made a motion [for lead plaintiff] in response

2

to a notice"; (2) "has the largest financial interest in the relief sought"; and (3) "otherwise satisfies the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(aa)-(cc); *see also Telxon*, 67 F. Supp. 2d at 807. The Rule 23 element of the presumption necessitates only "a preliminary showing that [the movant] satisfies the adequacy and typicality requirements of Rule 23." *Eshe Fund* v. *Fifth Third Bancorp*, 2009 WL 10665360, at *3 (S.D. Ohio Mar. 5, 2009). The presumption may be rebutted only upon proof by a class member that the presumptive "most adequate plaintiff . . . will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. §78u- 4(a)(3)(B)(iii)(II)(aa)-(bb). Second, so long as the presumption is not rebutted, the "most adequate plaintiff" is to be appointed the lead plaintiff. *Id.* As demonstrated below, Mr. Antosca meets these requirements and should be appointed to serve as Lead Plaintiff.

### A.   The *Plagens* and *Baron* actions should be consolidated.

There are at least two related actions pending in this District against Defendants: *Plagens* v. *Deckard*, *et al.*, No. 20:cv-02744 and *Baron* v. *Deckard*, *et al.*, No. 21-cv-00238.

These actions present similar factual and legal issues because they each allege claims under Sections 10(b) and 20(a) of the Exchange Act, name the same Defendants, and arise out of substantially similar misstatements. *See French* v. *CBL & Assocs. Props., Inc.*, 2016 WL 7668501, at *1 (E.D. Tenn. Sept. 26, 2016) (finding that "consolidation is particularly appropriate in securities class action litigation"); *In re Regions Morgan Keegan Closed–End Fund Litig.*, 2010 WL 5173851, at *14 (W.D. Tenn. Dec. 15, 2010) (noting that "[c]onsolidation would conserve judicial resources and allow a more expeditious adjudication of [p]laintiffs' claims" where two securities class actions "raise[d] similar legal and factual issues"). Accordingly, consolidation is appropriate under Rule 42(a) of the Federal Rules of Civil Procedure.

**B.** **Mr. Antosca should be appointed Lead Plaintiff.**

**1.** **Mr. Antosca timely filed this motion.**

On December 11, 2020, a notice of pendency of the action was published on Business Wire, a national, business-oriented newswire service. *See* Buell Decl., Ex. A. The requirements of §78u-4(a)(3)(A)(i) have therefore been met. The Notice states that all putative class members seeking to be appointed lead plaintiff are required to move for appointment no later than 60 days from the date of notice (*i.e.*, by February 8, 2021). *See id*. This motion is therefore timely. Moreover, Mr. Antosca submits herewith a certification stating his willingness to serve as a representative party on behalf of the Class and providing his Class Period transactions. *See* Buell Decl., Ex. C.

**2.** **Mr. Antosca believes he has the largest financial interest.**

To his knowledge, Mr. Antosca is the lead plaintiff movant with the largest financial interest in the relief sought by the Class. *See* Buell Decl., Exs. C, E. Courts generally look at the following factors (known as the *Lax* factors, derived from *Lax* v. *First Merchs. Acceptance Corp.*, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997)) to determine financial interest: (1) the total number of shares purchased during the class period; (2) the net shares purchased during the class period; (3) the net funds expended during the class period; and (4) the approximate losses suffered. *See, e.g.*, *City of Hollywood Firefighters' Pension Fund* v. *TransDigm Grp., Inc.*, 2017 WL 6028213, at *2-3 (N.D. Ohio Dec. 5, 2017).

As evidenced by the PSLRA certification, Mr. Antosca purchased Fairmount/Covia securities during the Class Period and suffered losses as a result of Defendants' misconduct. *See* Buell Decl., Exs. C, E. Mr. Antosca suffered losses of approximately $785,716.50. *Id*. As to the other factors courts look to, Mr. Antosca purchased 26,000 shares during the Class Period, for a

total expenditure of approximately $786,249.00, and retained all of those shares through the end of the Class Period. *Id.*

Mr. Antosca thus has a significant financial interest in this Action. Moreover, he is unaware of any other movant that has sustained greater financial losses in connection with their transactions during the Class Period. Therefore, he "has the largest financial interest in the relief sought by the class[.]" 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb).

### 3. Mr. Antosca otherwise satisfies the requirements of Federal Rule of Civil Procedure 23.

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Only the typicality and adequacy elements of Rule 23 directly address the personal characteristics of a lead plaintiff movant. Consequently, in deciding a motion to appoint lead plaintiff, the Court need only make findings as to the typicality and adequacy of the proposed lead plaintiff, and at this stage, those findings need only be "preliminary." *Fifth Third*, 2009 WL 10665360, at *3. Mr. Antosca easily makes this preliminary showing.

"A claim is typical if 'it arises from the same event or practice or course of conduct that gives rise to the claims of the other class members, and if his or her claims are based on the same legal theory.'" *TransDigm*, 2017 WL 6028213, at *3 (quoting *Beattie* v. *CenturyTel, Inc.*, 511

5

F.3d 554, 561 (6th Cir. 2007)). Here, Mr. Antosca's claims are typical of the claims of the other members of the putative Class because, like all other Class members, he: (1) purchased or otherwise acquired Fairmount/Covia securities during the Class Period; (2) was adversely affected by Defendants' allegedly false and misleading statements; and (3) suffered damages as a result thereof. Since his claims are based on the same legal theories and arise from the same event, practice, or course of conduct that gives rise to the claims of other Class members, typicality is satisfied.

"The Sixth Circuit looks to two criteria in determining the adequacy of a potential class representative: '1) the representative must have common interests with unnamed members of the class, and 2) it must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel.'" *Wojno* v. *Firstmerit Corp.*, 2016 WL 8674644, at *4 (N.D. Ohio July 8, 2016) (quoting *Young* v. *Nationwide Mut. Ins. Co.*, 693 F.3d 532, 543 (6th Cir. 2012) (citing *In re Am. Med. Sys., Inc.,* 75 F.3d 1069, 1083 (6th Cir. 1996)) (emphasis removed)). Mr. Antosca is "adequate" to serve as class representative in the instant litigation because his interests are aligned with the interests of the putative Class and he understands his role as a fiduciary if appointed. Buell Decl. Ex. D. Mr. Antosca, like all other members of the Class, suffered losses as a result of purchasing Fairmount/Covia securities at prices that were artificially inflated due to Defendants' alleged misstatements. Mr. Anstoca will, therefore, benefit from the same relief as other Class members. Mr. Antosca has also provided a supplemental declaration demonstrating his adequacy. Buell Decl. Ex. D. Mr. Antosca has also demonstrated that he is an adequate representative by retaining competent and experienced counsel. *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr.* v. *LaBranche & Co., Inc.*, 229 F.R.D. 395, 413 (S.D.N.Y. 2004) (considering qualifications of proposed lead counsel in

evaluating adequacy). As shown below, Thornton Law Firm is qualified, experienced, and able to conduct this complex litigation in a professional manner. Accordingly, Mr. Antosca has made a *prima facie* showing that he satisfies the requirements of Rule 23 for the purposes of this motion.

### C.     The Court should approve Mr. Antosca's selection of counsel.

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).

Here, Mr. Antosca has selected Thornton Law Firm as sole Lead Counsel for the Class. Thornton is experienced in the areas of securities litigation and class action lawsuits, and its attorneys have successfully prosecuted numerous such actions on behalf of investors over its history, as detailed in its firm resume. *See* Buell Decl., Ex. F.

Thornton was founded in 1978. It is a leading law firm in Massachusetts, with attorneys representing thousands of clients in a wide variety of matters. Its attorneys practice, among other things, in the areas of securities litigation, False Claims Act suits, toxic torts, and personal injury law. Thornton currently serves co-lead counsel in actions including *In re Conduent Inc. Securities Litigation*, No. 19-cv-8237 (D.N.J.) and *In re Adient plc Securities Litigation*, No. 18-cv-9116 (S.D.N.Y.). Thornton is also serving as counsel to plaintiffs in actions under the federal securities laws in numerous other state and federal courts.

Similarly, Mr. Antosca's chosen liaison counsel, Goldman Scarlato & Penny, P.C., have dedicated their careers to vindicating the rights of investors, small businesses, and individuals victimized by corporate misconduct, deceptive consumer practices, and people who have suffered harm as a result of defective medical devices and drugs. Buell Decl. Ex. G. The firm prosecutes securities fraud, antitrust, shareholder derivative, and consumer fraud class actions, as well as mass actions on behalf of those injured by defective drugs and devices throughout the

United States. They also maintain an office in this District and will assist Lead Counsel based on its experience litigating in this District.

Mr. Antosca's chosen counsel have the skill, knowledge, expertise, and experience that will enable them to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving his selection of Thornton as Lead Counsel and Goldman Scarlato as Liaison Counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Mr. Antosca respectfully requests that the Court issue an Order (1) consolidating the *Plagens* and *Baron* actions; (2) appointing Mr. Antosca as Lead Plaintiff for the Class; and (3) approving Thornton Law Firm as Lead Counsel for the Class and Goldman Scarlato & Penny, P.C. as Liaison Counsel for the Class.

Dated: February 8, 2021

Respectfully submitted,

 /s/ *Alan Rosca*
Alan Rosca (OH 0084100)
GOLDMAN SCARLATO & PENNY, P.C.
23250 Chagrin Boulevard, Suite 100
Beachwood, Ohio 44122
Tel.: (216) 570-0097
Fax: (484) 580-8717
Email: rosca@lawgsp.com

*Liaison Counsel for Paul Antosca*

THORNTON LAW FIRM LLP
Guillaume Buell (*pro hac vice* motion filed)
1 Lincoln Street
Boston, MA 02111
Telephone: (617) 531-3933
Facsimile: (617) 720-2445
Email: gbuell@tenlaw.com

*Counsel for Paul Antosca and Proposed Lead Counsel for the Class*

8

**CERTIFICATE OF SERVICE**

I hereby certify that on February 8, 2021, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

<u>/s/ *Alan Rosca*</u>
Alan Rosca