**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| WILLIAM PLAGENS, Individually and On Behalf of All Others Similarly Situated, | ) ) ) ) |
| Plaintiff, | ) Case No. 1:20-cv-02744 (JPC) ) ) Honorable J. Philip Calabrese ) |
| v. | ) ) |
| JENNIFER D. DECKARD, MARK E. BARRUS, MICHAEL F. BIEHL, ANDREW D. EICH, and RICHARD A. NAVARRE, | ) ) ) ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF CHRISTOPHER
PALMER FOR (1) CONSOLIDATION OF THE RELATED ACTIONS;
(2) APPOINTMENT AS LEAD PLAINTIFF; AND
(3) APPROVAL OF SELECTION OF COUNSEL**

## TABLE OF CONTENTS

I.     INTRODUCTION ................................................................................................ 1

II.    PROCEDURAL BACKGROUND ...................................................................... 2

III.   STATEMENT OF FACTS ................................................................................. 2

IV.   ARGUMENT ...................................................................................................... 3

      A.     The Court Should Consolidate the Related Actions ............................... 3

      B.     MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF ............................. 4

           1.     The Procedure Required by the PSLRA ..................................................... 4

           2.     Movant Has Satisfied the Lead Plaintiff Requirements of the PSLRA ...... 6

                a)     Movant Has Timely Moved for Appointment as Lead Plaintiff ..... 6

                b)     Movant Has the Largest Financial Interest in the Relief Sought by the Class ...................................................................................... 6

                c)     Movant Otherwise Satisfies the Requirements of Rule 23 ............. 6

      C.     THE COURT SHOULD APPROVE MOVANT'S CHOICE OF COUNSEL ...... 9

V.    CONCLUSION ................................................................................................... 9

Proposed Lead Plaintiff Christopher Palmer (the "Movant") submits this memorandum of law in support of his motion for: (i) consolidation of the related actions pursuant to Fed. R. Civ. P 42(a); (ii) appointment as Lead Plaintiff pursuant to Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act; (iii) approval of Movant's selection of Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein") as Lead Counsel and Zoll & Kranz LLC as Local Counsel; and (iv) any other relief the Court may deem required.

## I.        INTRODUCTION

The above-captioned action, *Plagens v. Deckard, et al.*, 20-cv-2774, and *Baron v. Deckard, et al.,* 21-cv-0238, are to the best of Movant's knowledge, the only federal securities class action lawsuits in this District brought against the Defendants (Jennifer Deckard, Mark Barrus, Michael Biehl, Andrew Eich, and Richard Navarre) for violations of the Securities Exchange Act of 1934 in connection with Covia Holdings Corp. f/k/a Fairmount Santrol Holdings Inc. (collectively, the "Company" or "Covia").  The action is brought on behalf of a class consisting of all persons or entities who purchased or otherwise acquired Company securities between March 15, 2016 and June 29, 2020 (the "Class Period") and who were damaged thereby (the "Class").

In securities class actions, the PSLRA requires district courts to appoint as lead plaintiff the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4 (a)(3)(B)(i). Movant should be appointed as Lead Plaintiff because, to the best of counsel's knowledge: (1) Movant has the largest financial interest in the relief sought by the Class because he acquired Covia common stock during the Class Period and suffered at least $44,166.17 in losses as a result of

Defendants' misconduct (*see* Guiney Decl., Ex. 3);[1] and (2) Movant's claims are typical of the claims of the Class and he will fairly and adequately represent the interests of the Class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii). In addition, Movant's selection of Wolf Haldenstein as Lead Counsel for the Class should be approved because the firm is eminently qualified and highly experienced in complex securities class actions and has the experience and resources to efficiently prosecute this action. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).

Moreover, the Securities Exchange Act clearly provides that a movant need not file its own complaint to serve as a lead plaintiff. Rather, a lead plaintiff is a member of the class who "has either filed the complaint or made a motion in response to notice under subparagraph (A)(i)." 15 U.S.C. § 78u-4(a)(3)(B)(iii). Thus, Movant is a proper and timely movant to serve as lead plaintiff under the express terms of the Securities Exchange Act.

## II. PROCEDURAL BACKGROUND

On December 10, 2020, the above-captioned action (the "Action") was filed in this Court alleging violations of the Securities Exchange Act on behalf of the Class. Also on December 10, 2020, counsel for plaintiff in the Action published a notice of pendency of the class action on *PR Newswire*, advising members of the proposed Class of their right to move this Court to serve as lead plaintiff(s) no later than 60 days from the date of publication of the notice (by February 8, 2021). *See* Guiney Decl., Ex. 1.

## III. STATEMENT OF FACTS

The Action alleges that Defendants violated Sections 10(b) and 20(a) of the Securities

---

[1] References to the "Guiney Decl." are to the Declaration of Matthew Guiney, dated February 8, 2021, and the exhibits attached thereto.

Exchange Act and Rule 10b-5 promulgated thereunder by making materially misleading statements and omitting material facts.[2]  Specifically, the Action alleges that during the Class Period, Defendants made false and/.or misleading statement and/or failed to disclosed that: (1) the Company's proprietary 'value-added' proppants were not necessarily more effective than ordinary sand; (2) the Company's revenues, which were dependent on its proprietary 'value-added' proppants, was based on misrepresentations; (3) when Company insiders raised this issue, the Defendants did not take meaningful steps to rectify the issue; and (4) as a result, Defendants' statements about its business, operations, and prospects, were materially false and misleading and/or lacked a reasonable basis at all relevant times. ¶ 25. [3]

## IV.    ARGUMENT

### A.    The Court Should Consolidate the Related Actions

Under the lead plaintiff provisions of the Securities Exchange Act, 15 U.S.C. § 78u-4, *et seq.*, if multiple actions involving "substantially the same claim or claims" are pending, the Court tasked with selecting the lead plaintiff should postpone that selection "until after the decision on the motion to consolidate is rendered.  As soon as practicable after such decision is rendered, the court shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions in accordance with this paragraph."  15 U.S.C. § 78u-4(a)(3)(B)(ii).

Accordingly, the *Plagens* and *Baron* actions should be consolidated pursuant to Rule 42(a), which provides:

---

[2] The allegations of *Plagens* and *Baron* are similar to those asserted here with the same claims asserted.

[3] All citations to "¶ __" are to the corresponding paragraph of ECF No. 1 in this Action (20-cv-02744).

3

> If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

Broad discretion is given to the court under this rule to consolidate cases pending within the District. *See City of Riviera Beach Gen. Emples. Ret. Sys. v. Macquarie Infrastructure Corp.*, 18-cv-3608, 2019 U.S. Dist. LEXIS 14860, *7 (S.D.N.Y. Jan. 30, 2019).

The actions assert claims against the same Defendants and involve common questions of law and fact. When actions involving a common question of law or fact are pending before a court, the court may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary cost or delay. *See Stone v. Agnico-Eagle Mines, Ltd.*, 280 F.R.D. 142, 143-44 (S.D.N.Y. 2012). In so doing, a district court has discretion in determining whether consolidation is appropriate. Here, there is no reason to proceed with three separate class actions covering the same putative classes and alleged wrongdoing.

Moreover, the consolidation of related proceedings pursuant to Rule 42(a) will avoid the unnecessary waste of judicial resources and additional cost and delay to the parties: it would make little sense to have two competing class actions litigating the same dispute. *See* Manual for Complex Litigation § 10.123 (in complex litigation, related proceedings should be coordinated to further efficiency and effective case administration).

### B.    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

#### 1.    The Procedure Required by the PSLRA

The PSLRA governs the appointment of a lead plaintiff in "each private action arising under the [Securities Exchange Act] that is brought as a plaintiff class action pursuant to the

4

Federal Rules of Civil Procedure."  15 U.S.C. § 78u-4(a)(1) and (a)(3)(B)(i).  First, the plaintiff who files the initial action must publish notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff.  15 U.S.C. § 78u-4 (a)(3)(A)(i).  Counsel in the above-captioned action published a notice via *PR Newswire* on December 10, 2020, thus triggering the requirements of the PSLRA.  *See* Guiney Decl., Ex. 1.

Second, within 60 days after publication of the first notice, any member of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not he or she has previously filed a complaint in the action.  15 U.S.C. § 78u-4(a)(3)(A)(i)(II).  That period of time expires on February 8, 2021.

Third, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member, and shall appoint as lead plaintiff the member of the class that the Court determines to be most capable of adequately representing the interests of class members.  15 U.S.C. § 78u-4(a)(3)(B).

In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that –
>
> (aa)    has either filed the complaint or made a motion in response to a notice . . ;
>
> (bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

5

### 2. Movant Has Satisfied the Lead Plaintiff Requirements of the PSLRA

#### a) Movant Has Timely Moved for Appointment as Lead Plaintiff

Pursuant to the provisions of the PSLRA, Movant has timely moved to be appointed Lead Plaintiff within the requisite time frame on behalf of all members of the Class. Movant has duly signed and filed a certification stating his willingness to serve as a representative party on behalf of the Class. *See* Guiney Decl., Ex. 2. In addition, Movant has selected and retained experienced and competent counsel to represent itself and the absent Class members he seeks to represent. *See* Guiney Decl., Ex. 4.

Accordingly, Movant has satisfied the individual requirements of 15 U.S.C. § 78u-4 (a)(3)(B) and is entitled to have his application for appointment as Lead Plaintiff and selection of Lead Counsel, as set forth herein, considered and approved by the Court.

#### b) Movant Has the Largest Financial Interest in the Relief Sought by the Class

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the Court must appoint as Lead Plaintiff the Class member who represents the largest financial interest in the relief sought by the action. During the Class Period, Movant suffered losses of approximately $44,166.17 as a result of Defendants' misconduct. *See* Guiney Decl., Ex. 3. Therefore, Movant has a significant financial interest in this case. Movant has not received notice of any other applicants having a greater financial interest. Accordingly, Movant should be appointed Lead Plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B).

#### c) Movant Otherwise Satisfies the Requirements of Rule 23

In addition to possessing a significant financial interest, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15

6

U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative party are typical of the claims or defenses of the class; and (4) the representative party will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). Of these four prerequisites, only two – typicality and adequacy – affect the analysis of competing motions for appointment as lead plaintiff. *See Ohio Pub. Empls. Ret. Sys v. Fannie Mae*, 357 F. Supp. 2d 1027, 1034 (S.D. Ohio. 2005). Consideration of the remaining elements is deferred until the lead plaintiff files a motion for class certification. Accordingly, in deciding a lead plaintiff motion, the court focuses primarily on the typicality and adequacy requirements, and only a preliminary showing that the requirements have been met is necessary. *Id*.

"'[A] Plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory.'" *Ohio Pub. Emps. Ret. Sys.*, 357 F. Supp. 2d at 1034 (quoting *In re Am. Med. Sys.*, 75 F.3d 1069, 1082 (6th Cir. 1996)). Movant easily satisfies this typicality requirement. As with each member of the Class, Movant purchased Company common stock at prices artificially inflated by Defendants' materially false and misleading statements or omissions, and suffered damages as a consequence. Movant's claims therefore arise from the same course of events as those of all other Class members and may be proven using similar legal arguments as those the absent Class members could use to prove Defendants' liability. *See id*. In that regard, Movant is identical to all other members of the Class.

7

In addition, Movant must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This adequacy requirement is satisfied where a movant proves "if it appears that (1) plaintiff's interests are not antagonistic to those of the class they seek to represent and (2) plaintiff's counsel is qualified to conduct the litigation." *Ohio Pub. Ret. Sys.*, 357 F. Supp. 2d at 1034. To demonstrate adequacy, Movant points to the damages he has suffered as a result of his purchases of Company common stock based on false and misleading statements and omissions during the Class Period. Movant is undoubtedly an adequate lead plaintiff because his interest in aggressively pursuing the claims against Defendants is aligned with the interests of the members of the Class who were similarly harmed. Movant lives in Belvidere, Illinois and is a logistics manager. Movant's interest in the action against Defendants is, therefore, aligned with the interests of the Class. Moreover, no evidence of antagonism between the interests of Movant and the Class exists, and there is nothing to indicate that Movant will do anything but vigorously pursue the claims on behalf of the Class. Rather, Movant has stated in the Certification his willingness to represent the Class as Lead Plaintiff. *See* Guiney Decl., Ex. 2.

Moreover, as demonstrated below, Movant has selected and retained competent, experienced counsel that is indisputably qualified to conduct this complex litigation in an efficient, effective, and professional matter. Lastly, Movant is not subject to unique defenses and there is no evidence that Movant seeks anything other than the greatest recovery for the Class consistent with the merits of the claims.

Accordingly, Movant satisfies the typicality and adequacy requirements of Rule 23 for the purposes of this Motion.

**C.      THE COURT SHOULD APPROVE MOVANT'S CHOICE OF COUNSEL**

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the proposed Lead Plaintiff shall, subject to court approval, select and retain counsel to represent the Class it seeks to represent.  Movant has selected and retained Wolf Haldenstein to serve as Lead Counsel for the Class.  Wolf Haldenstein has more than four decades of extensive experience in successfully prosecuting complex securities class actions and has frequently served as lead counsel in major actions in this and other courts. *See* Guiney Decl., Ex. 4.  Wolf Haldenstein is unquestionably qualified to serve as Lead Counsel for the Class, and will provide the Class with the highest caliber of legal representation.

As there is nothing to suggest that Movant or his counsel will not fairly and adequately represent the Class, or that Movant is subject to unique defenses – which is the ***only*** evidence that can rebut the presumption of adequacy – this Court should appoint Movant as Lead Plaintiff and approve its selection of Wolf Haldenstein as Lead Counsel for the Class.

**V.      CONCLUSION**

For all the foregoing reasons, Movant respectfully requests that the Court enter an Order to: (1) consolidate the related actions, (2) appoint Movant as Lead Plaintiff in the consolidated action; (3) approve his selection of Wolf Haldenstein as Lead Counsel and Zoll & Kranz LLC as Local Counsel for the Class; and (4) grant such other relief as the Court may deem just and proper.

Dated: February 8, 2021                              Respectfully submitted,

                                                     /s/ Michelle Kranz
                                                     Michelle Kranz  (0062479)
                                                     **ZOLL & KRANZ, LLC**
                                                     6620 West Central Avenue, Suite 100
                                                     Toledo, Ohio 43617
                                                     Tel: (419) 841-9623
                                                     Fax: (419) 841-9719
                                                     Michelle@toledolaw.com

9

Matthew M. Guiney  (NY 4181210)
 (*Pro Hoc Vice Application Forthcoming*)
Kevin G. Cooper  (NY 5323506; NJ 111192015)
 (*Pro Hoc Vice Application Forthcoming*)
**WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP**
270 Madison Avenue
New York, NY 10016
Tel: (212) 545-4600
Fax: (212) 686-0114
Guiney@whafh.com
KCooper@whafh.com

*Counsel for Movant Christopher Palmer*

10

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 8, 2021, I electronically filed the foregoing and all related documents with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.


   s/ *Michelle Kranz*
Michelle Kranz