# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| WILLIAM PLAGENS, Individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> JENNIFFER D. DECKARD, ET AL., <br><br> Defendants. | No. 1:20-cv-02744 |
| SERGIO BARON, Individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> JENNIFFER D. DECKARD, ET AL., <br><br> Defendants. | No. 1:21-cv-00238 |

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF PAUL ANTOSCA'S
MOTION FOR CONSOLIDATION OF RELATED ACTIONS,
APPOINTMENT AS LEAD PLAINTFF AND
APPROVAL OF HIS SELECTION OF LEAD COUNSEL,
AND IN OPPOSITION TO COMPETING MOTIONS**

i

**TABLE OF CONTENTS**

ARGUMENT ....................................................................................................................1

    A.     The *Plagens* and *Baron* actions should be consolidated. ........................................1

    B.     Mr. Antosca should be appointed Lead Plaintiff. .....................................................1

    C.     The competing movants have failed to make a *prima facie* showing of adequacy. ....................................................................................................................2

    D.     The Court should approve Mr. Antosca's selection of counsel. ..............................5

CONCLUSION .................................................................................................................5

i

## TABLE OF AUTHORITIES

**CASES**  **PAGE(S)** Cases

*Camp* v. *Qualcomm Inc.*, 2019 WL 277360 (S.D. Cal. Jan. 22, 2019) .......... 5

*In re Am. Med. Sys., Inc.,* 75 F.3d 1069 (6th Cir. 1996) .......... 3

*In re Boeing Co. Aircraft Sec. Litig.*, 2019 WL 6052399 (N.D. Ill. Nov. 15, 2019) .......... 3

*In re Brightview Holdings, Inc. Sec. Litig.*, No. 2019-07222 (Penn. C.P. Dec. 17, 2020) .......... 5

*Karp* v. *Diebold Nixdorf, Inc.*, 2019 WL 5587148 (S.D.N.Y. Oct. 30, 2019) .......... 4

*Lax* v. *First Merchs. Acceptance Corp.*, 1997 WL 461036 (N.D. Ill. Aug. 11, 1997) .......... 1

*Owens* v. *FirstEnergy Corp.*, 2020 WL 6873421 (S.D. Ohio Nov. 23, 2020) .......... 1, 2

*Perez* v. *HEXO Corp.*, 2020 WL 905753 (S.D.N.Y. Feb. 25, 2020) .......... 4

*Wojno* v. *Firstmerit Corp.*, 2016 WL 8674644 (N.D. Ohio July 8, 2016) .......... 2

*Young* v. *Nationwide Mut. Ins. Co.*, 693 F.3d 532 (6th Cir. 2012) .......... 3

**RULES**

Federal Rule of Civil Procedure 23 ............................................... 2

Federal Rule of Civil Procedure 42 ............................................... 1

Statutes
15 U.S.C. § 78u-4 ............................................... 5

Movant Paul Antosca respectfully submits this memorandum of law in further support of his motion for appointment as Lead Plaintiff and approval of his selection of Lead Counsel and Liaison Counsel (ECF No. 6), and in opposition to the competing motions filed by Sergio Baron, Thomas Phelps, and Christopher Palmer (*see* ECF Nos. 5, 7, 8) (collectively, the "Opposing Movants").

### <u>ARGUMENT</u>

**A.     The *Plagens* and *Baron* actions should be consolidated.**

All movants agree that the *Plagens* and *Baron* actions involve common questions of law and fact and therefore should be consolidated. There is no opposition to consolidating the actions. Therefore, the Court should consolidate the actions under Rule 42.

**B.     Mr. Antosca should be appointed Lead Plaintiff.**

Mr. Antosca is the lead plaintiff movant with the largest financial interest in the relief sought by the Class. Courts generally look at the following factors (known as the *Lax* factors, derived from *Lax* v. *First Merchs. Acceptance Corp.*, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997)) to determine financial interest: (1) the total number of shares purchased during the class period; (2) the net shares purchased during the class period; (3) the net funds expended during the class period; and (4) the approximate losses suffered. *Owens* v. *FirstEnergy Corp.*, 2020 WL 6873421, at *9 (S.D. Ohio Nov. 23, 2020). Within the Sixth Circuit, "the dominant approach … is to treat the loss factor as determinative." *Owens*, 2020 WL 6873421, at *9.

Mr. Antosca has the largest financial interest based on his approximate loss, as well as the third factor, net funds expended. Mr. Antosca's loss is approximately $200,000 greater than Mr. Phelps's, $300,000 greater than Mr. Baron's, and more than $700,000 greater than Mr. Palmer's:

| Movant | Shares Purchased | Net Shares Purchased | Net Funds | Approximate Loss |
|---|---|---|---|---|
| Paul Antosca | 26,000 | 26,000 | *$786,249.00* | *$785,716.50* |
| Sergio Baron | 78,200 | 0 | $490,907.16 | $484,192.16 |
| Thomas Phelps | *1,113,465* | *712,940* | $340,350.22 | $585,642.43 |
| Christopher Palmer | 1,312 | 712 | $28,673.44 | $44,166.17 |

Because Mr. Antosca has the largest loss based on the determinative fourth *Lax* factor, he has the largest financial interest and is the presumptive choice to be appointed lead plaintiff. Mr. Antosca notes that his counsel's analysis of Opposing Movants' filings suggests in certain instances they may have incorrectly calculated their financial interest based on the Lax factors. Since Mr. Antosca's loss is so far in excess of the competing movants, he will not expound on those issues and inconsistencies at this time, but will of course do so if the Court requests.

**C.      The competing movants have failed to make a *prima facie* showing of adequacy.**

The Private Securities Litigation Reform Act (the "PSLRA") further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Because only the typicality and adequacy elements of Rule 23 directly address the personal characteristics of a lead plaintiff movant, the Court need only make findings as to the typicality and adequacy of the proposed lead plaintiff, and at this stage, those findings need only be "preliminary." *Owens*, 2020 WL 6873421, at *11. "The Sixth Circuit looks to two criteria in determining the adequacy of a potential class representative: '1) the representative must have common interests with unnamed members of the class, and 2) it must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel.'" *Wojno* v. *Firstmerit Corp.*, 2016 WL 8674644, at *4 (N.D. Ohio July 8, 2016) (quoting *Young* v.

2

*Nationwide Mut. Ins. Co.*, 693 F.3d 532, 543 (6th Cir. 2012) (citing *In re Am. Med. Sys., Inc.,* 75 F.3d 1069, 1083 (6th Cir. 1996)) (emphasis removed).

In this case, Mr. Antosca has submitted both the standard certification required by the PSLRA, as well as a supplemental Declaration that sets forth for the Court, under penalty of perjury, detailed information about himself, his discussions with counsel, his understanding of the lead plaintiff's role as a fiduciary to absent class members, and that he has taken steps to preserve documents related to his investments in Covia. ECF No. 6-7.

As to the remaining movants, there is a significant dearth of information about them in the record making it difficult to assess their adequacy. In recent years, courts have started to require individual investors who seek appointment as lead plaintiff to provide some information about themselves beyond just their name and bare-bones biographical information. This makes sense, since as a court-appointed Lead Plaintiff, an investor immediately assumes a fiduciary role to thousands (or tens of thousands) of investors, including pension funds and innumerable investors whose retirement investments are implicated by these lawsuits. Accordingly, while "it generally suffices for a lead plaintiff movant to make a prima facie showing of adequacy, to do so a movant must supply *some* information about its ability to perform the role of lead plaintiff diligently and effectively." *In re Boeing Co. Aircraft Sec. Litig.*, 2019 WL 6052399, at *5 (N.D. Ill. Nov. 15, 2019) (quotation omitted, emphasis in original). As the *Boeing* court stated, where a lead plaintiff movant provided next to no information about themselves beyond bare biographical information, "the Court [had] virtually no basis to assess their adequacy to lead and direct litigation potentially involving thousands of claims for tens, or perhaps hundreds, of millions of dollars…." *Id.*

Courts elsewhere agree, and have rejected lead plaintiff motions that failed to provide information about their financial sophistication, backgrounds, education, employment, investment

3

experience, and ability to manage complex securities litigation. *See, e.g.*, *Perez* v. *HEXO Corp.*, 2020 WL 905753, at *3 (S.D.N.Y. Feb. 25, 2020) ("Indeed, given [the lead plaintiff movant's] failure to provide *any* information regarding his experience in his preliminary motion, the Court questions whether [movant] will meaningfully oversee and control the prosecution of this consolidated class action."); *Karp* v. *Diebold Nixdorf, Inc.*, 2019 WL 5587148, at *6 (S.D.N.Y. Oct. 30, 2019) (declining to appoint individual investors as lead plaintiff who "provided the Court with little to go on with respect to their alleged capacity to manage this litigation").

Here, the bare-bones discussions of the Opposing Movants' backgrounds in their memoranda of law are insufficient. Given that they seek to serve as fiduciaries to an entire class of investors, failing to give the Court sufficient information about themselves suggests they are not fully committed to this litigation.

Furthermore, Mr. Baron's certification states that he is "duly authorized to institute legal action against Covia and other defendants." ECF No. 5-4, PageID #79. This begs the question: Is Mr. Baron the person who purchased the securities listed in his certification, or is he representing someone else? If Mr. Baron has been given a power of attorney or other assignment of rights, the proposed Class he seeks to represent and the Court had a right to know.

In addition to these deficiencies, the sworn certifications submitted by Messrs. Phelps and Baron contain errors that suggest they are not sufficiently engaged in the litigation to know who the defendants are. Mr. Phelps's sworn certification states he "reviewed a complaint against Covia and retained" counsel to file his motion. ECF No. 8-4, PageID #306. And Mr. Baron's sworn certification states he is "duly authorized to institute legal action against Covia and other defendants." ECF No. 5-4, PageID #79. In both the *Plagens* and *Baron* actions, Covia ***is not a named defendant***. This begs the question whether Messrs. Baron and Phelps have a basic

4

understanding of this case. Courts have rejected lead plaintiff movants whose sworn certifications were similarly inaccurate. *E.g.*, *Camp* v. *Qualcomm Inc.*, 2019 WL 277360, at \*3 (S.D. Cal. Jan. 22, 2019).

For these reasons, Messrs. Baron, Palmer, and Phelps have not made a *prima facie* showing of adequacy, whereas Mr. Antosca has.

**D.      The Court should approve Mr. Antosca's selection of counsel.**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Mr. Antosca has selected the Thornton Law Firm as sole Lead Counsel for the Class and Goldman Scarlato & Penny, P.C. as Liaison Counsel, who maintain an office in this District, and will assist Lead Counsel based on its experience litigating in this District. Thornton and Goldman Scarlato have recently exhibited their ability to secure excellent results together, having served as Liaison and Co-Lead Counsel to the Class in a recently-settled securities class action in Pennsylvania state court that secured an important $11.5 million settlement for investors. *See In re Brightview Holdings, Inc. Sec. Litig.*, FINAL ORDER AND JUDGMENT, No. 2019-07222 (Penn. C.P. Dec. 17, 2020).

Mr. Antosca's chosen counsel have the skill, knowledge, expertise, and experience that will enable them to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving his selection of Thornton as Lead Counsel and Goldman Scarlato as Liaison Counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Mr. Antosca respectfully requests that the Court issue an Order (1) consolidating the *Plagens* and *Baron* actions; (2) appointing Mr. Antosca as Lead Plaintiff for the Class; (3) approving Thornton Law Firm as Lead Counsel for the Class and Goldman Scarlato

5

& Penny, P.C. as Liaison Counsel for the Class; and (4) deny the competing motions of Messrs.

Baron, Phelps, and Palmer (ECF Nos. 5, 7, & 8).

Dated: February 22, 2021

Respectfully submitted,

 /s/ *Alan Rosca*
Alan Rosca (OH 0084100)
GOLDMAN SCARLATO & PENNY, P.C.
23250 Chagrin Boulevard, Suite 100
Beachwood, Ohio 44122
Tel.: (216) 570-0097
Fax: (484) 580-8717
Email: rosca@lawgsp.com

Paul Scarlato (*pro hac vice*)
Mark Goldman (*pro hac vice*)
161 Washington Street, Suite 1025
Conshohocken, PA 19428
Tel: (484) 342-0700
Fax: (484) 580-8717
Email: scarlato@lawgsp.com
Email: goldman@lawgsp.com

*Liaison Counsel for Paul Antosca and Proposed*
*Liaison Counsel for the Class*

THORNTON LAW FIRM LLP
Guillaume Buell (*pro hac vice*)
David Bricker (*pro hac vice*)
1 Lincoln Street
Boston, MA 02111
Telephone: (617) 531-3933
Facsimile: (617) 720-2445
Email: gbuell@tenlaw.com
Email: dbricker@tenlaw.com

*Counsel for Paul Antosca and Proposed Lead*
*Counsel for the Class*

6

**CERTIFICATE OF SERVICE**

I hereby certify that on February 22, 2021, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

/s/ *Alan Rosca*
Alan Rosca