# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| WILLIAM PLAGENS, Individually and on behalf of all others similarly situated, | Case No.: 1:20-CV-02744-JPC |
| Plaintiff, | Judge J. Philip Calabrese |
| v. | **CLASS ACTION** |
| JENNIFFER D. DECKARD, MARK E. BARRUS, MICHAEL F. BIEHL, ANDREW D. EICH, RICHARD A. NAVARRE, | **Oral Argument Requested** |
| Defendants. | |
| SERGIO BARON, Individually and On Behalf of All Others Similarly Situated, | Case No.: 1:21-CV-00238-JPC |
| Plaintiff, | **CLASS ACTION** |
| v. | |
| JENNIFFER D. DECKARD, MARK E. BARRUS, MICHAEL F. BIEHL, ANDREW D. EICH, and RICHARD A. NAVARRE, | |
| Defendants. | |

## REPLY MEMORANDUM OF LAW OF MOVANT THOMAS PHELPS IN FURTHER SUPPORT OF HIS LEAD PLAINTIFF MOTION

1

Lead Plaintiff Movant Thomas Phelps ("Movant" or "Dr. Phelps") respectfully submits this reply in further support of his lead plaintiff motion. Dkt. No. 8.

## ARGUMENT

Dr. Phelps is the presumptive lead plaintiff under the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and his motion should be granted. Dr. Phelps has the largest financial interest. Under two of the "most objective" *Lax* factors, Dr. Phelps holds the largest financial interest. Under the other two, including only *one* of the three "most objective" *Lax* factors, Mr. Antosca holds the largest financial interest. Mr. Baron attempts to use a different method of calculation wherein he calculates himself in second place under the fourth *Lax* factor, the factor most susceptible to manipulation.

Dr. Phelps has made the preliminary showing of adequacy and typicality required by the PSLRA by submitting a sworn certification under the PSLRA. Dkt. No. 8-4; *See generally* Dkt. No. 8-1. Further, as explained in his opening and opposition papers, Dr. Phelps is a medical doctor at the Cleveland Clinic. Dkt. Nos. 8-1 at 9 and 15 at 3.

Because competing movants have failed to rebut the presumption in favor of Dr. Phelps with the requisite "proof" that Dr. Phelps is inadequate or atypical, Dr. Phelps' motion should be granted and competing motions should be denied. 15 U.S.C. §78u-4(a)(3)(B)(iii)(II); *see also In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir.2002) ("If the plaintiff with the largest financial stake in the controversy provides information that satisfies these requirements, he becomes the presumptively most adequate plaintiff.").

Mr. Antosca advances two arguments in opposition—both of which do not match the filings of this case. First, Mr. Antosca asserts that Dr. Phelps merely provided a "dearth information about [him] making it difficult to assess [his] adequacy." Dkt. No. 16 at 6. This

argument is without merit. Courts generally do not require the submission of personal background information to be appointed lead plaintiff. That said, Dr. Phelps has provided ample relevant information (Dkt. Nos. 8-1 at 9 and 15 at 3) *and* movant Christopher Palmer even stated "Movant Phelps, as a doctor of the Cleveland Clinic, appears ready and adequate to protect the interests of the proposed Class of investors[,]" citing Dr. Phelps' opening brief. Dkt. No. 14 at 1. Certainly, there is enough information in the record for Mr. Antosca to vet Dr. Phelps.

Second, Mr. Antosca asserts that he has the largest financial interest (Dkt. No. 16 at 4-5), but that is only true under two of the four *Lax* factors (including only one of the "most objective" *Lax* factors). Dkt. No. 15 at 2-6.

Mr. Antosca also vaguely claims that "his counsel's analysis of Opposing Movants' filings suggests in certain instances they may have incorrectly calculated their financial interest based on the Lax factors. … he will not expound on those issues and inconsistencies at this time, but will of course do so if the Court requests." Dkt. No. 16. The opportunity for Mr. Antosca to present these supposed incorrect calculations was in his opposition. To the extent Mr. Antosca raises such arguments in reply for the first time, the Court should not credit this tactic and disregard any such arguments. *See Sanborn v. Parker*, 629 F.3d 554, 579 (6th Cir. 2010) ("We have consistently held [] that arguments made to us for the first time in a reply brief are waived.") (citing *Am. Trim, L.L.C. v. Oracle Corp.,* 383 F.3d 462, 477 (6th Cir.2004)); *Bounty Minerals, LLC v. Chesapeake Expl., LLC*, 2019 WL 928135, at \*4 (N.D. Ohio Feb. 26, 2019) ("It is well established that a reply brief is not the proper vehicle to raise new arguments.")

Additionally, Mr. Baron advances arguments that lack merit. *See* Dkt. No. 17; *Baron Action* Dkt. No. 10. Mr. Baron's accounting is incorrect as he missed that Dr. Phelps held *over 700,000* shares at the end of the Class Period (more than Mr. Baron ever purchased) and is

clearly *not* a "net seller". *Compare* Dkt. Nos. 8-5, 15 at 2, and 16 at 5, *with Baron* Action Dkt. No. 10 at 6. This is in addition to Mr. Baron's assertion that the Court should consider his indecipherable and unreplicable "modified" loss calculation. *Baron* Action Dkt. No. 10 at 4-6.

## A.      DR. PHELPS HAS THE LARGEST FINANCIAL INTEREST

Under the first two *Lax* factors, "(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period[,]" Dr. Phelps has the largest financial interest. *City of Hollywood Firefighters' Pension Fund v. TransDigm Grp., Inc.,* 2017 WL 6028213, at *2 (N.D. Ohio Dec. 5, 2017); Dkt. Nos. 15 at 2 and 16 at 5. Importantly, these two factors are two of the three "most objective" factors which are even more important when competing movants advance competing calculations. *Pio v. Gen. Motors Co.*, 2014 WL 5421230, at *4 (E.D. Mich. Oct. 24, 2014).

As to the other two factors, "(3) the total net funds expended during the class period; and (4) the approximate loss suffered during the class period[,]" they are not outcome determinative in this case. *TransDigm Grp., Inc*., 2017 WL 6028213, at *2. "[T]he total net funds expended during the class period[,]" the other "most objective" criteria, is not helpful given the numerous partial disclosures during the class period. Importantly, this is *not* a case in which there is one alleged disclosure. Here, there is over a year of partial disclosures—starting on March 22, 2019 and finally ending on June 29, 2020 (with later pieces of information noted in the complaint on June 30, 2020, August 10, 2020, and November 19, 2020). Dkt. No. 1 at 8-10.

As to approximate loss, the calculation is further complicated by the numerous partial disclosures during the class period, and the competing movants' filings to date presenting differing views on the loss calculations. Additionally, as noted in Dr. Phelps' opposition, the

Merger, also complicates the loss calculations. *See* Dkt. No. 15 at 5; *see also Pio*, 2014 WL 5421230, at \*6; *In re McKesson,* 97 F.Supp.2d 993, 996 (N.D. Cal. 1999).

Here, the "[t]he narrow window Congress provided district courts to resolve competing motions for lead plaintiff appointment is not the time for conducting a precise calculation of each movant's actual damages, which in a securities fraud case generally 'is a highly technical task that usually involves a battle of experts.'" *Pio* 2014 WL 5421230, at \*7.

With the differing calculations of varying merit produced by the competing movants, the Court should focus on the three "most objective factors". Dr. Phelps holds the largest interest in two of these "most objective factors". *Pio*, 2014 WL 5421230, at \*4. Importantly, "[i]t is worth emphasizing at this juncture that the fourth *Lax* factor is intended to be only an *approximation* of the losses suffered during the class period by the prospective lead plaintiffs." *Id*., at \*6.

Lastly, Mr. Baron's contention that Dr. Phelps is a "net seller" is without merit. Mr. Baron clearly miscalculates Dr. Phelps' holdings by missing that he *held over 700,000* shares at the end of the Class Period and *then* sold shortly thereafter. *Compare Baron* Action Dkt. No. 10 at 6 *with* Dkt. Nos. 8-5, 15 at 2, and 16 at 5. Thus, by definition, Dr. Phelps was not a "net seller". *See* Dkt. Nos. 15 at 2 and 16 at 5.

**B.      DR. PHELPS IS TYPICAL AND ADEQUATE; NO COMPETING MOVANT HAS REBUTTED THE PRESUMPTION IN FAVOR OF DR. PHELPS**

No movant has offered "proof" that Dr. Phelps is inadequate or subject to unique defenses, as there is none. *See In re Cardinal Health, Inc. Sec. Litig.*, 226 F.R.D. 298, 302 (S.D. Ohio 2005).

Mr. Antosca's assertion that "there is a significant dearth of information about [Dr. Phelps] in the record making it difficult to assess [his] adequacy" is of no issue. Dkt. No. 16 at 6.

First, courts do not require a lead plaintiff movant to submit personal background information about themselves to be appointed lead plaintiff. *Kaslingam v. Tilray*, 2020 WL 4530357, at * 3 (S.D.N.Y. Aug. 6, 2020) (rejecting argument that background information is required to make a preliminary showing of adequacy and typicality); *Varghese v. China Shenghuo Pharmaceutical Holdings, Inc.*, 589 F.Supp.2d 388, 392 (S.D.N.Y. 2008); *see also Cavanaugh*, 306 F.3d at 732 ("a straightforward application of the statutory scheme ... provides no occasion for comparing plaintiffs with each other on any basis other than their financial stake in the case. Once that comparison is made ... further inquiry must focus on that plaintiff alone and be limited to determining whether [s]he satisfies the other statutory requirements.").

Second, Dr. Phelps did provide background information about his occupation and place of work, the Cleveland Clinic. Dkt. Nos. 8-1 at 9 and 15 at 3. A simple internet search reveals exactly who Dr. Phelps is.[1] Lastly, Mr. Antosca does not claim he was unable to vet Dr. Phelps based on the publicly available information.

Mr. Antosca also incorrectly asserts that Dr. Phelps filed a deficient certification. Dkt. No. 16 at 8. This is simply not true and at best misleading. His certification reads "Thomas Phelps ('Plaintiff') authorizes The Rosen Law Firm, P.A. … *to seek other relief against Covia Holdings Corporation f/k/a Fairmount Santrol Holdings Inc. ('Covia') and its current and/or former officers*." Dkt. No. 8-4 at 2. Then, the certification states that "Plaintiff has reviewed a complaint against Covia and retained The Rosen Law Firm, P.A. and authorizes it to file a Lead Plaintiff motion on his behalf[,]" clearly showing that Dr. Phelps understands who the

---

[1]https://www.google.com/search?q=dr+thomas+phelps+cleveland+clinic&rlz=1C1CHBF_enUS877US877&oq=dr+thomas+phel&aqs=chrome.0.69i59j69i57j0j46i20i175i199i263j0j46j0i22i30j69i61.3380j0j7&sourceid=chrome&ie=UTF-8.

defendants are. Importantly, Covia itself is an important entity to these related actions and claims may be made against Covia itself at a later stage—in bankruptcy court or post-bankruptcy.

In sum, competing movants have failed to rebut the lead plaintiff presumption in favor of Dr. Phelps with the requisite proof that Dr. Phelps is inadequate or atypical. 15 U.S.C § 78u-4(a)(3)(B)(iii)(II); *see also Foley v. Transocean, Ltd.,* 272 F.R.D. 126, 131-33 (S.D.N.Y. 2011) (rejecting challenge founded on speculation as the lead plaintiff presumption "may only be rebutted upon 'proof'" of inadequacy or atypicality). Therefore, Dr. Phelps' motion should be granted in its entirety and the competing motions should be denied.

## CONCLUSION

For the foregoing reasons, Dr. Phelps' motion should be granted in its entirety and the competing motions should be denied.

Dated: March 1, 2021

Respectfully submitted,

**KARON LLC**
By: */s/ Daniel R. Karon*
Daniel R. Karon (0069304)
Beau D. Hollowell (0080704)
700 W. St. Clair Ave., Ste. 200
Cleveland, Ohio 44113
Telephone: (216) 622-1851
Fax: (216) 241-8175
Email:  dkaron@karonllc.com
        bhollowell@karonllc.com

*[Proposed] Liaison Counsel for Lead Plaintiff and Class*

**THE ROSEN LAW FIRM, P.A.**

Phillip Kim, Esq. (admitted *pro hac vice*)
Laurence M. Rosen, Esq. (admitted *pro hac vice*)
275 Madison Avenue, 40th Floor

7

New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiff
and Class*

8

## CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2021, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/ Daniel R. Karon