**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| WILLIAM PLAGENS, *et al.*, | ) | Case No. 1:20-cv-2744 |
| | ) | |
| Plaintiffs, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge Thomas M. Parker |
| | ) | |
| JENNIFFER D. DECKARD, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER**

The Court **GRANTS** the parties' stipulated motion for a protective order (ECF No. 59) and adopts the proposed protective order.

Notwithstanding any provision included in the protective order, parties and non-parties alike shall comply with the procedures to resolve disputes set forth in the Court's Civil Standing Order, which is available on the Court's webpage.

**SO ORDERED**.

Dated:  June 7, 2023

_____
J. Philip Calabrese
United States District Judge
Northern District of Ohio

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

|  |  |
|---|---|
| WILLIAM PLAGENS, Individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>  v.<br><br>JENNIFFER D. DECKARD,<br><br>        Defendant. | Case No.: 1:20-cv-2744-JPC<br><br>CLASS ACTION |

**STIPULATED PROTECTIVE ORDER**

1.    **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to, and petition the court to enter, the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 7.3 below, that this Stipulated Protective Order does not entitle them to file confidential information under seal.

2.    **"CONFIDENTIAL" MATERIAL**

"Confidential" material shall include the following documents and tangible things: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential, including personal financial information such as trading records; (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; (g) personnel or employment records or portions thereof that reveal private information; or (h) such other sensitive commercial information that is not publicly available. Information or documents that are available to the public may not be designated as Confidential.

3.    **SCOPE**

The protections conferred by this agreement cover not only confidential material (as defined above), but also: (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

**4.      DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of: (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.      DESIGNATING PROTECTED MATERIAL**

5.1      <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2      <u>Manner and Timing of Designations</u>. A party may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the designation.  Except as otherwise provided in this agreement or as otherwise stipulated or ordered, confidential material must be clearly so designated  before  or  when  the  material  is  disclosed  or  produced.    The  designation

3

"CONFIDENTIAL" does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

5.3     Information in documentary form (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings): the designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).  When electronically stored information is produced which cannot itself be marked with the designation CONFIDENTIAL, the physical media on which such electronically stored information is produced shall be marked with the applicable designation.  The party receiving such electronically stored information shall then be responsible for labeling any copies that it creates thereof, whether electronic or paper, with the applicable designation.

5.4     Testimony given in deposition or in other pretrial proceedings: the parties and any participating non-parties may identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential by notifying the court reporter and counsel for all parties. Until that designation is made, the entire transcript shall be treated as confidential.  After 15 days, only those portions designated as confidential shall be so treated under this Order.  If a party or non-party desires to protect confidential material at trial, the issue should be addressed during the pre-trial conference.

5.5     Other tangible items: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

4

5.6     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

**6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1     Timing of Challenges. Any party or non-party may challenge the designation of material as confidential at any time. The challenging party must identify the challenged material(s) by Bates number. Unless a prompt challenge to a designating party's designation of material as confidential is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a designation of material as confidential by electing not to mount a challenge promptly after the original designation is disclosed. Until the challenge is resolved by the parties or the Court, the challenged material shall continue be treated as confidential.

6.2     Meet and Confer. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action, and that they have identified the material(s) at issue by Bates number. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.  If agreement is reached confirming or waiving the confidential designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement.

6.3     Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and

5

confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. The Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. All parties shall continue to afford the material in question the level of protection to which it is entitled under the producing party's designation until the court rules on the challenge.

**7.      ACTION BY THE COURT**

Applications to the Court for an order relating to the disclosure or sealing of any documents designated confidential shall be by motion under Local Rule 7.1 and any other procedures set forth in the presiding judge's standing orders or other relevant orders. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced in discovery or used at trial.

**8.      ACCESS TO AND USE OF PROTECTED MATERIAL**

8.1      <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 12 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in

6

a secure manner that ensures that access is limited to the persons authorized under this Order.

      8.2     <u>Disclosure of Confidential Material</u>. Unless otherwise ordered by the Court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

a)     the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

b)     the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation;

c)     experts, investigators and consultants employed by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding, to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

d)     the Court, court personnel, and court reporters and their staff;

e)     copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

f)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court.

g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

8.3     Filing Confidential Material. In the event any party wishes to use Confidential Information in any affidavits, briefs, memoranda, exhibits, motions, or other papers filed in Court in this action, such party shall take appropriate steps to safeguard Confidential Information, including ensuring compliance with all applicable Local Rules and district court rules. Where the papers to be filed contain Confidential Information not pertinent to the issue before the court, the Parties should redact such Confidential Information.

If any person wishes to submit any un-redacted Confidential Information to the Court, the person shall, unless directed by the Court to do otherwise, comply with any applicable Local Rules. If a party's request to maintain a submission containing Confidential Information under seal is denied as to one or more submissions, and the person does not seek reconsideration under the applicable Local Rules or otherwise appeal the denial, then those submissions may be placed in the public record.

To the extent that a brief, memorandum or pleading references any document marked "CONFIDENTIAL", then the brief, memorandum or pleading shall refer the Court to the particular exhibit filed under seal without disclosing the contents of any confidential information. If, however, the confidential information must be intertwined within the text of the document, a party may timely move the Court for leave to file both a redacted version for the public docket and an unredacted version for sealing.

Absent a court-granted exception based upon extraordinary circumstances, any and all filings made under seal shall be submitted electronically and shall be linked to this Stipulated Protective Order or other relevant authorizing order. If both redacted and unredacted versions are being submitted for filing, each version shall be clearly named so there is no confusion as to why there are two entries on the docket for the same filing.

8

If the Court has granted an exception to electronic filing, a sealed filing shall be placed in a sealed envelope marked "CONFIDENTIAL." The sealed envelope shall display the case name and number, a designation as to what the document is, the name of the party on whose behalf it is submitted, and the name of the attorney who has filed the sealed document. A copy of this Stipulated Protective Order, or other relevant authorizing order, shall be included in the sealed envelope.

9. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

    a.    promptly notify the designating party in writing and include a copy of the subpoena or court order;

    b.    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

    c.    cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

If the designating party timely seeks a protective order, the party served with the subpoena or order shall not produce any information designated in this matter as "CONFIDENTIAL" before a determination by the court or other tribunal where the subpoena or order issued, unless the party has obtained the designating party's permission. The designating party shall bear the burden and expense of seeking protection of its confidential material in that court.

10. **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

    (a)    The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY". Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.  make the information requested available for inspection by the Non-Party.

(c)  If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.[1] Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## 11.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the unauthorized disclosures: (b) use its best efforts to retrieve all unauthorized copies of the Protected

---

[1] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this Court.

Material: (c) inform the Person or persons to whom unauthorized disclosures were made of all the terms of this Order: and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as **Exhibit A**.

**12.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a producing party gives notice to a receiving party in writing that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving party are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). If the receiving party disputes the privilege claim in writing, it must notify the producing party within fourteen (14) days of receipt of the producing party's notification. The Parties shall thereafter meet and confer regarding the disputed privilege claim. If the Parties cannot resolve their dispute, either Party may seek a determination from the Court whether the privilege applies. Other than in connection with seeking a determination by the Court, the receiving party may not use inadvertently produced privileged information for any purpose until the dispute is resolved.

**13.   FINAL DISPOSITION**

13.1   Return of Confidential Documents. Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material. The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

13.2   Return of Documents Filed Under Seal. After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the parties or, after notice,

destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

**14.    ORDER SUBJECT TO MODIFICATION.**

This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter. Motions to modify this Order shall be served and filed under Local Rule 7.1 and the presiding judge's standing orders or other relevant orders.

**IT IS SO STIPULATED.**

Dated: May 5, 2023

**KIRKLAND & ELLIS LLP**

By: */s/ Gabor Balassa*
Daniel T. Donovan, P.C. (0067833)
Matthew S. Owen, P.C. (admitted *pro hac vice*)
Meredith Pohl (admitted *pro hac vice*)
1301 Pennsylvania Avenue, NW
Washington, DC 20004
(202) 389-5000
(202) 389-5200
ddonovan@kirkland.com
matt.owen@kirkland.com

Gabor Balassa, P.C. (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
300 North Lasalle Street
Chicago, IL 60654
Telephone: (202) 862-2000
Facsimile: (202) 862-2200
gbalassa@kirkland.com

*Counsel for Defendant*

Dated: May 5, 2023

**THE ROSEN LAW FIRM, P.A.**

By: */s/ Joshua Baker*
Phillip Kim
Laurence M. Rosen
Joshua Baker
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060

12

Fax: (212) 202-3827
Email:  pkim@rosenlegal.com
        lrosen@rosenlegal.com
        jbaker@rosenlegal.com

*Lead Counsel for Plaintiffs and Class*

**GLANCY PRONGAY & MURRAY LLP**
Robert  V.  Prongay
Charles H.  Linehan
Ex Kano S. Sams II
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: rprongay@glancylaw.com
        clinehan@glancylaw.com
        esams@glancylaw.com

*Additional Counsel for Plaintiffs*

**KARON LLC**
Daniel R. Karon
700 W. St. Clair Ave., Ste. 200
Cleveland, Ohio 44113
Telephone: (216) 622-1851
Email: dkaron@karonllc.com
bhollowell@karonllc.com

*Liaison Counsel for Plaintiffs and the Class*


**SO ORDERED**.

Dated:  June 7, 2023

_____

J. Philip Calabrese
United States District Judge
Northern District of Ohio

13