**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| WILLIAM PLAGENS, Individually and on behalf of all others similarly situated,<br><br>　　Plaintiff,<br>　　v.<br><br>JENNIFFER D. DECKARD,<br><br>　　Defendant. | Case No: 1:20-cv-2744-JPC<br><br>**DEFENDANT'S ANSWER TO PLAINTIFFS' [CORRECTED] CONSOLIDATED AMENDED COMPLAINT**<br><br><u>CLASS ACTION</u><br><br>JURY TRIAL DEMANDED |

Defendant Jenniffer D. Deckard (hereinafter "Deckard") hereby answers the allegations to Plaintiffs' Class Action Complaint ("the Complaint") filed by Lead Plaintiff Thomas Phelps and named Plaintiffs Sergio Baron and Neville Arjani (collectively "Plaintiffs") as follows:

**NATURE OF THE ACTION**

1.　Deckard admits that Plaintiffs have brought this action as a purported federal securities class action. The remaining allegations state legal conclusions to which no response is required.

2.　Deckard admits that: the Company sold sand and sand-based products to oil and gas companies for use as proppants in hydraulic fracturing operations; proppants are designed to prop open hydraulic fractures; the use of proppants promotes the flow of hydrocarbons through wells; crude oil and natural gas consist of hydrocarbons; conductivity is a relative measure of potential down-hole proppant performance built on a lab simulation. Deckard denies the remaining allegations in this paragraph.

3.     Deckard admits the Company developed and produced proppants, including resin-coated sand, which the Company then sold proppants to energy companies. Deckard further admits the Company developed and commercialized various proppants. Deckard denies the remaining allegations in this paragraph.

4.     Deckard admits PowerProp and Propel SSP were among the Company's proppant products. The allegations regarding Propel SSP 350 require no answer in light of the Court's Opinion and Order at Dkt. No. 54. Deckard otherwise denies the remaining allegations in this paragraph.

5.     Denied.

6.     Denied.

7.     Deckard admits the SEC sent a subpoena to Covia in March 2019. Deckard further admits Deckard resigned as President and CEO of Covia in May 2019. Deckard denies the remaining allegations in this paragraph.

8.     Deckard admits the SEC issued an Order Instituting Cease-and-Desist Proceedings ("SEC Order'") in December 2020; the contents of the "SEC Order" speak for themselves. Deckard denies the remaining allegations in this paragraph.

9.     The contents of the SEC Order speak for themselves. Deckard denies the remaining allegations in this paragraph.

10.     The contents of the SEC Order speak for themselves. Deckard denies the remaining allegations in this paragraph.

11.     Denied.

12.     Denied.

13.     Deckard admits Covia filed for reorganization pursuant to Chapter 11 of the Bankruptcy Code in June 2020, at which time Covia's stock was delisted by the New York Stock Exchange (NYSE). Deckard further admits Covia traded over the counter after Covia filed for bankruptcy. Deckard denies the remaining allegations in this paragraph.

## JURISDICTION AND VENUE

14.     The allegations contained in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Deckard denies the allegations.

15.     The allegations contained in this paragraph state legal conclusions to which no response is required.

16.     The allegations contained in this paragraph state legal conclusions to which no response is required.

17.     The allegations contained in this paragraph state legal conclusions to which no response is required.

18.     The allegations contained in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Deckard denies the allegations.

## PARTIES

19.     Deckard is without sufficient knowledge or information to admit or deny the allegations contained in this paragraph and therefore denies them.

20.     Deckard is without sufficient knowledge or information to admit or deny the allegations contained in this paragraph and therefore denies them.

21.     Deckard is without sufficient knowledge or information to admit or deny the allegations contained in this paragraph and therefore denies them.

22.     Deckard admits that she served as the CEO of Fairmount from 2013 to June 2018. Deckard further admits Deckard served as the President and CEO of Covia after Fairmount merged

3

with Unimin, from June 2018 until May 6, 2019. Deckard further admits she was also a director of the Company. Deckard denies the remaining allegation in this paragraph.

23.     This paragraph requires no answer in light of the Court's Opinion and Order at Dkt. No. 54. Accordingly, Deckard provides none.

24.     This paragraph requires no answer in light of the Court's Opinion and Order at Dkt. No. 54. Accordingly, Deckard provides none.

25.     This paragraph requires no answer in light of the Court's Opinion and Order at Dkt. No. 54. Accordingly, Deckard provides none.

26.     This paragraph requires no answer in light of the Court's Opinion and Order at Dkt. No. 54. Accordingly, Deckard provides none.

27.     To the extent this paragraph references defendants previously dismissed from this litigation pursuant to the Court's Opinion and Order at Dkt. No. 54, it requires no answer and accordingly, Deckard provides none. Deckard denies on the grounds that the paragraph calls for a legal conclusion. Deckard admits, as to herself, that she directly participated in the management of the Company; was directly involved in the Company's day-to-day operation; and was aware of confidential proprietary information concerning the Company and its business. Deckard otherwise denies the allegations contained in this paragraph.

## RELEVANT NON-PARTY

28.     Deckard admits: Fairmount used to be a provider of sand-based proppant solutions used by exploration and production or service companies in hydraulic fracturing operations, headquartered in Chesterland, Ohio, and incorporated in Delaware; Fairmount's stock began trading on the NYSE in October 2014 under the ticker symbol "FMSA"; and Fairmount merged with Unimin. Deckard otherwise denies the remaining allegations in this paragraph.

4

29.     Deckard admits Fairmount merged into a wholly owned subsidiary of Unimin on June 1, 2018. Deckard further admits that Fairmount remained a wholly owned subsidiary of Unimin, which was immediately renamed to "Covia Holdings Corporation" upon the merger. Deckard otherwise denies the remaining allegations in this paragraph.

30.     Deckard admits Covia's shares traded publicly on the NYSE under the symbol "CVIA" between June 2018 and June 2020. Deckard also admits Covia is incorporated in Delaware and has its headquarters in Independence, Ohio. Deckard further admits that some officers and directors of Fairmount served as officers or directors of Covia. Deckard denies the remaining allegations in this paragraph.

31.     Deckard admits Covia and certain of its subsidiaries filed for Chapter 11 reorganization on June 29, 2020, in the United States Bankruptcy Court in the Southern District of Texas in action captioned "*In re Covia Finance Company, LLC, et al.*" and assigned the Case Number "20-33295." Deckard further admits Covia is in the business of providing minerals and material solutions for the industrial and energy markets.

32.     Deckard admits Covia's shares last traded on the NYSE on June 29, 2020, and that the NYSE subsequently delisted Covia's stock. Defendant further admits Covia's shares were traded over-the-counter starting on July 1, 2020, under the ticker symbol "CVIAQ." Deckard denies the remaining allegations in this paragraph.

**CONFIDENTIAL WITNESSES**

33.     Deckard is without sufficient knowledge or information to admit or deny the allegations contained in this paragraph and therefore denies them.

34.     Deckard is without sufficient knowledge or information to admit or deny the allegations contained in this paragraph and therefore denies them.

5

35.     Deckard is without sufficient knowledge or information to admit or deny the allegations contained in this paragraph and therefore denies them.

36.     Deckard is without sufficient knowledge or information to admit or deny the allegations contained in this paragraph and therefore denies them.

37.     Deckard is without sufficient knowledge or information to admit or deny the allegations contained in this paragraph and therefore denies them.

38.     Deckard is without sufficient knowledge or information to admit or deny the allegations contained in this paragraph and therefore denies them.

## ALLEGATIONS OF SECURITIES FRAUD

### Company Background

39.     Deckard admits hydraulic fracturing is a technique for extracting natural gas and crude oil from shale and other rock formations. Deckard further admits hydraulic fracturing involves pumping fluids that contain water, proppants, and other chemicals into rock formations to fracture the rock and facilitate the flow of oil and gas to the surface.

40.     Deckard admits hydraulic fracturing involves pumping fluids that contain water and proppants into a wellbore at pressures sufficient to create fractures in the rock formation and proppants are used in hydraulic fracturing to keep the fractures open. Deckard denies the remaining allegations in this paragraph.

41.     Deckard admits hydraulic fracturing has been accepted in the United States, but lacks sufficient information to admit or deny the vague phrase, "[i]n the early 2010s." Deckard further admits hydraulic fracturing created a demand for "fracking-adjacent materials" including proppants like sand. Deckard denies the remaining allegations in this paragraph.

42.     Deckard admits proppants are used in hydraulic fracturing to keep the fractures open; conductivity is a measure of proppant performance; conductivity is a relative measure of

6

potential down-hole proppant performance built on a lab simulation. Deckard otherwise denies the remaining allegations in this paragraph.

43. Deckard admits more than one company has provided proppants to exploration and production companies for use in hydraulic fracturing operations, and that the Company sold Northern White Sand, a well-known proppant mined primarily in the northern half of the United States. Deckard further admits that Northern White frac sand offered crush strength and sphericity superior to other proppants. Deckard otherwise denies the remaining allegations in this paragraph.

44. Deckard admits the Company marketed value-added proppants, which included resin-coated proppants. The phrase "the Company's claims" is vague. Deckard is without sufficient knowledge or information to admit or deny the remaining allegations contained in this paragraph and therefore denies them.

45. Deckard admits the Company developed and commercialized "value-added proppant" products. Deckard otherwise denies the remaining allegations in this paragraph.

**The Company's "Value-Added" Proppants Were Material to Investors**

46. Deckard admits the Company's value-added proppants included PowerProp and Propel SSP. The allegations regarding Propel SSP 350 require no answer in light of the Court's Opinion and Order at Dkt. No. 54. Accordingly, Deckard provides none. To the extent any answer regarding Propel SSP 350 is required, Deckard denies the allegations. Deckard otherwise denies the remaining allegations in this paragraph.

47. Deckard admits PowerProp was a resin-coated sand proppant that was first introduced in 2010. The contents of Fairmount's 2014 annual report speak for themselves. Deckard otherwise denies the remaining allegations in this paragraph.

48. The contents of Fairmount's 2014 annual report speak for themselves. Deckard otherwise denies the remaining allegations in this paragraph.

49. The contents of the SEC's Order speak for themselves. Deckard otherwise denies the remaining allegations in this paragraph.

50. This paragraph requires no answer in light of the Court's Opinion and Order at Dkt. No. 54. Accordingly, Deckard provides none. To the extent any answer regarding Propel SSP 350 is required, Deckard denies the allegations.

51. This paragraph requires no answer in light of the Court's Opinion and Order at Dkt. No. 54. Accordingly, Deckard provides none. To the extent any answer regarding Propel SSP 350 is required, Deckard denies the allegations.

52. The contents of the SEC's Order speak for themselves. Deckard otherwise denies the remaining allegations in this paragraph.

53. The contents of the SEC's Order speak for themselves. Deckard otherwise denies the remaining allegations in this paragraph.

54. Deckard lacks sufficient information to either admit or deny the allegations contained in this paragraph because "research analysts from various investment banks discussed" is vague. To the extent Plaintiffs attempt to reference the contents of any publications by research analysts, those publications speak for themselves. Deckard otherwise denies the remaining allegations in this paragraph.

55. Deckard lacks sufficient information to either admit or deny the allegations contained in this paragraph because "Wells Fargo analyst reported" is vague. To the extent Plaintiffs attempt to reference the contents of any publications by research analysts, those publications speak for themselves. Deckard otherwise denies the remaining allegations in this paragraph.

8

56.     Deckard lacks sufficient information to either admit or deny the allegations contained in this paragraph because "an analyst report from Jefferies" is vague. To the extent Plaintiffs attempt to reference the contents of any publications by research analysts, those publications speak for themselves. Deckard otherwise denies the remaining allegations in this paragraph.

57.     The contents of any publications by research analysts speak for themselves. Deckard denies the remaining allegations in this paragraph.

58.     Deckard lacks sufficient information to either admit or deny the allegations contained in this paragraph because "[s]everal analyst reports from Morningstar Equity Research dated between May 2017 and May 2019" is vague. To the extent Plaintiffs attempt to reference the contents of any publications by research analysts, those publications speak for themselves. Deckard otherwise denies the remaining allegations in this paragraph.

59.     The contents of any publications by research analysts speak for themselves.

60.     The contents of any publications by research analysts speak for themselves. Deckard otherwise denies the remaining allegations in this paragraph.

61.     The contents of any publications by research analysts speak for themselves. Deckard otherwise denies the remaining allegations in this paragraph.

**Defendants and the Company Made False and Misleading Statements
About Fairmount's Proppant Products Prior to the Class Period**

62.     Denied.

63.     The contents of the SEC's Order speak for themselves. Deckard otherwise denies the remaining allegations in this paragraph.

64.     Denied.

65.     The contents of the August 2014 presentation speak for themselves. Deckard otherwise denies the remaining allegations in this paragraph.

66.     Deckard admits Fairmount filed a Form S-1 with the SEC on August 22, 2014 that she signed. The contents of the August 22, 2014 Form S-1 speak for themselves. Deckard otherwise denies the remaining allegations in this paragraph.

67.     The contents of the SEC's Order speak for themselves. Deckard otherwise denies the remaining allegations in this paragraph.

68.     The contents of the SEC's Order speak for themselves. Deckard otherwise denies the remaining allegations in this paragraph.

69.     The contents of Fairmount's May 12, 2015, Form 8-K speak for themselves. Deckard otherwise denies the remaining allegations in this paragraph.

**Defendants Made False and Misleading Statements
of Material Fact During the Class Period**

70.     Deckard admits Fairmount held an earnings call on March 10, 2016. The contents of that call speak for themselves. Deckard otherwise denies the remaining allegations in this paragraph.

71.     Denied.

72.     Deckard admits Fairmount filed a Form 10-K with the SEC on March 15, 2016 that she signed. The allegations regarding former-defendant Barrus require no answer in light of the Court's Opinion and Order at Dkt. No. 54. Accordingly, Deckard provides none. Deckard otherwise denies the remaining allegations in this paragraph.

73.     The contents of the 2015 10-K speak for themselves. Deckard otherwise denies the remaining allegations in this paragraph.

74.     Denied.

10

75.      The contents of the 2015 10-K speak for themselves. Deckard otherwise denies the remaining allegations in this paragraph.

76.      Denied.

77.      Deckard admits she signed a Certification which was appended as an exhibit to Fairmount's 2015 10-K. The contents of the Certification speak for themselves. The allegations regarding former-defendant Barrus require no answer in light of the Court's Opinion and Order at Dkt. No. 54. Accordingly, Deckard provides none. Deckard otherwise denies the remaining allegations in this paragraph.

78.      Denied.

79.      Deckard admits Fairmount held an earnings call on May 10, 2016. Deckard otherwise denies the remaining allegations in this paragraph.

80.      Denied.

81.      Deckard admits Fairmount held an earnings call on May 10, 2016.  Deckard otherwise denies the allegations.

82.      Denied.

83.      Deckard admits Fairmount filed a Form 8-K with the SEC on May 18, 2016, containing an Exhibit 99.1. The contents of that exhibit speak for themselves. Deckard further admits that Fairmount used the presentation attached in that exhibit at Fairmount Santrol's 2016 Analyst and Investor Day on May 19, 2016. Deckard otherwise denies the remaining allegations in this paragraph.

84.      Denied.

85.      Deckard admits Fairmount held an earnings call on August 4, 2016. Deckard otherwise denies the remaining allegations in this paragraph.

86.    Denied.

87.    Deckard admits Fairmount filed a Form 8-K with the SEC on September 19, 2016, which included an Exhibit 99.1. The contents of that exhibit speak for themselves. Deckard otherwise denies the remaining allegations in this paragraph.

88.    Denied.

89.    Deckard admits Fairmount held an earnings call on November 3, 2016. Deckard otherwise denies the remaining allegations in this paragraph.

90.    Denied.

91.    This paragraph requires no answer in light of the Court's Opinion and Order at Dkt. No. 54. Accordingly, Deckard provides none. To the extent any answer regarding Propel SSP 350 is required, Deckard denies the allegations. Deckard otherwise denies the remaining allegations.

92.    The allegations regarding Propel SSP 350 require no answer in light of the Court's Opinion and Order at Dkt. No. 54. Accordingly, Deckard provides none. To the extent any answer regarding Propel SSP 350 is required, Deckard denies the allegations. Deckard otherwise denies the remaining allegations.

93.    Deckard admits Fairmount filed a Form 10-K with the SEC on March 9, 2017 signed by Deckard. The allegations regarding former-defendant Biehl require no answer in light of the Court's Opinion and Order at Dkt. No. 54. Accordingly, Deckard provides none. Deckard otherwise denies the remaining allegations in this paragraph.

94.    The contents of the 2016 10-K speak for themselves. Deckard otherwise denies the remaining allegations in this paragraph.

95.    Denied.

96.    The contents of the 2016 10-K speak for themselves. Deckard otherwise denies the remaining allegations in this paragraph.

97.    Denied.

98.    The contents of the 2016 10-K speak for themselves. Deckard otherwise denies the remaining allegations in this paragraph.

99.    The allegations regarding Propel SSP 350 require no answer in light of the Court's Opinion and Order at Dkt. No. 54. Accordingly, Deckard provides none. To the extent any answer regarding Propel SSP 350 is required, Deckard denies the allegations. Deckard otherwise denies the remaining allegations in this paragraph.

100.    Deckard admits she signed a Certification of Principal Executive Officer, which was appended as an exhibit to the 2016 10-K. The contents of the Certification speak for themselves. The allegations regarding former-defendant Biehl require no answer in light of the Court's Opinion and Order at Dkt. No. 54. Accordingly, Deckard provides none. Deckard otherwise denies the remaining allegations in this paragraph.

101.    Denied.

102.    The allegations regarding Propel SSP 350 require no answer in light of the Court's Opinion and Order at Dkt. No. 54. Accordingly, Deckard provides none. To the extent the Court concludes a response is required, Deckard otherwise denies the allegations in this paragraph.

103.    The allegations regarding Propel SSP 350 require no answer in light of the Court's Opinion and Order at Dkt. No. 54. Accordingly, Deckard provides none. To the extent the Court concludes a response is required, Deckard otherwise denies the allegations in this paragraph.

104.    Deckard admits that Fairmount held a conference call with analysts and investors on May 4, 2017.  Deckard otherwise denies the allegations in this paragraph.

105.    Denied.

106.    Deckard admits Fairmount filed a Form 10-K with the SEC on March 13, 2018. Deckard further admits that Deckard signed that Form 10-K. The allegations regarding former-defendant Biehl require no answer in light of the Court's Opinion and Order at Dkt. No. 54. Accordingly, Deckard provides none. Deckard denies the remaining allegations in this paragraph.

107.    The contents of the 2017 10-K speak for themselves. Deckard otherwise denies the remaining allegations in this paragraph.

108.    Denied.

109.    The contents of the 2017 10-K speak for themselves. Deckard otherwise denies the remaining allegations in this paragraph.

110.    Denied.

111.    This paragraph requires no answer in light of the Court's Opinion and Order at Dkt. No. 54. Accordingly, Deckard provides none.

112.    The allegations regarding Propel SSP 350 require no answer in light of the Court's Opinion and Order at Dkt. No. 54. Accordingly, Deckard provides none. To the extent the Court concludes a response is required, Deckard otherwise denies the allegations in this paragraph.

113.    Deckard admits she signed a Certification of Principal Executive Officer, included as an exhibit to the 2017 10-K. The contents of the Certification speak for themselves. The allegations regarding former-defendant Biehl require no answer in light of the Court's Opinion and Order at Dkt. No. 54.  Accordingly, Deckard provides none. Deckard otherwise denies the remaining allegations in this paragraph.

114.    Denied.

**The Company's Annual Reports During the Class Period**
**Also Contained Misleading Risk Disclosures**

115. Denied.

116. The contents of the 2015 10-K speak for themselves. Deckard otherwise denies the remaining allegations in this paragraph.

117. Denied.

118. The contents of the 2016 10-K speak for themselves. Deckard otherwise denies the remaining allegations in this paragraph.

119. Denied.

120. The contents of the 2017 10-K speak for themselves. Deckard otherwise denies the remaining allegations in this paragraph.

121. Denied.

122. Deckard admits Covia filed a Form 10-K with the SEC on March 22, 2019, which she signed. The allegations regarding former-defendants Eich and Navarre require no answer in light of the Court's Opinion and Order at Dkt. No. 54. Accordingly, Deckard provides none. Deckard otherwise denies the remaining allegations in this paragraph.

123. The contents of the 2018 10-K speak for themselves. Deckard otherwise denies the remaining allegations in this paragraph.

124. The allegations regarding Propel SSP 350 require no answer in light of the Court's Opinion and Order at Dkt. No. 54. Accordingly, Deckard provides none. To the extent the Court concludes a response is required, Deckard otherwise denies the allegations in this paragraph.

125. Deckard admits she signed a Certification of Principal Executive Officer, included as an exhibit to the 2018 10-K. The contents of the Certification speak for themselves. The allegations regarding former-defendant Eich require no answer in light of the Court's Opinion and

15

Order at Dkt. No. 54. Accordingly, Deckard provides none. Deckard otherwise denies the remaining allegations in this paragraph.

126.   Denied.

## THE SEC INVESTIGATES, DECKARD IS TERMINATED, AND THE COMPANY GOES BANKRUPT, TANKING COVIA'S STOCK PRICE

127.   The contents of the 2018 10-K speak for themselves. Deckard otherwise denies the remaining allegations in this paragraph.

128.   The contents of the 2018 10-K speak for themselves. Deckard otherwise denies the remaining allegations in this paragraph.

129.   Deckard admits Covia's share price closed at $6.50 on March 22, 2019, and closed at $6.05 on March 25, 2019. Deckard otherwise denies the remaining allegations in this paragraph.

130.   Deckard admits Covia filed a Form 8-K with the SEC on May 9, 2019. The contents of that Form 8-K speak for themselves. Deckard otherwise denies the remaining allegations in this paragraph.

131.   The contents of Fairmount's May 12, 2015, Form 8-K speak for themselves. Deckard otherwise denies the remaining allegations in this paragraph.

132.   Deckard admits she received a severance package in line with the Company's policies, including triple her base salary plus her target annual cash bonus; her prorated annual bonus; and a fee of $250,000 for consulting services performed through December 31, 2019. Deckard otherwise denies the remaining allegations in this paragraph.

133.   Denied.

134.   Deckard admits Covia's share price closed at $3.76 on May 9, 2019 and closed at $3.47 on May 10, 2019. Deckard otherwise denies the remaining allegations in this paragraph.

16

135.    Deckard admits Covia filed a Form 10-Q with the SEC on November 6, 2019. The contents of that 10-Q speak for themselves. Deckard otherwise denies the remaining allegations in this paragraph.

136.    The contents of the 3Q19 10-Q speak for themselves. Deckard otherwise denies the remaining allegations in this paragraph.

137.    Denied.

138.    Admitted.

139.    Denied.

140.    The allegations regarding Propel SSP 350 require no answer in light of the Court's Opinion and Order at Dkt. No. 54. Deckard otherwise denies the allegations.

141.    Deckard admits that, in April 2015, Fairmount extended the maturity of $46.0 million of Term B-1 Loans from March 15, 2017 to September 5, 2019. Deckard further admits that, in May 2015, Fairmount extended the maturity of $115.5 million of Term B-1 Loans from March 15, 2017 to September 5, 2019. Deckard further admits that, on April 28, 2016, Fairmount extended the maturity of $69.6 million of Term B-1 Loans from March 15, 2017 to July 15, 2018. Deckard otherwise denies the remaining allegations in this paragraph.

142.    Deckard admits that, on November 1, 2017, Fairmount refinanced substantially all its outstanding term debt with a $700 million term loan with a maturity date of November 2022. Deckard further admits that Fairmount replaced its existing Revolving Credit Facility with an asset-based revolving credit facility with a borrowing capacity of up to $125 million and a maturity date of November 2022. Deckard otherwise denies the remaining allegations in this paragraph.

143.    Deckard admits that Covia obtained a $1.65 billion loan and $200 million revolving credit facility to finance the merger of Fairmount into Unimin in 2018. Deckard otherwise denies the remaining allegations in this paragraph.

144.    Deckard lacks sufficient information to either admit or deny the allegations contained in this paragraph because "several analyst reports from Morningstar Equity Research between May 2017 and May 2019" is vague. To the extent Plaintiffs attempt to reference the contents of any publications by research analysts, those publications speak for themselves. Deckard otherwise denies the remaining allegations in this paragraph.

145.    Deckard lacks sufficient information to either admit or deny the allegations contained in this paragraph because "analysts" is vague. To the extent Plaintiffs attempt to reference the contents of any publications by research analysts, those publications speak for themselves. Deckard otherwise denies the remaining allegations in this paragraph.

146.    Deckard admits Covia declared bankruptcy on June 29, 2020 Deckard otherwise denies the remaining allegations in this paragraph.

147.    Deckard admits Covia filed for reorganization pursuant to Chapter 11 of the Bankruptcy Code on June 29, 2020. Deckard further admits Covia's shares last traded on the NYSE on June 29, 2020, and that the NYSE subsequently delisted Covia's stock. The NYSE's statements speak for themselves. Deckard otherwise denies the remaining allegations in this paragraph.

148.    Deckard admits Covia began trading over the counter on July 1, 2020. Deckard further admits Covia's share price on the NYSE closed at $0.48 on June 29, 2020. Deckard further admits Covia's share price closed over the counter at $0.04 on July 1, 2020. Deckard otherwise denies the remaining allegations in this paragraph.

149.    Deckard admits Covia filed a Form 10-Q with the SEC on August 10, 2020. The contents of that 10-Q speak for themselves. Deckard otherwise denies the remaining allegations in this paragraph.

**The SEC Finds the Company Misrepresented its "Value-Added" Proppant Products
Before and During the Class Period**

150.    Deckard admits the SEC issued an Order Instituting Cease-and-Desist Proceedings on December 8, 2020. Deckard otherwise denies the remaining allegations in this paragraph.

151.    The contents of the SEC's Order speak for themselves. Deckard otherwise denies the remaining allegations in this paragraph.

152.    The contents of the SEC's Order speak for themselves. Deckard otherwise denies the remaining allegations in this paragraph.

153.    The contents of the SEC's Order speak for themselves. Deckard otherwise denies the remaining allegations in this paragraph.

154.    The contents of the SEC's Order speak for themselves. Deckard otherwise denies the remaining allegations in this paragraph.

*Defendants' Statements About PowerProp were False and Misleading*

155.    The contents of the SEC's Order speak for themselves. Deckard otherwise denies the remaining allegations in this paragraph.

156.    The contents of the SEC's Order speak for themselves. Deckard otherwise denies the remaining allegations in this paragraph.

157.    The contents of the SEC's Order speak for themselves. Deckard otherwise denies the remaining allegations in this paragraph.

158.    The contents of the SEC's Order speak for themselves. Deckard otherwise denies the remaining allegations in this paragraph.

159. The contents of the SEC's Order speak for themselves. Deckard otherwise denies the remaining allegations in this paragraph.

160. The contents of the SEC's Order speak for themselves. Deckard otherwise denies the remaining allegations in this paragraph.

161. The contents of the SEC's Order speak for themselves. Deckard otherwise denies the remaining allegations in this paragraph.

162. Denied.

### Defendants' Statements About Propel SSP were False and Misleading

163. The contents of the SEC's Order speak for themselves. Deckard otherwise denies the remaining allegations in this paragraph.

164. The contents of the SEC's Order speak for themselves. Deckard otherwise denies the remaining allegations in this paragraph.

165. The contents of the SEC's Order speak for themselves. Deckard otherwise denies the remaining allegations in this paragraph.

166. The contents of the SEC's Order speak for themselves. Deckard otherwise denies the remaining allegations in this paragraph.

### Defendants' Statements About Propel SSP 350 were False and Misleading

167. This paragraph requires no answer in light of the Court's Opinion and Order at Dkt. No. 54. Accordingly, Deckard provides none. To the extent the Court concludes a response is required, Deckard otherwise denies the allegations in this paragraph.

168. The SEC's Order speaks for itself. This paragraph requires no answer in light of the Court's Opinion and Order at Dkt. No. 54. Accordingly, Deckard provides none. Deckard otherwise denies the remaining allegations in this paragraph.

169.    The SEC's Order speaks for itself. This paragraph requires no answer in light of the Court's Opinion and Order at Dkt. No. 54. Accordingly, Deckard provides none. Deckard otherwise denies the remaining allegations in this paragraph.

### Whistleblowers Alerted Company Executives to the Falsity of Defendants' Claims

170.    Deckard admits Bloomberg Businessweek published an article titled "Some Fracking Sand Was 'Revolutionary,' or Maybe It Was Just Sand" on November 19, 2020. The contents of that Bloomberg article speak for themselves. Deckard otherwise denies the remaining allegations in this paragraph.

171.    The contents of the November 19, 2020 Bloomberg article speak for themselves. Deckard otherwise denies the remaining allegations in this paragraph.

172.    The contents of the November 19, 2020 Bloomberg article speak for themselves. Deckard otherwise denies the remaining allegations in this paragraph.

173.    The contents of the November 19, 2020 Bloomberg article speak for themselves. Deckard otherwise denies the remaining allegations in this paragraph.

174.    The contents of the November 19, 2020 Bloomberg article speak for themselves. Deckard otherwise denies the remaining allegations in this paragraph.

175.    The contents of the November 19, 2020 Bloomberg article speak for themselves. Deckard otherwise denies the remaining allegations in this paragraph.

### Former Employees Corroborate the Whistleblowers and the SEC's Findings and Further Demonstrate Defendants' and the Company's Scienter

176.    Deckard is without sufficient knowledge or information to admit or deny the allegations contained in this paragraph and therefore denies them.

21

177. Deckard is without sufficient knowledge or information to admit or deny the allegations contained in this paragraph, and notes the allegations are vague with respect to "Haliburton" and "Slumber J," and therefore denies them.

178. Deckard is without sufficient knowledge or information to admit or deny the allegations contained in this paragraph and therefore denies them.

179. Deckard is without sufficient knowledge or information to admit or deny the allegations contained in this paragraph and therefore denies them.

180. Deckard is without sufficient knowledge or information to admit or deny the allegations contained in this paragraph and therefore denies them.

181. Deckard is without sufficient knowledge or information to admit or deny the allegations contained in this paragraph and therefore denies them.

182. Deckard is without sufficient knowledge or information to admit or deny the allegations contained in this paragraph and therefore denies them.

183. Deckard is without sufficient knowledge or information to admit or deny the allegations contained in this paragraph and therefore denies them.

184. Deckard is without sufficient knowledge or information to admit or deny the allegations contained in this paragraph and therefore denies them.

185. Deckard is without sufficient knowledge or information to admit or deny the allegations contained in this paragraph and therefore denies them.

186. Deckard is without sufficient knowledge or information to admit or deny the allegations contained in this paragraph, and notes the allegations are vague with respect to "Haliburton" and "Slumber J," and therefore denies them.

187.    Deckard is without sufficient knowledge or information to admit or deny the allegations contained in this paragraph and therefore denies them.

188.    Deckard is without sufficient knowledge or information to admit or deny the allegations contained in this paragraph and therefore denies them.

189.    Deckard is without sufficient knowledge or information to admit or deny the allegations contained in this paragraph and therefore denies them.

190.    Deckard is without sufficient knowledge or information to admit or deny the allegations contained in this paragraph and therefore denies them.

191.    Deckard is without sufficient knowledge or information to admit or deny the allegations contained in this paragraph and therefore denies them.

192.    Deckard is without sufficient knowledge or information to admit or deny the allegations contained in this paragraph and therefore denies them.

193.    Deckard is without sufficient knowledge or information to admit or deny the allegations contained in this paragraph and therefore denies them.

### PLAINTIFFS' CLASS ACTION ALLEGATIONS

194.    Deckard admits that Plaintiffs purport to bring this action as a class action. The remaining allegations state legal conclusions to which no response is required.

195.    Deckard admits that Covia and/or Fairmount securities were traded on the NYSE between March 10, 2016 and June 29, 2020. The remaining allegations state legal conclusions to which no response is required. To the extent a response is required, Deckard denies the allegations contained in this paragraph.

196.    The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Deckard denies the allegations contained in this paragraph.

23

197.    The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Deckard denies the allegations contained in this paragraph.

198.    The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Deckard denies the allegations contained in this paragraph.

199.    The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Deckard denies the allegations contained in this paragraph.

200.    The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Deckard denies the allegations contained in this paragraph.

201.    The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Deckard denies the allegations contained in this paragraph.

202.    The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Deckard denies the allegations contained in this paragraph.

203.    The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Deckard denies the allegations contained in this paragraph.

## COUNT I

**For Violations of Section 10(b) And SEC Rule 10b-5 Promulgated Thereunder
Against All Defendants**

204.    Deckard repeats each and every response contained above as if fully set forth herein.

205.    Deckard admits that Plaintiffs purport to bring this count based upon Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the SEC. The remaining allegations state legal conclusions to which no response is required.

206.    The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Deckard denies the allegations contained in this paragraph.

207.    The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Deckard denies the allegations contained in this paragraph.

208.    The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Deckard denies the allegations contained in this paragraph.

209.    The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Deckard denies the allegations contained in this paragraph.

210.    The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Deckard denies the allegations contained in this paragraph.

211.    The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Deckard denies the allegations contained in this paragraph.

212.    The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Deckard denies the allegations contained in this paragraph.

213.    The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Deckard denies the allegations contained in this paragraph.

## COUNT II

**Violations of Section 20(a) of the Exchange Act**
**Against All Defendants**

214.    The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Deckard denies the allegations contained in this paragraph.

215.    This paragraph requires no answer in light of the Court's Opinion and Order at Dkt. No. 54. Accordingly, Deckard provides none.

216.    This paragraph requires no answer in light of the Court's Opinion and Order at Dkt. No. 54. Accordingly, Deckard provides none.

217.    This paragraph requires no answer in light of the Court's Opinion and Order at Dkt. No. 54.  Accordingly, Deckard provides none. To the extent the Court concludes a response is required, Deckard otherwise denies the allegations in this paragraph.

218. This paragraph requires no answer in light of the Court's Opinion and Order at Dkt. No. 54. Accordingly, Deckard provides none. To the extent the Court concludes a response is required, Deckard otherwise denies the allegations in this paragraph.

219. This paragraph requires no answer in light of the Court's Opinion and Order at Dkt. No. 54. Accordingly, Deckard provides none. To the extent the Court concludes a response is required, Deckard otherwise denies the allegations in this paragraph.

## COUNT III

**Violation of Section 14(a) of the Exchange Act and Rule 14a-9**
**Against Defendant Deckard**

220. This paragraph requires no answer in light of the Court's Opinion and Order at Dkt. No. 54. Accordingly, Deckard provides none. To the extent the Court concludes a response is required, Deckard otherwise denies the allegations in this paragraph.

221. This paragraph requires no answer in light of the Court's Opinion and Order at Dkt. No. 54. Accordingly, Deckard provides none. To the extent the Court concludes a response is required, Deckard otherwise denies the allegations in this paragraph.

222. This paragraph requires no answer in light of the Court's Opinion and Order at Dkt. No. 54. Accordingly, Deckard provides none. To the extent the Court concludes a response is required, Deckard otherwise denies the allegations in this paragraph.

223. This paragraph requires no answer in light of the Court's Opinion and Order at Dkt. No. 54. Accordingly, Deckard provides none. To the extent the Court concludes a response is required, Deckard otherwise denies the allegations in this paragraph.

224. This paragraph requires no answer in light of the Court's Opinion and Order at Dkt. No. 54. Accordingly, Deckard provides none. To the extent the Court concludes a response is required, Deckard otherwise denies the allegations in this paragraph.

225.    This paragraph requires no answer in light of the Court's Opinion and Order at Dkt. No. 54. Accordingly, Deckard provides none. To the extent the Court concludes a response is required, Deckard otherwise denies the allegations in this paragraph.

DATED: June 15, 2023                          Respectfully submitted,

*/s/ Gabor Balassa, P.C.*
Gabor Balassa, P.C. (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL  60654
(202) 862-2000
(202) 862-2200
gbalassa@kirkland.com

Daniel T. Donovan
Matthew S. Owen (admitted *pro hac vice*)
Meredith Pohl (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, NW
Washington, DC  20004
(202) 389-5000
(202) 389-5200
daniel.donovan@kirkland.com
matt.owen@kirkland.com
meredith.pohl@kirkland.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

On June 15, 2023, the foregoing document was submitted to the Court, and thereby served on counsel for the Plaintiffs, by the CM/ECF system.

*/s/ Gabor Balassa, P.C.*
Gabor Balassa, P.C.