UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| WILLIAM PLAGENS, *et al.*, | ) Case No. 1:20-cv-2744 |
| Plaintiffs, | ) |
| v. | ) Judge J. Philip Calabrese |
| JENNIFFER D. DECKARD, *et al.*, | ) Magistrate Judge Thomas M. Parker |
| Defendants. | ) |

**ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT**

In this putative class alleging violations of federal securities laws, Lead Plaintiff Thomas Phelps and named Plaintiffs Sergio Baron and Neville Arjani move for preliminary approval of a settlement pursuant to Rule 23(e) of the Federal Rules of Civil Procedure. (ECF No. 71.) Plaintiffs' motion asks the Court to approve preliminarily, as fair, reasonable, and adequate, the proposed settlement the parties reached as memorialized in their Stipulation of Settlement (ECF No. 71-2).

Based on its independent review of the motion for preliminary approval, the Stipulation of Settlement and other papers accompanying the motion, and the record as a whole, and for good cause shown, the Court **GRANTS** Plaintiffs' motion and **PRELIMINARILY APPROVES** the settlement because it appears that, at the final approval stage, the Court "will likely be able to" approve the settlement under the criteria described in Rule 23(e)(2) and, for settlement purposes only, certify the settlement class under the criteria described in Rules 23(a) and 23(b)(3). *See* Fed. R.

1

Civ. P. 23(e)(1)(B)(i)–(ii). In granting the motion, the Court makes the following findings:

## BACKGROUND

1. Capitalized terms used in this Order have the meanings set forth in the Stipulation of Settlement.

2. The Stipulation of Settlement, together with its attached exhibits, sets forth the terms and conditions for the proposed settlement and dismissal with prejudice of the action against Defendant Jenniffer Deckard and appears to be the result of arms-length negotiations by the parties.

3. On December 10, 2020, Plaintiff William Plagens filed a complaint against Defendants Jenniffer Deckard, Mark Barrus, Michael Biehl, Andrew Eich, and Richard Navarre. Each Defendant previously worked for Covia Holdings Corporation or its predecessors. (*Plagens*, No. 1:20-cv-2744, ECF No. 1, ¶¶ 6–11, PageID #2–3.) On January 29, 2021, Plaintiff Sergio Baron filed a nearly identical complaint against the same Defendants. (*Baron*, No. 1:21-cv-238, ECF No. 1, ¶¶ 17–21, PageID #4–5.) In an Order dated August 2, 2021, and pursuant to Fed. R. Civ. P. 42(a), the Court consolidated *Baron v. Deckard,* No. 1:21-cv-238, into *Plagens v. Deckard,* No. 1:20-cv-2744. (ECF No. 42, PageID #879.) Therefore, the settlement and this Order apply to both cases.

4. In their Corrected Consolidated Amended Complaint, Plaintiffs allege that Defendants are liable for false or misleading statements that artificially inflated the value of their securities, in violation of Section 10(b) and Section 20(a) of the

2

Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5, 17 C.F.R. § 240.10b-5. (ECF No. 50, ¶¶ 204–19, Page ID #1119–1122.) Defendants deny Plaintiff's claims and assert various defenses. (ECF No. 66; ECF No. 71–2, PageID #2299–2300.)

5. On March 30, 2023, the Court granted in part and denied in part Defendants' motion to dismiss, allowing Plaintiffs' claims to proceed against Defendant with respect to certain alleged misrepresentations. (ECF No. 54.) The Court's ruling also determined that Plaintiffs adequately alleged scienter and loss causation.

6. The parties made initial disclosures and engaged in discovery, which included the exchange of interrogatories and written discovery requests, subpoenas to non-parties, depositions of confidential witnesses, and the production of key documents, including transcripts of the SEC's depositions of Ms. Deckard and other Covia employees and executives. (ECF No. 71-1, PageID #2274.)

7. Settlement negotiations were extensive. The parties engaged Robert A. Meyer of JAMS to mediate their settlement negotiations. In advance of the mediation, the parties exchanged mediation statements. On August 29, 2023, parties attended a full-day mediation led by Mr. Meyer. While no agreement was reached that day, Mr. Meyer continued to facilitate settlement negotiations, culminating in the acceptance of a mediator's proposal on September 11, 2023. The Settlement was memorialized in the execution of the Stipulation of Settlement, finalized on October 25, 2023.

8. Plaintiffs filed their unopposed motion for preliminary approval on October 27, 2023.

9. The Settlement will resolve all disputed claims between the parties and is appropriate because the released claims are being compromised without the need to establish elements of those claims and defenses on which liability ultimately turns. Additionally, the Settlement will provide a significant recovery to Class members in light of the procedural and substantive obstacles to recovery that further litigation presents. Plaintiffs and their counsel believe that the claims asserted have merit and that the evidence developed to date supports those claims. However, Plaintiffs and their counsel recognize the risk and expense of trying and, if necessary, appealing this action and believe that the settlement confers substantial benefits on the class members.

### SETTLEMENT CLASS: MARCH 10, 2016 TO JUNE 29, 2020

10. This Preliminary Approval Order certifies, preliminarily, a Settlement Class on behalf of all persons and entities who purchased Covia and/or Fairmount Santrol common stock or purchased call options or sold put options on Covia and/or Fairmount Santrol common stock, beginning on March 10, 2016 through and including June 29, 2020. Excluded from the Settlement Class are: (a) persons who suffered no compensable losses; (b) Defendant; the present and former officers and directors of the Company at all relevant times; members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant, or any person excluded under this subsection (b) has or had a majority

4

ownership interest at any time; and (c) persons or entities who file valid and timely requests for exclusion from the Settlement Class in accordance with this Order.

## APPOINTMENTS

11. Pursuant to Rule 23(g)(3), the Court appoints The Rosen Law Firm, P.A. as interim Class Counsel for the Settlement Class. Class Counsel has the authority to act on behalf of the Settlement Class with respect to all acts or consents required by or that may be given pursuant to the Stipulation of Settlement or such other acts that are reasonably necessary to consummate the Settlement. The Court will make its final decision regarding appointment of class counsel at the time of the Settlement Hearing and pursuant to the criteria described in Rule 23(g)(1).

12. The Court preliminarily appoints Plaintiffs as the class representatives on behalf of the Settlement Class.

13. The Court appoints Strategic Claims Services as the Claims Administrator to supervise and administer the notice procedure and the processing of claims.

## NOTICE

14. Pursuant to Rules 23(c)(2)(B) and 23(e)(1), the Court approves the following forms of notice: (a) the Long Notice, (b) the Proof of Claim, (c) the Summary Notice, and (d) the Postcard Notice, all of which are exhibits to the Stipulation of Settlement.

15. No later than ten Business Days after the date of this Order, Defendant shall provide and/or cause Covia's transfer agent to provide to Class Counsel Covia's

5

transfer records information reasonably available to Covia concerning the identity of Settlement Class Members, including any names and addresses of Settlement Class Members and nominees or custodians that exist in such transfer records ("Settlement Class Information") in a usable electronic format, such as an Excel spreadsheet or other form as is reasonably available to Covia. This information will be kept confidential and not used for any purpose other than to provide the notice required by this Order.

16. Within 20 Business Days of the entry of this Order, Class Counsel, through the Claims Administrator, shall either: (a) email links to the location of the Long Notice and Proof of Claim, substantially in the form attached to the Stipulation of Settlement as Exhibit A-1 and Exhibit A-2, to Settlement Class Members for whom the Claims Administrator is able to obtain email addresses; or (b) if no electronic mail address can be obtained, cause the Postcard Notice, substantially in the form attached to the Stipulation of Settlement as Exhibit A-4, to be mailed by first class mail, postage prepaid, to Settlement Class Members who can be identified with reasonable effort by Class Counsel, through the Claims Administrator.

17. Class Counsel, through the Claims Administrator, shall make reasonable efforts to give notice to nominees or custodians who held Covia securities during the Settlement Class Period as record owners but not as beneficial owners.

   17.a. Such nominees or custodians shall, within 10 days of receipt of the notice, either: (i) request copies of the Postcard Notice sufficient to send the Postcard Notice to all beneficial owners for whom they are nominee or

6

custodian, and within 10 days after receipt thereof send copies to such beneficial owners; (ii) request links to the location of the Long Notice and Proof of Claim and email the links to each beneficial owner for whom they are the nominee or custodian within ten days after receipt thereof; or (iii) provide the Claims Administrator with lists of the names, last known addresses and email addresses (to the extent known) of such beneficial owners, in which event the Claims Administrator shall promptly deliver the Postcard Notice to such beneficial owners.

17.b. If the Claims Administrator receives an email address, it will send a link to the location of the Long Notice and Proof of Claim electronically. Nominees or custodians who elect to email links to the Long Notice and Proof of Claim or send the Postcard Notice to their beneficial owners shall send a written certification to the Claims Administrator confirming that the mailing or emailing has been made as directed.

17.c. Copies of the Postcard Notice shall be made available to any nominee or custodian requesting same for the purpose of distribution to beneficial owners.

17.d. If requested, the Claims Administrator shall reimburse nominees or custodians out of the Settlement Fund solely for their reasonable out of pocket expenses incurred in providing notice to beneficial owners, which expenses would not have been incurred except for providing the names and addresses, of up to $0.03 per name, address, and email address provided to the

7

Claims Administrator; up to $0.03 per unit for each Postcard Notice actually mailed, plus postage at the pre-sort rate used by the Claims Administrator; or up to $0.03 per email notice sent, and subject to further order of this Court with respect to any dispute concerning such reimbursement.

18. At least seven days before the Settlement Hearing, Class Counsel shall serve counsel for Defendant with and file with the Court proof of the mailing of the Postcard Notice as required by this Order.

19. Within 16 days of the entry of this Order, Class Counsel, through the Claims Administrator, shall cause the Stipulation of Settlement and its exhibits, this Order, and a copy of the Long Notice and Proof of Claim to be posted on the Claims Administrator's website.

20. Class Counsel, through the Claims Administrator, shall cause the Summary Notice to be published electronically once on the *GlobeNewswire* and in print once in the *Investor's Business Daily* within 10 days after the Postcard Notice mailing or emailing links to the location of the Long Notice and Proof of Claim. At least seven days before the Settlement Hearing, Class Counsel shall serve counsel for Defendant with and file with the Court proof of publication of the Summary Notice.

21. The forms and methods set forth in this Order of notifying the Settlement Class Members of the Settlement and its terms and conditions meet the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constitute the best

notice practicable under the circumstances; and constitute due and sufficient notice to all persons and entities entitled to notice. No Settlement Class Member will be relieved from the terms and conditions of the Settlement, including the releases provided for in it, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.

22. At any time after entry of this Order and without further approval from Defendant or the Court, the Escrow Agent may disburse at the direction of Class Counsel up to $300,000.00 from the Settlement Fund before the Effective Date to pay reasonable Administrative Costs. After the Effective Date, up to an additional $200,000.00 may be transferred from the Settlement Fund to pay for any reasonable and necessary Administrative Costs without further order of the Court.

## PROOF OF CLAIM

23. Settlement Class Members who wish to participate in recovery from the Net Settlement Fund must take the following actions and be subject to the following conditions:

23.a. A properly completed and executed Proof of Claim must be submitted to the Claims Administrator:

(i) electronically through the Claims Administrator's website, www.strategicclaims.net/CVIA, by 11:59 p.m. EST on March 11, 2024; or

(ii) at the Post Office Box indicated in the Notice, postmarked no later than March 11, 2024.

The Court may extend these deadlines for good cause.

Each Proof of Claim shall be deemed to have been submitted when:

 (iii) the claim receives a confirmation notice from the Claims Administrator for electronic submissions; or

 (iv) legibly postmarked (if properly addressed and mailed by first class mail), provided such Proof of Claim is actually received before the filing of a motion for an Order of the Court approving distribution of the Net Settlement Fund.

Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received by the Claims Administrator at the address designated in the Notice.

23.b. The Proof of Claim submitted by each Settlement Class Member must satisfy the following conditions:

 (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph;

 (ii) it must be accompanied by adequate supporting documentation for the transactions reported in it, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a

broker confirmation slip, or such other documentation as the Claims Administrator, Class Counsel, or the Court deems adequate;

(iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of that person's current authority to act on behalf of the Settlement Class Member must be provided with the Proof of Claim; and

(iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained in it and must be signed under penalty of perjury.

23.c. Once the Claims Administrator has considered a timely submitted Proof of Claim, it shall determine whether such claim is valid, deficient, or rejected. For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined.

23.c.i. Persons who timely submit a Proof of Claim that is deficient or otherwise rejected shall be afforded a reasonable time of at least 10 days to cure such deficiency, if it shall appear that such deficiency may be cured.

23.c.ii. If any Claimant whose claim has been rejected in whole or in part wishes to contest such rejection, the Claimant must, within 10 days after the date of mailing of the notice, serve upon the Claims

11

Administrator a notice and statement of reasons indicating the Claimant's ground for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.

23.c.iii. If an issue concerning a claim cannot be otherwise resolved, Class Counsel shall present the request for review to the Court.

23.d. As part of the Proof of Claim, each Settlement Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted and shall, upon the Effective Date, release all claims as provided in the Stipulation. No discovery shall be allowed on the merits of the Action or the Settlement in connection with processing of the Proof of Claim, nor shall any discovery from or of Defendant be allowed on any topic.

24. All Settlement Class Members who do not submit valid and timely Proofs of Claim will be forever barred from receiving any payments from the Net Settlement Fund but will in all other respects be subject to and bound by the provisions of the Stipulation of Settlement and the Judgment, if entered, unless such Class Members properly request to be excluded.

**REQUESTS FOR EXCLUSION**

25. Individuals who wish to be excluded from the Settlement must make such request for exclusions by first class mail, in written form, postage prepaid, or

otherwise deliver it, so that it is received no later than March 20, 2024 ("Exclusion Deadline"), to the address listed in the Long Notice.

    25.a.  To be valid, a request for exclusion must:

    (i)  indicate the name, address, phone number, and e-mail contact information of the Person seeking exclusion and state that the sender specifically "requests to be excluded from the Settlement of *Plagens v. Deckard*, Case No. 1:20-cv-2744 (N.D. Ohio)" and

    (ii)  state the date, number of shares, and dollar amount of each purchase and sale of Covia securities during the Settlement Class Period, as well as the number of Covia securities held by the Person as of the opening and closing of the Settlement Class Period.

    25.b.  To be valid, a request for exclusion must be submitted with documentary proof:

    (iii)  of each purchase and, if applicable, sale transaction of Covia securities during the Settlement Class Period; and

    (iv)  demonstrating the Person's status as a beneficial owner of the Covia securities.

    25.c.  Any such request for exclusion must be signed and submitted by the beneficial owner under penalty of perjury.

    25.d.  The request for exclusion shall not be effective unless it provides the required information, is legible, and is made within the time stated above, or the exclusion is otherwise accepted by the Court. Class Counsel may contact

any Person filing a request for exclusion, or their attorney if one is designated, to discuss the request for exclusion.

26. The Claims Administrator shall provide all requests for exclusion and supporting documentation submitted with them, including untimely requests and revocations of requests, to counsel for the Parties as soon as possible and no later than the Exclusion Deadline or upon receipt, if later than the Exclusion Deadline. The Settlement Class will not include any Person who delivers a valid and timely request for exclusion that has not been thereafter revoked.

27. Any Person who submits a request for exclusion may later submit to the Claims Administrator a written revocation of that request for exclusion, provided that it is received no later than two Business Days before the Settlement Hearing, in which event that Person will be included in the Settlement Class.

28. All Persons who submit a valid, timely, and unrevoked request for exclusion will be forever barred from receiving any payments from the Net Settlement Fund.

**OBJECTIONS AND WAIVERS OF OBJECTIONS**

29. The Court will consider comments and/or objections to the Settlement, the Plan of Allocation, or the Fee and Expense Application. Individuals who wish to object must do so at least 21 days before the date of the Settlement Hearing. A person who wishes to object or otherwise be heard at the Settlement Hearing on any issue must, at least 21 days before the Settlement Hearing: (a) file said objections, papers, and briefs, and proof of service on counsel identified below with the Clerk of the Court,

14

U.S. District Court, Northern District of Ohio, Carl B. Stokes U.S. Court House, 801 West Superior Avenue, Cleveland, OH 44113; and (b) serve copies of any objections, papers, and briefs on each of the following counsel:

| CLASS COUNSEL: | COUNSEL FOR DEFENDANT: |
|---|---|
| THE ROSEN LAW FIRM, P.A. | KIRKLAND & ELLIS LLP |
| Phillip Kim | Gabor Balassa |
| 275 Madison Avenue, 40th Floor | 300 North Lasalle Street |
| New York, NY 10016 | Chicago, IL 60654 |

30. To be valid, any such objection must contain the Settlement Class Member's:

(a) name, address, and telephone number;

(b) a list of all purchases and sales of Covia securities during the Settlement Class Period to show membership in the Settlement Class;

(c) all grounds for the objection, including any legal support known to the Settlement Class Member and/or his or her counsel;

(d) the name, address, and telephone number of all counsel who represent the Settlement Class Member, including former or current counsel who may be entitled to compensation in connection with the objection; and

(e) the number of times the Settlement Class Member and/or counsel has filed an objection to a class action settlement in the last five years, the nature of each such objection in each case, the jurisdiction for each case, and the name of the issuer of the security or seller of the product or service at issue in each case.

31. Attendance at the Settlement Hearing is not required, but Persons wishing to be heard orally in opposition to the approval of the Stipulation, the Plan of Allocation, and/or the Fee and Expense Application must indicate in their written objection or in a separate writing that is submitted in accordance with the deadline and instructions pertinent to the submission of a written objection that they intend to appear at the Settlement Hearing and identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Settlement Hearing.

Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

32. Any Settlement Class Member who does not object in the manner prescribed above shall be deemed to have waived all such objections and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the Settlement, the Judgment to be entered approving the Settlement, the Plan of Allocation, and/or the Fee and Expense Application, unless otherwise ordered by the Court; shall be bound by all the terms and provisions of the Stipulation of Settlement and by all proceedings, orders and judgments in the Action; and shall also be foreclosed from appealing from any judgment or order entered in this Action.

## SETTLEMENT HEARING

33. Pursuant to Rule 23(e)(2), a Settlement Hearing addressing final approval of the settlement will be held on April 11, 2024 at 10:00 a.m. in Courtroom 16B, Carl B. Stokes United States Courthouse, 801 West Superior Avenue, Cleveland, Ohio 44113. During this hearing, the Court will hear from any objectors or other

class members who wish to address the Court and will hear argument from counsel regarding, among other things: whether the settlement warrants final approval under Rule 23(e)(2); whether the class action settlement class should be certified under Rules 23(a) and 23(b)(3); details about the source of funding for the settlement; whether federal law generally or Rule 23 in particular permits the proposed service or reimbursement awards to the named Plaintiffs; whether the attorneys' fees and litigation costs sought by interim class counsel and described in the Stipulation of Settlement should be approved under Rule 23(h); and disposition of any remainder of the Net Settlement Fund.

34. All papers in support of the Settlement, the Plan of Allocation, and/or the Fee and Expense Application shall be filed and served no later than 28 days before the Settlement Hearing.

35. Any submissions filed in response to any objections or in further support of the Settlement, the Plan of Allocation, and/or the Fee and Expense Application shall be filed no later than 14 days before the Settlement Hearing.

## OTHER MATTERS

36. Defendant, her counsel, and other Released Parties shall have no responsibility for, or liability with respect to, the Plan of Allocation or any application for attorneys' fees and interest or expenses or payments to the Class Representatives submitted by Class Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

17

37. Pending final determination of whether the Settlement should be approved, all Releasing Parties shall be enjoined from commencing, prosecuting, or attempting to prosecute any Released Claims against any Released Party in any court or tribunal or proceeding. Unless and until the Stipulation of Settlement is cancelled and terminated pursuant to the Stipulation of Settlement, all proceedings in the Action, other than such proceedings as may be necessary to carry out the terms and conditions of the Stipulation of Settlement, are hereby stayed and suspended until further order of the Court.

38. All funds held by the Escrow Agent shall be deemed and considered to be in the custody of the Court and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed or returned pursuant to the Stipulation of Settlement and Plan of Allocation and/or further order(s) of the Court.

39. Neither the Stipulation of Settlement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendant, her counsel, or any of the other Released Parties of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind and shall not be construed as, or deemed to be evidence of, or an admission or concession that Class Representatives or any Settlement Class Members directly have suffered any damages, harm, or loss. Further, neither the Stipulation of Settlement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, nor this Order shall be construed as an

admission or concession by Class Representatives of the validity of any factual or legal defense or of the infirmity of any of the claims or facts alleged in the Action.

40. In the event that the Settlement does not receive final approval or is otherwise not consummated in accordance with the terms of the Stipulation of Settlement, then the Stipulation of Settlement and this Order, including any amendment(s) thereof, and except as expressly provided in the Stipulation of Settlement or by order of the Court, shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any action or proceeding by any Person against the Parties or the Released Parties, and each Party shall be restored to his, her, or its respective litigation positions as they existed before October 25, 2023, pursuant to the terms of the Stipulation of Settlement.

41. The Court retains exclusive jurisdiction over the Stipulation of Settlement to consider all matters arising out of or relating to it or this Settlement, including by way of illustration and not limitation, any dispute concerning any Proof of Claim submitted and any future requests by one or more of the Parties that the Judgment, the releases and/or the permanent injunction set forth in the Stipulation of Settlement be enforced.

**SO ORDERED.**

Dated: November 20, 2023

                                             J. Philip Calabrese
                                             United States District Judge
                                             Northern District of Ohio