# EXHIBIT 3

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

|  |  |
|---|---|
| WILLIAM PLAGENS, Individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>JENNIFFER D. DECKARD,<br><br>　　　　Defendant. | Case No. 1:20-cv-02744-JPC<br><br>CLASS ACTION<br><br>Judge J. Philip Calabrese |

**DECLARATION OF EX KANO S. SAMS II**
**CONCERNING ATTORNEYS' FEES AND EXPENSES**

I, EX KANO S. SAMS II, declare as follows pursuant to 28 U.S.C. §1746:

1.　　　I am a partner at Glancy Prongay & Murray LLP ("GPM"), additional Counsel in this Action.  GPM has represented Plaintiff Sergio Baron ("Plaintiff") throughout this litigation.  I have personal knowledge of the facts asserted herein.

2.　　　A copy of GPM's resume is attached to the Declaration of Joshua Baker as Exhibit 9.

3.　　　For over two years, GPM has been involved in this Action: from October 2021 through the preparation of these final approval papers.  We actively engaged in the prosecution of the Action, including: (a) conducting an extensive factual investigation, which included the review of publicly available documents about Covia Holdings Corporation. f/k/a Fairmount Santrol Holdings Inc. ("Covia") and the individual defendants; (b) researching, keeping abreast of news released regarding the allegations, and assisting in the drafting of the various complaints filed in the Action; (c) assisting in briefing the opposition to the motion to dismiss; (d) attending one

1

deposition of a confidential witness named in the operative complaint; (e) attending a full-day mediation; and (f) communicating and coordinating with Plaintiff Baron in all facets of litigation.

4.      The chart below summarizes the hours, rate, and lodestar of each GPM attorney and professional staff who worked on this matter.

5.      The total number of hours spent on the litigation of the Action by my firm through today's date is 180.50.  The total lodestar amount for attorney time based on the firm's current rates is $138,454.50.  A breakdown of the lodestar is set forth in the chart below:

| IN RE COVIA SECURITIES LITIGATION INCEPTION THROUGH MARCH 13, 2024 | | | | |
|---|---|---|---|---|
| TIMEKEEPER/CASE | STATUS | HOURS | RATE | LODESTAR |
| ATTORNEYS: | | | | |
| Charles Linehan | Partner | 1.10 | 895.00 | 984.50 |
| Ex Kano Sams | Partner | 86.00 | 1,125.00 | 96,750.00 |
| Pavithra Rajesh | Senior Counsel | 27.00 | 625.00 | 16,875.00 |
| TOTAL ATTORNEY | TOTAL | 114.10 | | 114,609.50 |
| PARALEGALS: | | | | |
| Harry Kharadjian | Senior Paralegal | 4.00 | 350.00 | 1,400.00 |
| Paul Harrigan | Senior Paralegal | 6.50 | 325.00 | 2,112.50 |
| John D. Belanger | Research Analyst | 41.50 | 365.00 | 15,147.50 |
| Michaela Ligman | Research Analyst | 4.40 | 400.00 | 1,760.00 |
| Gabrielle Zavaleta | Research Analyst | 9.50 | 350.00 | 3,325.00 |
| Calysta Bevier | Admin Clerk | 0.50 | 200.00 | 100.00 |
| TOTAL PARALEGAL | TOTAL | 66.40 | | 23,845.00 |
| TOTAL LODESTAR | TOTAL | 180.50 | | 138,454.50 |

6.      My firm incurred a total of $15,893.33 in unreimbursed expenses in connection with the prosecution of this litigation, including anticipated expenses associated with this Motion. They are broken down as follows:

2

| EXHIBIT | |
|---|---|
| IN RE COVIA10B EXPENSES | |
| INCEPTION THROUGH MARCH 13, 2024 | |
| **CATEGORY OF EXPENSE** | **AMOUNT PAID** |
| COURIER AND SPECIAL POSTAGE | 44.35 |
| COURT FILING FEES | 990.28 |
| EXPERTS | 2,875.80 |
| INVESTIGATIONS | 1,089.60 |
| MEDIATORS | 2,095.00 |
| ONLINE RESEARCH | 2,033.29 |
| PRESS RELEASES | 120.00 |
| TRANSCRIPTS | 1,010.00 |
| TRAVEL AIRLINE | 3,143.60 |
| TRAVEL AUTO | 349.26 |
| TRAVEL HOTEL | 1,490.47 |
| TRAVEL MEALS | 312.29 |
| TRAVEL OTHER | 280.45 |
| TRAVEL PARKING | 58.94 |
| **Grand Total** | **15,893.33** |

7.  The expenses incurred are reflected in the books and records contemporaneously prepared by the firm.  These books and records are prepared from expense vouchers, invoices, and other billing records, and are an accurate record of the expenses incurred.  I have reviewed the expenses for which reimbursement is sought and confirmed that they were reasonably necessary for the effective and efficient prosecution and resolution of the litigation and reasonable in amount. The expenses are all of a type that would normally be charged to a fee-paying client in the private legal marketplace.

8.  My firm's compensation for services rendered and out-of-pocket expenses incurred in this case was, and is, entirely contingent on the success of the prosecution of the Action, and on the Court's approval of the fee and expense application.  None of the attorneys' fees and expenses submitted to this Court has been paid from any source or has been the subject of any prior request or prior award in any litigation or other proceeding.

3

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 14th day of March 2024, in Los Angeles, CA.

*/s/Ex Kano S. Sams II*

4