# EXHIBIT 12

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| COVIA HOLDINGS CORPORATION, *et al.*,[1] | ) | Case No. 20-33295 (DRJ) |
| Reorganized Debtors. | ) | (Jointly Administered) |

**SUMMARY COVER SHEET TO THE FIRST AND FINAL FEE APPLICATION OF KIRKLAND & ELLIS LLP AND KIRKLAND & ELLIS INTERNATIONAL LLP, ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION, FOR THE PERIOD FROM JUNE 29, 2020 THROUGH AND INCLUDING DECEMBER 14, 2020**

In accordance with the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules"), Kirkland & Ellis LLP and Kirkland & Ellis International LLP (collectively, "K&E"), attorneys for the above-captioned debtors and debtors in possession (collectively, the "Debtors"), submit this summary (this "Summary") of fees and expenses sought as actual, reasonable, and necessary in the fee application to which this Summary is attached (the "Fee Application") for the period from June 29, 2020 through December 14, 2020 (the "Fee Period").

K&E submits the Fee Application as a first and final fee application in accordance with the *Modified First Amended Joint Chapter 11 Plan of Reorganization of Covia Holdings Corporation and Its Debtor Affiliates* [Docket No. 1017] (the "Plan"),[2] which requires K&E to file a final fee application no later than 60 days after the Effective Date, and the *Order Confirming the Modified First Amended Joint Chapter 11 Plan of Reorganization of Covia Holdings Corporation and Its Debtor Affiliates* [Docket No. 1029] (the "Confirmation Order").[3]

[1] Due to the large number of Debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the Debtors and the last four digits of their tax identification, registration, or like numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://cases.primeclerk.com/Covia. The location of Reorganized Debtor Covia Holdings Corporation's principal place of business and service address is: 3 Summit Park Drive, Suite 700, Independence, Ohio 44131.

[2] Capitalized terms used but not otherwise defined in this Summary shall have the meanings ascribed to such terms in the Fee Application or the Plan, as applicable.

[3] Article II.B of the Plan provides that: "[f]rom and after the Confirmation Date, any requirement that Professionals comply with sections 327 through 331 and 1103 of the Bankruptcy Code or the Interim Compensation Order in seeking retention or compensation for services rendered after such date shall terminate, and the Reorganized Debtors may employ and pay any Professional in the ordinary course of business without any further notice to or action, order, or approval of the Bankruptcy Court."

| Name of Applicant | | Kirkland & Ellis LLP and Kirkland & Ellis International LLP |
|---|---|---|
| Applicant's professional role in case | | Counsel to the Debtors |
| Indicate whether this is an application for pre- or post- confirmation services | | Pre-confirmation services |
| Effective date of order approving professional's retention | | August 3, 2020, effective as of June 29, 2020 [Docket No. 298] |
| | **Beginning of Period** | **Ending of Period** |
| Time period covered in application | June 29, 2020 | December 14, 2020 |
| Time periods covered by any prior applications | N/A | N/A |
| Total amounts awarded in all prior applications | | N/A |
| Total fees applied for in this application and in all prior applications (including any retainer amounts applied or to be applied) | | $14,962,568.00 |
| Total professional fees requested in this application | | $14,272,916.50 |
| Total actual professional hours covered by this application | | 14,689.20 |
| Average hourly rate for professionals | | $971.66 |
| Total paraprofessional fees requested in this application | | $689,651.50 |
| Total actual paraprofessional hours covered by this application | | 1,788.30 |
| Average hourly rate for paraprofessionals | | $385.64 |
| Reimbursable expenses sought in this application | | $278,782.37 |
| Voluntary fee waiver and expense reduction in this Fee Period | | $28,230.52 |
| Total to be paid to priority unsecured creditors under the Plan: | | $1.5 million |
| Percentage dividend to priority unsecured creditors under the Plan: | | 100% |

| Name of Applicant | Kirkland & Ellis LLP and Kirkland & Ellis International LLP |
|---|---|
| Total to be paid to general unsecured creditors under the Plan: | Class 5A – Parent General Unsecured Claims: $37,842,000.00<br>Class 5B – TechniSand General Unsecured Claims: $1,908,000.00<br>Class 5C – Other General Unsecured Claims: $0.00 |
| Percentage dividend to general unsecured creditors under the Plan: | Class 5A – Parent General Unsecured Claims: Estimated recovery of 10.3%<br>Class 5B – TechniSand General Unsecured Claims: Estimated recovery of 2.8%<br>Class 5C – Other General Unsecured Claims: 0% |
| Dates of Confirmation Hearing: | December 7, 2020 - December 14, 2020 |
| Indicate whether Plan has been confirmed | Yes, December 14, 2020 [Docket No. 1029] |

Houston, Texas
February 9, 2021

Respectfully Submitted,

*/s/ Jonathan S. Henes, P.C.*

Jonathan S. Henes, P.C. (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
Email: jonathan.henes@kirkland.com

-and-

Scott J. Vail (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: scott.vail@kirkland.com

*Co-Counsel to the Debtors*
*and Debtors in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| COVIA HOLDINGS CORPORATION, *et al.*,[1] | ) | Case No. 20-33295 (DRJ) |
| | ) | |
| Reorganized Debtors. | ) | (Jointly Administered) |

**FIRST AND FINAL FEE APPLICATION OF KIRKLAND & ELLIS LLP AND KIRKLAND & ELLIS INTERNATIONAL LLP, ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION, FOR THE PERIOD FROM JUNE 29, 2020 THROUGH AND INCLUDING DECEMBER 14, 2020**

Kirkland & Ellis LLP and Kirkland & Ellis International LLP (together, "K&E"), attorneys for the above-captioned debtors and debtors in possession (collectively, the "Debtors"), hereby submits its first and final fee application (the "Fee Application") for allowance of compensation for professional services provided in the amount of $14,962,568.00 and reimbursement of actual and necessary expenses in the amount of $278,782.37 that K&E incurred for the period from June 29, 2020 through December 14, 2020 (the "Fee Period"). In support of this Fee Application, K&E submits the declaration of Jonathan S. Henes, president of Jonathan S. Henes, P.C., a partner of K&E (the "Henes Declaration"), which is attached hereto as **Exhibit A** and incorporated by reference. In further support of this Fee Application, K&E respectfully states as follows.

**Jurisdiction**

1. The United States Bankruptcy Court for the Southern District of Texas

[1] Due to the large number of Debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the Debtors and the last four digits of their tax identification, registration, or like numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://cases.primeclerk.com/Covia. The location of Reorganized Debtor Covia Holdings Corporation's principal place of business and service address is: 3 Summit Park Drive, Suite 700, Independence, Ohio 44131.

(the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules"), the *Order (A) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and (B) Granting Related Relief* [Docket No. 305] (the "Interim Compensation Order").

**Background**

4. On June 29, 2020 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On June 30, 2020, the Court entered an order authorizing the joint administration and procedural consolidation of the Debtors' chapter 11 cases pursuant to Bankruptcy Rule 1015(b) [Docket No. 38]. No entity has requested the appointment of a trustee or examiner in these chapter 11 cases. On July 16, 2020, the United States Trustee for the Southern District of Texas (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Committee") [Docket No. 166].

5. A description of the Debtors' businesses, the reasons for commencing the chapter 11 cases, and the relief sought from the Court to allow for a smooth transition into chapter 11 are set forth in the *Declaration of Andrew Eich, Executive Vice President, Chief Financial Officer, and Treasurer of Covia Holdings Corporation, in Support of Chapter 11 Petitions and First Day Motions*, filed on June 30, 2020 [Docket No. 15].

6. On August 3, 2020, the Court entered the Interim Compensation Order, which sets forth the procedures for interim compensation and reimbursement of expenses for all professionals in these cases.

7. On December 14, 2020, the Court entered the *Order (I) Confirming the Modified First Amended Joint Chapter 11 Plan of Reorganization of Covia Holdings Corporation and Its Debtor Affiliates* [Docket No. 1029] (the "Confirmation Order"), pursuant to which the Court approved and confirmed the *Modified First Amended Joint Chapter 11 Plan of Reorganization of Covia Holdings Corporation and Its Debtor Affiliates* [Docket No. 1017] (the "Plan").

8. On December 31, 2020, the Effective Date of the Plan occurred and the Reorganized Debtors filed the *Notice of (A) Entry of Order (I) Confirming the Modified First Amended Joint Chapter 11 Plan of Reorganization of Covia Holdings Corporation and Its Debtor Affiliates and (II) Granting Related Relief, and (B) Occurrence of Effective Date* [Docket No. 1069].

9. The Plan requires that all final fee applications be filed no later than March 1, 2021, and that objections be filed no later than twenty-one days after the filing of the applicable final fee application.[2]

**Preliminary Statement**

10. During the Fee Period, K&E represented the Debtors professionally and diligently, advising them on a variety of complex matters and issues, as a result of which the Debtors took action to maximize the value of their estates for the benefit of all parties in interest. In particular, K&E played an integral role in: (a) the negotiation and execution of a restructuring support agreement (the "RSA"), establishing consensus for the Debtors' chapter 11 cases; (b) the

[2] *See* Plan Art. II.B.

negotiation and documentation of the Plan, reducing the Debtors' funded indebtedness by approximately $735 million; (c) aligning the Debtors' railcar leases with forward-looking business projections through negotiation and documentation to restructure the Debtors' railcar fleet with key strategic partners, reducing the size of the Debtors' fleet by approximately 7,000 railcars through rejection of off-market leases; (d) negotiating and entering into a settlement agreement and key go-forward business arrangements with former majority shareholder, SCR-Sibelco NV ("Sibelco"); (e) negotiating and entering into exit financing to support the Debtors' go-forward business; (f) opposing the Committee's *Motion for (I) Leave, Standing and Authority to Commence and Prosecute Certain Claims and Causes of Action on Behalf of Debtors' Estates and (II) Exclusive Settlement Authority* [Docket Nos. 610, 666 (as corrected)] (the "Standing Motion"), including filing responsive pleadings regarding the same and defending against various discovery requests; (g) preparing the Debtors, including key members of management and the board of directors for a contested trial on the Standing Motion; (h) successfully negotiating resolutions to all objections to confirmation other than that by the Committee; (i) vigorously representing the Debtors over the course of a multi-day confirmation trial; (j) working with stakeholders to negotiate resolutions to the Committee's Standing Motion and confirmation objection; and (k) advising the Debtors on their post-emergence corporate reorganization.

11. In addition, K&E's advice and counsel to the Debtors allowed the Debtors to maximize stakeholder value in a variety of ways:

a. negotiated and entered into the RSA supported by an ad hoc group of holders of term loan claims (collectively, the "Senior Creditors");

b. negotiated and entered into letters of intent with four go-forward railcar lessors (the "Railcar Lessors");

c. successfully filed for chapter 11 and secured approval of "first day" motions allowing the Debtors to smoothly transition operations into chapter 11, including authority to honor wages and employee benefit programs, authority to pay certain of the Debtors' critical vendors, suppliers, and lien claimants, and maintain their cash management system;

d. obtained approval of the consensual use of cash collateral;

e. obtained authorization to terminate an accounts receivable facility and to enter into a new letter of credit facility (the "LC Facility");

f. obtained approval to reject and facilitate an orderly disposition of over 7,000 railcars;

g. negotiated and entered into agreements with 12 Railcar Lessors regarding post-rejection use of rejected railcars;

h. drafted and filed pleadings regarding automatic stay disputes and an adversary proceeding;

i. completed and filed their schedules of assets and liabilities and statements of financial affairs;

j. responded to numerous discovery requests from the Committee;

k. negotiated, drafted, and filed the Plan, the *Disclosure Statement Relating to the Joint Chapter 11 Plan of Reorganization of Covia Holdings Corporation and Its Debtor Affiliates* [Docket No. 685] (the "Disclosure Statement"), and motion seeking approval of the adequacy of the Disclosure Statement and solicitation and confirmation procedures [Docket No. 502] in accordance with the terms of the RSA, including by reaching a settlement with the Senior Creditors;

l. negotiated and entered into a settlement agreement with the Securities and Exchange Commission (the "SEC");

m. negotiated and entered into a settlement agreement and go-forward business arrangements with former majority shareholder, Sibelco;

n. prepared for and presented evidence in opposition to the Standing Motion;

o. obtained court orders approving of the adequacy of the Disclosure Statement and confirming the Plan;

p. evaluated and negotiated exit term financing with the Senior Creditors as well as asset-based financing to fund go-forward business operations;

q. structured and executed those intercompany mergers, consolidations, amalgamations, arrangements, continuances, restructurings, conversions, dispositions, dissolutions, transfers, liquidations, spinoffs, intercompany sales, purchases, or other corporate transactions that the Debtors reasonably determined to be necessary to implement the Plan (the "Restructuring Transactions") and reorganized the Debtors' assets to better align business operations; and

r. advised the Debtors on their post-emergence corporate reorganization.

12. Given these efforts, K&E respectfully submits that the compensation and expense reimbursement sought herein for the necessary and beneficial professional services K&E provided to the Debtors during the Fee Period is reasonable, appropriate, and commensurate with the scale, nature, and complexity of these chapter 11 cases and should be allowed.

**Case Status Summary**

13. In the months leading up to the Petition Date, K&E and the Debtors worked extensively to build consensus among the Debtors' stakeholders and negotiate with the Debtors' Senior Creditors and Railcar Lessors to facilitate a smooth chapter 11 process. As a result of these extensive arm's-length negotiations with the Senior Creditors, the Debtors filed these chapter 11 cases with an agreement in principle on a value-maximizing transaction, as reflected in the RSA and the Plan. The RSA set out key dates and milestones to ensure a timely emergence from chapter 11, which K&E and the Debtors consistently met as the Debtors achieved confirmation of the Plan and successfully emerged from these chapter 11 cases.

14. On the Petition Date, the Debtors filed with the court several "first day" motions (the "First Day Motions") and other pleadings which were designed to facilitate the administration of these chapter 11 cases and minimize disruption to the Debtors' operations.

15. At the hearing on June 30, 2020 (the "First Day Hearing"), the Court granted substantially all of the relief requested in the Debtors' First Day Motions. Largely as a result of the substantial consensus secured through the Debtors' extensive prepetition negotiations, the

bankruptcy proceeding moved quickly. At a hearing on July 29, 2020, the Court granted the relief sought in the *Debtors' Emergency Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors' to Use of Cash Collateral, (II) Granting Adequate Protection, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (IV) Granting Related Relief* [Docket No. 11] (the "Cash Collateral Motion") and the *Debtors' Emergency Motion for Entry of Interim and Final Orders (I) Authorizing Debtors to (A) Terminate the Securitization Facility, (B) Cash Collateralize Existing Letters of Credit Under the Securitization Facility, (C) Enter Into Agreements Governing the Existing Letters of Credit and Providing for Future Potential Availability of Additional Letters of Credit, and (D) Cash Collateralize Additional Letters of Credit and (II) Granting Related Relief* [Docket No. 12] (the "LC Facility Motion").

16. In addition to negotiations with the Debtors' Senior Creditors, K&E and the Debtors undertook an in-depth lease-by-lease analysis in an attempt to right-size the Debtors' railcar fleet. K&E and the Debtors filed the *Debtors' Omnibus Motion for Entry of an Order (I) Authorizing the Rejection of Certain Railcar Lease Agreements, (II) Authorizing the Abandonment of any Remaining Personal Property in Connection Therewith, (III) Authorizing Procedures Governing the Return of Rejected Railcars, and (IV) Granting Related Relief* [Docket No. 30] (the "Railcar Rejection Motion") which sought to reject and facilitate the orderly return of over 7,000 railcars. On August 11, 2020, the Court entered the *Order (I) Authorizing the Rejection of Certain Railcar Lease Agreements, (II) Authorizing the Procedures Governing the Return of Rejected Railcars, and (III) Granting Related Relief* [Docket No. 336] (the "Railcar Rejection Order"). After the hearing on the Railcar Rejection Order, the Debtors immediately commenced negotiations with 14 railcar lessors regarding post-rejection use of railcars and entered into post-rejection use agreements with 12 lessors. At a hearing on August

13, 2020, the Court granted the relief sought in the *Debtors' Emergency Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Continue to Operate Their Cash Management System and Maintain Existing Bank Accounts and (B) Continue to Perform Intercompany Transactions and (II) Granting Related Relief* [Docket No. 23] (the "Cash Management Motion").

17. On October 1, 2020, the Committee filed the Standing Motion for leave to pursue certain alleged claims (the "Alleged Claims") on behalf of the Debtors' estates in connection with the June 1, 2018 Unimin-Fairmount merger. On October 13, 2020, the Court entered the *Order (I) Approving the Adequacy of the Disclosure Statement, (II) Approving the Solicitation Procedures with Respect to Confirmation of the Debtors' Proposed Joint Plan of Reorganization, (III) Approving the Form of Ballot and Notices in Connection Therewith, (IV) Scheduling Certain Dates with Respect Thereto, and (V) Granting Related Relief* [Docket No. 683] (the "Disclosure Statement Order"), which included a schedule pursuant to which the Debtors and the Committee would prepare to try the Standing Motion in connection with the Confirmation Hearing. Following entry of the Disclosure Statement Order, the Debtors commenced solicitation of the Plan.

18. On October 29, 2020, the Debtors filed *The Debtors' Objection to Motion of Official Committee of Unsecured Creditors for (I) Leave, Standing and Authority to Commence and Prosecute Certain Claims and Causes of Action on Behalf of Debtors' Estates and (II) Exclusive Settlement Authority* [Docket No. 728] (the "Standing Objection"). Additionally, in relation to certain of the Committee's Alleged Claims and in an effort to establish a beneficial go-forward relationship with former majority shareholder, Sibelco, the Debtors and K&E undertook arm's-length negotiations with Sibelco to reach a settlement agreement and establish a term sheet

reflecting future business arrangements on terms favorable to the Debtors. On November 18, 2020, the Debtors filed the *Debtors' Emergency Motion for Entry of an Order (I) Approving the Settlement with SCR-Sibelco NV, (II) Authorizing the Debtors' Performance of Obligations Thereunder, and (III) Granting Related Relief* [Docket Nos. 816, 841 (as amended)] (the "Sibelco Settlement Motion"). On December 4, 2020, the Committee filed the *Opposition to Debtors' Amended Emergency Motion for Entry of an Order (I) Approving the Settlement with SCR-Sibelco NV, (II) Authorizing the Debtors' Performance of Obligations Thereunder, and (III Granting Related Relief* [Docket No. 936] (the "Sibelco Settlement Objection"). On December 4, 2020, the Debtors filed *The Debtors' Prehearing Brief in Support of Approval of the Sibelco Settlement and in Opposition to the Committee's Standing Motion* [Docket No. 946] (the "Prehearing Brief").

19. At the Confirmation Hearing commencing on December 7, 2020, the Debtors presented evidence in support of the Sibelco Settlement Motion and in opposition to the Committee's Standing Motion. After five days of trial on the Standing Motion and the Sibelco Settlement Motion issues, the Committee agreed to withdraw its Standing Motion and the Sibelco Settlement Objection. As a result, there were no outstanding objections to the Plan.

20. On December 14, 2020, the Court entered the *Order (I) Approving the Settlement with SCR-Sibelco NV, (II) Authorizing the Debtors' Performance of Obligations Thereunder, and (III) Granting Related Relief* [Docket No. 1028] (the "Sibelco Settlement Order") and the Confirmation Order.

21. The above-mentioned milestones all occurred while the Debtors continued to operate their business in the ordinary course. Committed to ensuring that the chapter 11 filing would not disrupt their businesses, the Debtors stabilized their operations through various

operational first- and second-day motions and orders, as discussed above, and obtained approval of the Disclosure Statement and confirmation of the Plan. The Debtors successfully emerged from chapter 11 on December 31, 2020.

**The Debtors' Retention of K&E**

22. On August 3, 2020, the Court entered the *Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as Attorneys for the Debtors and Debtors in Possession Effective as of June 29, 2020* [Docket No. 298] (the "Retention Order"), attached hereto as **Exhibit B** and incorporated by reference. The Retention Order authorizes the Debtors to compensate and reimburse K&E in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, and the Interim Compensation Order. The Retention Order also authorizes the Debtors to compensate K&E at K&E's hourly rates charged for services of this type and to reimburse K&E for K&E's actual and necessary out-of-pocket expenses incurred, subject to application to this Court. The particular terms of K&E's engagement are detailed in the engagement letter by and between K&E and the Debtors, effective as of March 25, 2020 and attached hereto as **Exhibit C** (the "Engagement Letter").

23. The Retention Order authorizes K&E to provide the following services consistent with and in furtherance of the services enumerated above:

a. advising the Debtors with respect to their powers and duties as debtors-in-possession in the continued management and operation of their business and properties;

b. preparing pleadings, including motions, applications, answers, orders, reports, and papers necessary or otherwise beneficial to the administration of the Debtors' estates and consistent with the services identified in the Retention Order;

c. appearing before the Court and any appellate courts to represent the interests of the Debtors' estates before those courts in connection with the services in the Retention Order; and

d. performing all other legal services reasonably necessary or otherwise beneficial for the Debtors in connection with these chapter 11 cases.

**Disinterestedness of K&E**

24. To the best of the Debtors' knowledge and as disclosed in the *Declaration of Jonathan S. Henes in Support of the Debtors' Application for the Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as Attorneys for the Debtors and Debtors in Possession Effective as of June 29, 2020* [Docket No. 125 Ex. A] (the "K&E Declaration") and the *First Supplemental Declaration of Jonathan S. Henes in Support of the Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as Attorneys for the Debtors and Debtors in Possession Effective as of June 29, 2020* [Docket No. 1044] (the "K&E Supplemental Declaration" and, collectively with the K&E Declaration, the "K&E Declarations"), (a) K&E is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors' estates and (b) K&E has no connection to the Debtors, their creditors, or other parties in interest, except as may be disclosed in the K&E Declarations.

25. K&E may have in the past represented, may currently represent, and likely in the future will represent parties in interest in connection with matters unrelated to the Debtors in these chapter 11 cases. In the K&E Declarations, K&E disclosed its connections to parties in interest that it has been able to ascertain using its reasonable efforts.

26. K&E performed the services for which it is seeking compensation on behalf of the

Debtors and their estates, and not on behalf of any committee, creditor, or other entity.

27. Except to the extent of the advance payments paid to K&E that K&E previously disclosed to this Court in the K&E Declarations, K&E has received no payment and no promises for payment from any source other than the Debtors for services provided or to be provided in any capacity whatsoever in connection with these chapter 11 cases.

28. Pursuant to Bankruptcy Rule 2016(b), K&E has not shared, nor has K&E agreed to share (a) any compensation it has received or may receive with another party or person other than with the partners, counsel, and associates of K&E or (b) any compensation another person or party has received or may receive.

**Summary of Compliance with Interim Compensation Order**

29. This Fee Application has been prepared in accordance with the Interim Compensation Order.

30. K&E seeks compensation for professional services rendered to the Debtors during the Fee Period in the amount of $14,962,568.00 and reimbursement of actual and necessary expenses incurred in connection with providing such services in the amount of $278,782.37. During the Fee Period, K&E attorneys and paraprofessionals expended a total of 16,477.50 hours for which compensation is requested.

31. In accordance with the Interim Compensation Order, as of the date hereof, K&E has received payments totaling $4,530,917.48 ($4,408,026.80 of which was for services provided and $122,890.68 of which was for reimbursement of expenses) for the Fee Period. Accordingly, by this Fee Application, and to the extent such amounts have not been paid by the time of the hearing on this Fee Application, K&E seeks payment of the remaining $10,710,432.89, which amount represents the entire amount of unpaid fees and expenses incurred between June 29, 2020

and December 14, 2020.[3]

**Fees and Expenses Incurred During Fee Period**

**A. Customary Billing Disclosures**.

32. K&E's hourly rates are set at a level designed to compensate K&E fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses. The hourly rates and corresponding rate structure utilized by K&E in these chapter 11 cases are equivalent to the hourly rates and corresponding rate structure used by K&E for other restructuring matters, as well as similar complex corporate, securities, and litigation matters whether in court or otherwise, regardless of whether a fee application is required. The rates and rate structure reflect that such restructuring and other complex matters typically are national in scope and typically involve great complexity, high stakes, and severe time pressures. For the convenience of the Court and all parties in interest, attached hereto as **Exhibit D** is K&E's budget and staffing plan for this Fee Period and attached hereto as **Exhibit E** is a summary of blended hourly rates for timekeepers who billed to non-bankruptcy matters and blended hourly rates for timekeepers who billed to the Debtors during the Fee Period.

**B. Fees Incurred During Fee Period**.

33. In the ordinary course of K&E's practice, K&E maintains computerized records of the time expended to render the professional services required by the Debtors and their estates. For the convenience of the Court and all parties in interest, attached hereto as **Exhibit F** is a summary of fees incurred and hours expended during the Fee Period, setting forth the following information:

- the name of each attorney and paraprofessional for whose work on these chapter 11 cases compensation is sought;

[3] This amount also reflects the 20% holdback for the Fee Period.

- each attorney's year of bar admission and area of practice concentration;
- the aggregate time expended and fees billed by each attorney and each paraprofessional during the Fee Period;
- the hourly billing rate for each attorney and each paraprofessional at K&E's current billing rates;
- the hourly billing rate for each attorney and each paraprofessional as disclosed in this Fee Application;
- the number of rate increases since the inception of the case; and
- a calculation of total compensation requested using the rates disclosed in the *Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as Attorneys for the Debtors and Debtors in Possession Effective as of June 29, 2020* [Docket No. 125] (the "Retention Application").

**C. Expenses Incurred During Fee Period**.

34. In the ordinary course of K&E's practice, K&E maintains a record of expenses incurred in the rendition of the professional services required by the Debtors and their estates and for which reimbursement is sought. K&E currently charges $0.16 per page for standard duplication in its offices in the United States and in these chapter 11 cases. K&E does not charge its clients for incoming facsimile transmissions.

35. For the convenience of the Court and all parties in interest, attached hereto as **Exhibit G** is a summary for the Fee Period, setting forth the total amount of reimbursement sought with respect to each category of expenses for which K&E is seeking reimbursement.

**Summary of Legal Services Rendered During the Fee Period**

36. As discussed above, during the Fee Period, K&E provided extensive and important professional services to the Debtors in connection with these chapter 11 cases. These services were often performed under severe time constraints and were necessary to address a multitude of critical issues both unique to these chapter 11 cases and typically faced by large corporate debtors in similar cases of this magnitude and complexity.

37. To provide a meaningful summary of K&E's services provided on behalf of the Debtors and their estates, K&E has established, in accordance with its internal billing procedures, certain subject matters categories (each, a "Matter Category") in connection with these chapter 11 cases. The following is a summary of the fees and hours billed for each Matter Category in the Fee Period:[4]

| Matter Number | Project Category Description | Hours | | Total Compensation | |
|---|---|---|---|---|---|
| | | Budgeted | Billed | Budgeted | Billed |
| 7 | Chapter 11 Filing and First Day Pleading | 224 - 276 | 270.40 | $195,000 - $240,000 | $219,904.50 |
| 8 | Schedules & Statements | 124 - 154 | 70.90 | $92,500 - $115,000 | $64,247.50 |
| 9 | Automatic Stay Matters | 162 - 204 | 218.00 | $128,500 - $162,000 | $202,022.00 |
| 10 | U.S. Trustee & Statutory Reporting | 47 - 84 | 27.70 | $43,000 - $77,000 | $24,328.00 |
| 11 | Adversary Proceedings/Contested Matters | 5,066 - 5,768 | 6,203.60 | $4,632,000 - $5,274,500 | $5,434,017.50 |
| 12 | Financing & Cash Collateral | 903 - 1126 | 1,039.30 | $891,000 - $1,112,000 | $1,007,500.00 |
| 13 | Plan / Disclosure Statement / Confirmation | 3048 - 3852 | 2,485.10 | $2,778,500 - $3,511,000 | $2,459,356.00 |
| 14 | Business Operations | 62 - 106 | 41.90 | $64,500 - $110,500 | $45,097.50 |
| 15 | Corporate & Governance Matters | 818 - 1030 | 1,051.20 | $775,500 - $980,000 | $906,559.50 |
| 16 | Use, Sale & Disposition of Property | 72 - 192 | 80.10 | $63,500 - $169,000 | $74,433.50 |
| 17 | Executory Contracts & Unexpired Leases | 1434 - 1804 | 1,755.40 | $1,234,500 - $1,554,000 | $1,622,170.50 |
| 18 | Vendor Matters | 348 - 435 | 223.70 | $358,500 - $447,000 | $186,100.00 |
| 19 | Employee & Labor Matters | 400 - 498 | 286.70 | $358,500 - $447,000 | $342,798.00 |

[4] In certain instances K&E may have billed the same amount of fees, but different amount of hours to different matter categories. This difference is the result of different staffing of each such matter category.

| Matter Number | Project Category Description | Hours | | Total Compensation | |
|---|---|---|---|---|---|
| | | Budgeted | Billed | Budgeted | Billed |
| 20 | Utilities | 137 - 171 | 112.20 | $106,500 - $133,000 | $96,557.00 |
| 21 | Insurance and Surety Matters | 123 - 153 | 17.00 | $119,500 - $149,000 | $15,749.00 |
| 22 | Tax Matters | 123 - 239 | 182.80 | $112,500 - $219,000 | $194,061.00 |
| 23 | Regulatory Matters | 141 - 178 | 269.90 | $135,000 - $170,000 | $274,177.00 |
| 24 | Claims Analysis & Objections | 211 - 425 | 195.50 | $177,000 - $356,500 | $169,053.50 |
| 25 | Creditor & Stakeholder Communications | 12 - 124 | 1.70 | $12,500 - $122,000 | $1,741.50 |
| 26 | Creditors' Committee Matters | 50 - 179 | 147.80 | $47,000 - $169,500 | $128,670.50 |
| 27 | K&E Retention & Fee Matters | 382 - 478 | 529.80 | $274,000 - $343,000 | $349,609.50 |
| 28 | Non-K&E Retention & Fee Matters | 172 - 216 | 152.10 | $135,000 - $170,000 | $133,899.00 |
| 29 | Case Administration | 328 - 413 | 304.00 | $270,000 - $340,000 | $270,202.50 |
| 30 | Hearings | 584 - 739 | 810.70 | $545,000 - $474,000 | $740,313.00 |
| 31 | Non-Working Travel | 44 - 56 | 0.00 | $41,000 - $52,000 | $0.00 |
| ***Totals*** | | **15,015 - 18,900** | **16,477.50** | **$13,590,500 - $16,897,000** | **$14,962,568.00** |

38. The following is a summary, by Matter Category, of the most significant professional services provided by K&E during the Fee Period. This summary is organized in accordance with K&E's internal system of matter numbers. The detailed descriptions demonstrate that K&E was heavily involved in performing services for the Debtors on a daily basis, often including night and weekend work, to meet the needs of the Debtors' estates in these chapter 11 cases. A schedule setting forth a description of the Matter Categories utilized in this case, the number of hours expended by K&E partners, associates and paraprofessionals by matter, and the aggregate fees associated with each matter is attached hereto as **Exhibit H**.

39. In addition, K&E's computerized records of time expended providing professional services to the Debtors and their estates are attached hereto as **Exhibit I**, and K&E's records of expenses incurred during the Fee Period in the rendition of professional services to the Debtors and their estates are attached as **Exhibit J**.

**(a) Chapter 11 Filing and First Day Preparation [Matter No. 7]**

Total Fees: $219,904.50
Total Hours: 270.40

40. This Matter Category includes time spent by K&E attorneys and paraprofessionals providing services relating to the filing of the Debtors' chapter 11 petitions and various "first day" pleadings and related notices during the initial days of these chapter 11 cases, including (a) reviewing and revising the Debtors' petitions and "first day" motions, proposed orders, affidavits and notices and (b) preparing for the "first day" hearing, including drafting hearing notes and related materials and preparing potential witnesses in connection with certain of the first day motions.

41. Specifically, the Debtors filed several motions seeking orders authorizing the Debtors to pay various prepetition claims. Entry of these orders eased the strain on the Debtors' relationships with employees, vendors, customers, and taxing authorities as a consequence of the commencement of these chapter 11 cases. Among other things, these orders authorized the Debtors to: (a) pay certain critical vendors, suppliers, and lien claimants; (b) pay certain prepetition employee wages and benefits; (c) maintain the Debtors' prepetition cash management systems; (d) use prepetition bank accounts, checks and other business forms; (e) make tax payments to federal, local, and state taxing authorities; (f) prohibit utility companies from discontinuing services; (g) file a consolidated creditors list; (h) continue their surety bond program; (i) maintain prepetition insurance policies and enter into new insurance policies; (j) consensually use cash collateral; and (k) terminate an accounts receivable facility and enter into the LC Facility. Many of these orders were negotiated among the Debtors, the U.S. Trustee, and certain other parties in interest.

**(b) Schedules & Statements [Matter No. 8]**

Total Fees: $64,247.50
Total Hours: 70.90

42. This Matter Category includes time spent by K&E attorneys and paraprofessionals providing services related to advising the Debtors, Prime Clerk LLC, and other advisors in connection with the preparation, review, revision, and filing of the Debtors' schedules of assets and liabilities and statements of financial affairs (the "Schedules and Statements") and 2015.3 reports. On August 12, 2020, the Debtors filed their schedules and statement of financial affairs for all Debtor entities. On August 13, 2020, the Debtors filed the 2015.3 reports. K&E attorneys advised the Debtors regarding drafting the Schedules and Statements and 2015.3 reports, attended regular conferences with the Debtors and their advisors regarding the same, and conferred and corresponded with the Debtors and K&E professionals regarding the monthly operating reports.

**(c) Automatic Stay Matters [Matter No. 9]**

Total Fees: $202,022.00
Total Hours: 218.00

43. This Matter Category includes time spent by K&E attorneys and paraprofessionals providing services relating to the imposition of the automatic stay. Specifically, K&E attorneys and paraprofessionals spent time:

(i) researching issues related to the automatic stay;

(ii) negotiating and drafting agreed orders and stipulations concerning any modifications to the automatic stay;

(iii) drafting and filing the *Debtors' Motion for Entry of Order Modifying the Automatic Stay, to the Extent Applicable, to Approve and Allow the Advancement of Defense Costs Under Insurance Policy* [Docket No. 438];

(iv) drafting and filing the *Debtors' Response to Motion of Sand Revolution II, LLC and Fevid Transport, LLC for Relief from the Automatic Stay* [Docket No. 439] regarding a contested turnover action (the "Sand Revolution Matter");

(v) drafting and filing the *Debtors' Response to Motion of Wingard Water Corporation, Charles D. Roberts, and Oral Wingard for Relief from the Automatic Stay* [Docket No. 678] (the "Wingard Motion") regarding an ongoing property rights and damage litigation; and

(vi) preparing for the October 19, 2020 hearing on the Wingard Motion.

**(d) U.S. Trustee & Statutory Reporting [Matter No. 10]**

Total Fees: $24,328.00
Total Hours: 27.70

44. This Matter Category includes time spent by K&E attorneys and paraprofessionals corresponding with the U.S. Trustee with respect to the following issues:

(i) preparing for the initial debtor interviews and Section 341 meeting;

(ii) negotiating with the U.S. Trustee on the relief sought by the Debtors for, among other items, the use of cash collateral and the First Day Motions; and

(iii) conducting discussions, phone calls and correspondence with the U.S. Trustee regarding "second day" motions, including motions establishing procedures for de minimis asset sales, claim settlements, compensation of ordinary course professionals, and executory contract and lease rejections, as well as responding to questions and comments regarding the same.

**(e) Adversary Proceedings/Contested Matters [Matter No. 11]**

Total Fees: $5,434,017.50
Total Hours: 6,203.60

45. This Matter Category includes time spent by K&E attorneys and paraprofessionals providing services relating to litigation, adversary proceedings, or other adversarial matters.

46. Specifically, K&E attorneys and paraprofessionals spent time:

(i) researching, drafting, and revising pleadings (including the Standing Objection, Prehearing Brief, and Sibelco Settlement Motion), proffers, and replies in support of various pleadings, and preparing witness and exhibits lists regarding the same;

(ii) preparing for and conducting depositions;

(iii) researching and analyzing factual circumstances related to the assessment and evaluation of potential claims;

(iv) researching and analyzing legal issues related to the Committee's investigation and Standing Motion;

(v) analyzing litigation strategies with the Debtors' management and other advisors;

(vi) analyzing and negotiating issues related to the Sand Revolution Matter and the Sibelco Settlement Motion;

(vii) collecting, reviewing, and producing thousands of documents in response to informal and formal discovery requests made by the Committee; and

(viii) preparing for contested hearings, including drafting talking points, trial exhibits, and other presentations and court materials, and preparing witnesses for hearings and deposition.

**(f) Financing & Cash Collateral [Matter No. 12]**

Total Fees: $1,007,500.00
Total Hours: 1,039.30

47. This Matter Category includes time spent by K&E attorneys and paraprofessionals addressing issues related to the Debtors' cash management system, securing the consensual use of cash collateral, and negotiating definitive documentation for the LC Facility, the new term loan and an exit asset-based lending facility.

48. In addition, K&E attorneys and paraprofessionals spent time:

(i) analyzing and discussing issues related to the Debtors' liquidity and financing needs with the Debtors' other advisors and stakeholders;

(ii) negotiating a cash collateral order with the Senior Creditors and other stakeholders;

(iii) drafting and finalizing the documentation for and obtaining the entry of an interim order [Docket No. 67] and a final order [Docket No. 404] approving the consensual use of cash collateral;

(iv) drafting and finalizing the documentation for and obtaining the entry of an interim order [Docket No. 86] and a final order [Docket No. 405] approving the LC Facility Motion;

(v) drafting the *Debtors' Emergency Motion for Entry of an Order (A) Authorizing the Debtors' Continuation of Certain Factoring Arrangements and (B) Granting Related Relief* [Docket No. 588];

(vi) drafting the *Debtors' Emergency Motion for Entry of an Order (I) Approving the Debtors' Entry Into an Exit Facility Commitment Letter, (II) Authorizing Payment of Fees and Expenses Thereunder, and (III) Granting Related Relief* [Docket No. 955];

(vii) negotiating an exit term facility with the Senior Creditors;

(viii) negotiating an exit asset-based lending facility term sheet to support go-forward business operations;

(ix) responding to requests for information and compliance regarding the use of cash collateral; and

(x) negotiating, drafting, and finalizing exit financing documentation that provided the Debtors with sufficient liquidity and letter of credit capacity to support operations upon emergence.

**(g) Plan / Disclosure Statement / Confirmation [Matter No. 13]**

Total Fees: $2,459,356.00
Total Hours: 2,485.10

49. This Matter Category includes time spent by K&E attorneys and paraprofessionals providing services related to developing the Plan and related Disclosure Statement in connection with these chapter 11 cases, as well as obtaining confirmation of the Plan. Specifically, K&E attorneys and paraprofessionals spent time:

(i) researching, reviewing, and evaluating precedent regarding plan strategies and components, including issues related to confirmation of a chapter 11 plan of reorganization;

(ii) drafting, revising, compiling, and filing the Plan and related Disclosure Statement, as well as the motion seeking approval of the Disclosure Statement and to solicit acceptance of the Plan;

(iii) drafting, revising, and filing the *Supplement for the Joint Chapter 11 Plan of Reorganization of Covia Holdings Corporation and Its Debtor Affiliates* [Docket Nos. 803, 811 (as corrected)] (the "Plan Supplement"), the *Amended Supplement for the Modified First Amended Joint Chapter 11 Plan of Reorganization of Covia*

*Holdings Corporation and Its Debtor Affiliates* [Docket No. 952], and related documents;

(iv) preparing for and prosecuting approval of the Disclosure Statement;

(v) drafting a reply in support of the Disclosure Statement and to various objections thereto;

(vi) reviewing and analyzing complex bankruptcy, corporate, and tax issues related to the Plan;

(vii) participating in numerous telephone conferences, corresponding with, and drafting correspondence to, the Debtors, their advisors, and other parties in interest with respect to the Plan and Disclosure Statement;

(viii) engaging in discussions with the Debtors' stakeholders to secure their support for the Plan and Disclosure Statement;

(ix) negotiating settlements with certain stakeholders, including negotiating settlements with the SEC, the Committee, Senior Creditors, and Sibelco;

(x) drafting, revising, and finalizing the *Debtors' Memorandum of Law in Support of Confirmation of the Modified First Amended Joint Chapter 11 Plan of Reorganization of Covia Holdings Corporation and Its Debtor Affiliates* [Docket No. 945] (the "Confirmation Brief") and the Confirmation Order, including negotiating resolutions to formal and informal objections to confirmation of the Plan;

(xi) preparing for and prosecuting confirmation of the Plan, including drafting and revising proffers in support of confirmation; and

(xii) preparing for emergence from chapter 11.

**(h) Business Operations [Matter No. 14]**

Total Fees: $45,097.50
Total Hours: 41.90

50. It was important that the Debtors and their advisors create and implement an all-encompassing and cohesive strategy for maintaining business operations with minimal disruptions during the course of the Debtors' chapter 11 cases. K&E attorneys and paraprofessionals spent time developing a strategy with the Debtors to ensure a smooth transition

into chapter 11 and to ensure that going forward the business operations continue without interruption. This work included advising the Debtors with respect to the development of their business plan and counseling the Debtors with regards to various operational issues as well as operating their business as debtors in possession.

**(i) Corporate & Governance Matters [Matter No. 15]**

Total Fees: $906,559.50
Total Hours: 1,051.20

51. This Matter Category includes time spent by K&E attorneys and paraprofessionals advising the Debtors and the Board of Directors (the "Board") regarding general corporate matters during the pendency of these chapter 11 cases. Specifically, K&E attorneys and paraprofessionals spent time:

(i) complying with corporate governance requirements, including drafting and revising board minutes, resolutions, certificates, and amendments to corporate documents, as necessary;

(ii) reviewing, analyzing, and drafting various documents and agreements related to implementation of the Debtors' corporate restructuring;

(iii) preparing SEC filings;

(iv) implementing corporate authorizations and contracts needed for consummation of the Plan;

(v) negotiating a post-emergence governance term sheet with the Senior Creditors;

(vi) participating in numerous telephone conferences and corresponding with the Debtors, their advisors, and other parties in interest; and

(vii) preparing for and participating in meetings with the Debtors' board of directors and management team in connection with corporate and financial aspects of the chapter 11 process.

**(j)** **<u>Use, Sale & Disposition of Property [Matter No. 16]</u>**

Total Fees: $74,433.50
Total Hours: 80.10

52. This Matter Category includes time spent by K&E attorneys and paraprofessionals providing services relating to the disposition of the Debtors' assets. Specifically, K&E attorneys and paraprofessionals spent time:

(i) drafting and revising documentation regarding de minimis asset sales;

(ii) obtaining entry of the *Order to Approve Procedures for De Minimis Asset Transactions* [Docket No. 303];

(iii) finalizing and documenting the sale of certain real property [Docket No. 408]; and

(iv) performing due diligence, researching, and reviewing contracts regarding the transfer of various assets of the Debtors.

**(k)** **<u>Executory Contracts & Unexpired Leases [Matter No. 17]</u>**

Total Fees: $1,622,170.50
Total Hours: 1,755.40

53. This Matter Category includes time spent by K&E attorneys examining issues related to the Debtors' executory contracts and unexpired leases. K&E attorneys spent time researching, analyzing, renegotiating, or rejecting the Debtors' obligations under their various executory contracts and unexpired leases. Specifically, K&E attorneys spent time:

(i) performing a comprehensive analysis of the Debtors' contracts and leases and evaluating whether to restructure, replace, or terminate the contracts and leases using the tools available in chapter 11;

(ii) obtaining entry of the Railcar Rejection Order, and negotiating use agreements with 14 railcar lessors to facilitate the use of rejected railcars during the transition to replacement railcars, as well as the orderly disposition of rejected railcars;

(iii) filing three notices of rejection of certain executory contracts and unexpired leases [Docket Nos. 415, 694, and 747], obtaining entry of the corresponding orders approving the proposed rejections

[Docket Nos. 540, 760, and 867], and resolving objections with respect to specific proposed rejections [Docket Nos. 721 and 888];

(iv) responding and resolving informal and formal objections to the Debtors' rejection of certain executory contracts and unexpired leases;

(v) coordinating with the Debtors, their advisors, and various contract counterparties regarding treatment of the respective executory contracts or unexpired leases;

(vi) negotiating definitive transaction documents with the four go-forward Railcar Lessors;

(vii) filing four motions to assume certain railcar leases [Docket Nos. 480, 482, 484, and 776] and the definitive documentation in connection therewith;

(viii) filing the motion to assume certain agreements with a railroad counterparty [Docket No. 795]; and

(ix) advising the Debtors with respect to their rights and obligations under their executory contracts and unexpired leases under relevant bankruptcy and non-bankruptcy law.

**(l) <u>Vendor Matters [Matter No. 18]</u>**

Total Fees: $186,100.00
Total Hours: 223.70

54. This Matter Category includes time spent by K&E attorneys and paraprofessionals advising the Debtors on vendor and supplier issues, including with respect to first day relief and postpetition business activities. Specifically, K&E attorneys and paraprofessionals spent time:

(i) corresponding with the K&E team, the Debtors, and their vendors regarding prepetition activities; and

(ii) negotiating with vendors regarding trade agreements to facilitate continuous operations.

**(m) <u>Employee & Labor Matters [Matter No. 19]</u>**

Total Fees: $342,798.00
Total Hours: 286.70

55. This Matter Category includes time spent by K&E attorneys and paraprofessionals

reviewing and analyzing employee agreements, incentive plans, compensation matters, defined benefit pension plan documents, and issues around collective bargaining agreement negotiations. Specifically, K&E attorneys and paraprofessionals spent time:

(i) corresponding with the Pension Benefit Guaranty Corporation and certain multiemployer pension plans concerning continuation of pension programs following the Effective Date;

(ii) negotiating and finalizing a management incentive plan;

(iii) negotiating and drafting new employment agreements and corresponding indemnity agreements for each of the members of the Debtors' senior management team; and

(iv) negotiating language in the Confirmation Order concerning defined benefit pension plan obligations and collective bargaining agreements.

**(n) Utilities [Matter No. 20]**

Total Fees: $96,557.00
Total Hours: 112.20

56. This Matter Category includes time spent by K&E attorneys and paraprofessionals providing services relating to utility issues arising in connection with filing these chapter 11 cases. Specifically, K&E attorneys and paraprofessionals spent time responding to requests for provision of additional adequate assurance from utility providers, negotiating resolutions of the same, and researching related issues.

**(o) Insurance and Surety Matters [Matter No. 21]**

Total Fees: $15,749.00
Total Hours: 17.00

57. This Matter Category includes time spent by K&E attorneys and paraprofessionals providing services related to ensuring that Debtors' insurance policies were maintained during these chapter 11 cases. Specifically, K&E attorneys and paraprofessionals spent time securing the Court's approval to maintain prepetition insurance policies, premium financing agreements, and

surety bonds, and enter into new insurance policies and premium financing agreements. Specifically, K&E attorneys and paraprofessionals spent time:

(i) assisting the Debtors in entering into replacement insurance policies upon the expiration of prepetition policies provided through Sibelco; and

(ii) negotiating Confirmation Order provisions governing continuation of the Debtors' surety bond coverage.

**(p) Tax Matters [Matter No. 22]**

Total Fees: $194,061.00
Total Hours: 182.80

58. This Matter Category includes time spent by K&E attorneys and paraprofessionals conducting legal research, preparing correspondence and pleadings, and generally advising the Debtors on tax issues relating to or arising during the chapter 11 cases. During the Fee Period, K&E attorneys were responsible for researching and analyzing certain tax issues arising in connection with the Debtors' business operations, including the following:

(i) researching and analyzing taxation-related issues with respect to the Debtors' restructuring and corresponding with the Debtors and third parties regarding such matters;

(ii) analyzing tax issues related to the implementation of the Plan;

(iii) preparing the restructuring transaction steps required for the Debtors to emerge from chapter 11; and

(iv) coordinating with relevant stakeholders to ensure compliance with the appropriate restructuring steps.

**(q) Regulatory Matters [Matter No. 23]**

Total Fees: $274,177.00
Total Hours: 269.90

59. This Matter Category includes time spent by K&E attorneys and paraprofessionals advising the Debtors on various regulatory matters. Specifically, K&E attorneys and paraprofessionals spent time evaluating regulatory issues and ensuring compliance with state,

federal, and local requirements, including analyses of environmental rules and regulations and compliance with SEC filing requirements. Additionally, K&E attorneys and paraprofessionals evaluated various antitrust considerations and sought the necessary regulatory approvals, including submitting a Hart-Scott-Rodino filing with the Federal Trade Commission and Department of Justice.

**(r) Claims Analysis & Objections [Matter No. 24]**

Total Fees: $169,053.50
Total Hours: 195.50

60. This Matter Category includes time K&E attorneys and paraprofessionals spent on matters related to claims administration and claims-related issues. Specifically, K&E attorneys and paraprofessionals spent time:

(i) analyzing the claims administration process;

(ii) researching and analyzing legal issues related to railcar lessors' assertion of administrative expense claims;

(iii) negotiating with the Debtors' special litigation counsel, the Debtors, and counsel for various railcar lessors regarding railcar claims;

(iv) obtaining court approval for the *Order (I) Setting Bar Dates for Filing Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (III) Approving the Form of and Manner for Filing Proofs of Claim, Including Section 503(b)(9) Requests, (IV) Approving the Notice of Bar Dates, and (V) Granting Related Relief* [Docket No. 302]; and

(v) corresponding with advisors and stakeholders regarding claims and negotiations related thereto.

**(s) Creditor & Stakeholder Communication [Matter No. 25]**

Total Fees: $1,741.50
Total Hours: 1.70

61. This Matter Category includes time spent by K&E attorneys and paraprofessionals communicating with the advisors to the Debtors' various creditor and stakeholder constituencies.

Specifically, K&E attorneys and paraprofessionals spent time discussing various postpetition matters with the prepetition lenders.

**(t) Creditors' Committee Matters [Matter No. 26]**

Total Fees: $128,670.50
Total Hours: 147.80

62. This Matter Category includes time spent by K&E attorneys meeting and corresponding with the Committee's advisors and the Debtors' prepetition lenders and their advisors to provide updates as to developments in the cases, providing relevant information and access to the Debtors and their records as requested, and responding to miscellaneous creditor inquiries. During the Fee Period, K&E attorneys and paraprofessionals organized, prepared for, and attended the formational creditors' meeting. K&E attorneys and paraprofessionals also spent time responding to information requests from the Committee and coordinating with the Debtors' other advisors to create and maintain a data site to respond to diligence requests.

**(u) K&E Retention & Fee Matters [Matter No. 27]**

Total Fees: $349,609.50
Total Hours: 529.80

63. This Matter Category includes time spent by K&E attorneys and paraprofessionals providing services related to the retention of K&E as the Debtors' counsel. Specifically, K&E attorneys and paraprofessionals spent time:

(i) preparing pleadings and a comprehensive conflict analysis necessary to obtain the order of the Court approving the employment of K&E to represent the Debtors;

(ii) implementing internally established procedures which require the continuous analysis of potential new conflicts;

(iii) preparing updated professional disclosures for filing with the Court;

(iv) preparing and distributing K&E's monthly fee statements in accordance with the Interim Compensation Order; and

        (v) reviewing all time entries to ensure compliance with the Interim Compensation Order and applicable provisions of the Bankruptcy Code, and to make necessary redactions to preserve the confidentiality of the work performed for the Debtors.

**(v) <u>Non-K&E Retention & Fee Matters [Matter No. 28]</u>**

Total Fees: $133,899.00
Total Hours: 152.10

64. This Matter Category includes time spent by K&E attorneys and paraprofessionals providing services related to ensuring the retention of the Debtors' other professionals in these chapter 11 cases. Specifically, K&E attorneys and paraprofessionals spent time:

(i) coordinating the preparation and filing of retention applications of Prime Clerk LLC [Docket No. 27], Ernst & Young LLP [Docket No. 124], Kobre & Kim LLP [Docket No. 128], KPMG LLP [Docket No. 129]; AlixPartners, LLP [Docket No. 134], PJT Partners LP [Docket No. 130], and DLA Piper LLP (US) [Docket No. 155];

(ii) coordinating with the Debtors and their other advisors with respect to ordinary course professional retentions and complying with the related disclosure requirements of applicable provisions of the Bankruptcy Code;

(iii) drafting and filing the *Motion for Entry of an Order Authorizing the Retention and Compensation of Certain Professionals Utilized in the Ordinary Course of Business* [Docket No. 123]; and

(iv) reviewing retention applications filed by the Committee's professionals and coordinating with the Committee to address the Debtors' concerns regarding these retentions and reviewing related fee statements.

**(w) <u>Case Administration [Matter No. 29]</u>**

Total Fees: $270,202.50
Total Hours: 304.00

65. This Matter Category includes time spent on a variety of tasks that were necessary to ensure the efficient and smooth administration of legal services related to the Debtors' chapter

11 cases. Specifically, K&E attorneys and paraprofessionals spent time:

(i) coordinating, managing, and administering these chapter 11 cases on a daily basis, including monitoring critical dates and maintaining a case calendar, task lists, and work-in-process reports;

(ii) organizing and maintaining voluminous document files for these chapter 11 cases;

(iii) monitoring the case docket and reviewing docket entries as they are filed to apprise the Debtors of developments in these chapter 11 cases; and

(iv) conducting regular conferences internally with both bankruptcy and non-bankruptcy professionals and with the Debtors and their other advisors regarding the overall case status.

66. Time billed to this Matter Category also includes work and meetings related to multiple matters such that the time cannot be easily allocated to one of the other matters.

**(x) Hearings [Matter No. 30]**

Total Fees: $740,313.00
Total Hours: 810.70

67. This Matter Category includes time spent by K&E attorneys and paraprofessionals providing services related to preparing for and attending several hearings during the Fee Period (each a "Hearing" and, collectively, the "Hearings"), including preparing agendas, orders, and binders related to Hearings, settling orders before and after Hearings, and corresponding with various parties in preparation for, and after the Hearings. These services also included conferences to discuss multiple matters scheduled for a specific Hearing and coordinating Hearing logistics. During the Fee Period, K&E attorneys and paraprofessionals spent considerable time preparing for and attending Hearings including:

(i) the "first day" hearing on June 30, 2020;

(ii) the hearing on July 29, 2020 regarding the Railcar Rejection Motion, the Cash Collateral Motion, and the LC Facility Motion;

(iii) the hearing on August 3, 2020 regarding final relief on orders entered at the first day hearing;

(iv) the hearing on August 13, 2020 regarding the Cash Management Motion;

(v) the hearing on August 27, 2020 regarding Sand Revolution II LLC's motion for relief from stay;

(vi) the hearing on October 5, 2020 regarding the Disclosure Statement;

(vii) the hearing on October 19, 2020 regarding the Wingard Motion;

(viii) the status conference on November 19, 2020 regarding the Standing Motion and the Sibelco Settlement Motion;

(ix) the pretrial conference on December 2, 2020 regarding the Standing Motion; and

(x) the Confirmation Hearing on December 7-9, 2020; December 11, 2020; and December 14, 2020.

**Actual and Necessary Expenses Incurred by K&E**

68. As set forth in **Exhibit I** attached hereto, and as summarized in **Exhibit G** attached hereto, K&E has incurred a total of $278,782.37 in expenses on behalf of the Debtors during the Fee Period. These charges are intended to reimburse K&E's direct operating costs, which are not incorporated into the K&E hourly billing rates. K&E charges external copying and computer research at the provider's cost without markup. Only clients who actually use services of the types set forth in **Exhibit I** of this Fee Application are separately charged for such services. The effect of including such expenses as part of the hourly billing rates would impose that cost upon clients who do not require extensive photocopying and other facilities and services.

**Reasonable and Necessary Services Provided by K&E**

**A. Reasonable and Necessary Fees Incurred in Providing Services to the Debtors.**

69. The foregoing professional services provided by K&E on behalf of the Debtors during the Fee Period were reasonable, necessary, and appropriate to the administration of these

chapter 11 cases and related matters.

70. Many of the services performed by partners and associates of K&E were provided by K&E's Restructuring Group. K&E has a prominent practice in this area and enjoys a national and international reputation for its expertise in financial reorganizations and restructurings of troubled companies, with over 150 attorneys focusing on this area of the law. The attorneys at K&E have represented either the debtor or the creditors' committee or have acted as special counsel in many large chapter 11 cases.

71. In addition, due to the facts and circumstances of these chapter 11 cases, attorneys from K&E's Litigation, Corporate and Tax groups were heavily involved with K&E's representation of the Debtors. These practice groups also enjoy a national and international reputation for their expertise. Overall, K&E brings to these chapter 11 cases a particularly high level of skill and knowledge, which inured to the benefit of the Debtors and all stakeholders.

**B. Reasonable and Necessary Expenses Incurred in Providing Services to the Debtors.**

72. The time constraints imposed by the circumstances of these chapter 11 cases required K&E attorneys and other employees to devote substantial time during the evenings and on weekends to perform services on behalf of the Debtors. These services were essential to meet deadlines, respond to daily inquiries from various creditors and other parties in interest on a timely basis, and satisfy the demands of the Debtors' businesses and ensure the orderly administration of their estates. Consistent with firm policy, and as further disclosed in the Retention Application, K&E attorneys and other K&E employees who worked late in the evenings or on weekends were reimbursed for their reasonable meal and transportation costs. K&E's regular practice is not to include components for those charges in overhead when establishing billing rates, but rather to charge its clients for these and all other out-of-pocket disbursements incurred during the regular course of the rendition of legal services.

73. In addition, due to the location of the Debtors' businesses, co-counsel, creditors, and other parties in interest in relation to K&E's offices, frequent multi-party telephone conferences involving numerous parties were required. On many occasions, the exigencies and circumstances of these chapter 11 cases required overnight delivery of documents and other materials. The disbursements for such services are not included in K&E's overhead for the purpose of setting billing rates and K&E has made every effort to minimize its disbursements in these chapter 11 cases. The actual expenses incurred in providing professional services were necessary, reasonable, and justified under the circumstances to serve the needs of the Debtors in these chapter 11 cases.

74. Among other things, K&E makes sure that all overtime meals, travel meals, hotel rates, and airfares are reasonable and appropriate expenses for which to seek reimbursement. Specifically, K&E regularly reviews its bills to ensure that the Debtors are only billed for services that were actual and necessary and, where appropriate, prorates expenses. In that regard, K&E will waive certain fees and reduce its expenses if necessary. In the Fee Period, K&E voluntarily reduced its fees by $21,781.50 and expenses by $6,449.02. Consequently, K&E does not seek payment of such fees or reimbursement of such expenses in the Fee Application.

**K&E's Requested Compensation and Reimbursement Should be Allowed**

75. Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code to govern the Court's award of such compensation. Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

In determining the amount of reasonable compensation to be awarded, the court should consider the nature, extent, and the value of such services, taking into account all relevant factors, including—

(a) the time spent on such services;

(b) the rates charged for such services;

(c) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(d) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

(e) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

76. K&E respectfully submits that the services for which it seeks compensation in this Fee Application were, at the time rendered, necessary for and beneficial to the Debtors and their estates and were rendered to protect and preserve the Debtors' estates. K&E further believes that it performed the services for the Debtors economically, effectively, and efficiently, and the results obtained benefited not only the Debtors, but also the Debtors' estates and the Debtors' constituents. K&E further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Debtors, their estates, and all parties in interest.

77. During the Fee Period, K&E's hourly billing rates for attorneys ranged from $610.00 to $1,845.00. The hourly rates and corresponding rate structure utilized by K&E in these chapter 11 cases are equivalent to the hourly rates and corresponding rate structure used by K&E for restructuring, workout, bankruptcy, insolvency, and comparable matters, and similar complex corporate, securities, and litigation matters, whether in court or otherwise, regardless of whether a fee application is required. K&E strives to be efficient in the staffing of matters. These rates and

the rate structure reflect that such matters are typically national in scope and involve great complexity, high stakes, and severe time pressures—all of which were present in these chapter 11 cases.

78. Moreover, K&E's hourly rates are set at a level designed to compensate K&E fairly for the work of its attorneys and paraprofessionals and to cover certain fixed and routine overhead expenses. Hourly rates vary with the experience and seniority of the individuals assigned. These hourly rates are subject to periodic adjustments to reflect economic and other conditions and are consistent with the rates charged elsewhere.

79. In sum, K&E respectfully submits that the professional services provided by K&E on behalf of the Debtors and their estates during these chapter 11 cases were necessary and appropriate given the complexity of these chapter 11 cases, the time expended by K&E, the nature and extent of K&E's services provided, the value of K&E's services, and the cost of comparable services outside of bankruptcy, all of which are relevant factors set forth in section 330 of the Bankruptcy Code. Accordingly, K&E respectfully submits that approval of the compensation sought herein is warranted and should be approved.

80. No previous application for the relief sought herein has been made to this or any other Court.

**Reservation of Rights and Notice**

81. It is possible that some professional time expended or expenses incurred during the Fee Period are not reflected in the Fee Application. K&E reserves the right to include such amounts in future fee applications. In addition, the Debtors have provided notice of this Fee Application to: (a) co-counsel to the Debtors, Jackson Walker L.L.P.; (b) counsel to the Ad Hoc Term Lender Group, Paul, Weiss, Rifkind, Wharton & Garrison LLP; (c) the U.S. Trustee; (d) counsel to the Official Committee of Unsecured Creditors, Morgan, Lewis & Bockius LLP; and

(e) those persons who have formally appeared and requested service in these cases pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties"). Pursuant to the Interim Compensation Order, any party, other than the Notice Parties, that wishes to object to the Fee Application, must file its objection with the Court, with a copy to Chambers and serve it on the affected professional and the Notice Parties within 21 days after the filing of the Fee Application.

**No Prior Request**

82. No prior application for the relief requested herein has been made to this or any other court.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, K&E respectfully requests that the Court enter an order (a) awarding K&E final compensation for professional and paraprofessional services provided during the Fee Period in the amount of $14,962,568.00, and reimbursement of actual, reasonable and necessary expenses incurred in the Fee Period in the amount of $278,782.37; (b) authorizing and directing the Debtors to remit payment to K&E for such fees and expenses; and (c) granting such other relief as is appropriate under the circumstances.

Houston, Texas
February 9, 2021

Respectfully Submitted,

*/s/ Jonathan S. Henes, P.C.*

Jonathan S. Henes, P.C. (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
Email: jonathan.henes@kirkland.com

-and-

Scott J. Vail (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: scott.vail@kirkland.com

*Co-Counsel to the Debtors*
*and Debtors in Possession*

**Certificate of Service**

   I certify that on February 9, 2021, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                */s/ Matthew D. Cavenaugh*
                Matthew D. Cavenaugh

# Exhibit F

**Summary of Total Fees Incurred and Hours Billed During the Fee Period**

| Attorney Name | Position | Department | Date of Admission | Fees Billed In this Application | Hours Billed In this Application | Number of Rate Increases | Hourly Rate Billed | | Fees Billed In this Application at First Interim Application Billing Rate |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | In this Application | In the First Interim Application | |
| Gabor Balassa, P.C. | Partner | Litigation - General | 1997 | $745,132.50 | 473.10 | N/A | $1,575.00 | $1,575.00 | $745,132.50 |
| Daniel T. Donovan, P.C. | Partner | Litigation - General | 1997 | $226,543.50 | 155.70 | N/A | $1,455.00 | $1,455.00 | $226,543.50 |
| Stephen C. Hackney, P.C. | Partner | Litigation - General | 1997 | $1,525.00 | 1.00 | N/A | $1,525.00 | $1,525.00 | $1,525.00 |
| Jonathan S. Henes, P.C. | Partner | Restructuring | 1997 | $544,618.50 | 333.10 | N/A | $1,635.00 | $1,635.00 | $544,618.50 |
| Melissa J. Hutson, P.C. | Partner | Corporate - Debt Finance | 2003 | $153,279.50 | 96.10 | N/A | $1,595.00 | $1,595.00 | $153,279.50 |
| Ian G. John, P.C. | Partner | Litigation - Antitrust/Competition | 1996 | $32,700.00 | 20.00 | N/A | $1,635.00 | $1,635.00 | $32,700.00 |
| Joshua Korff, P.C. | Partner | Corporate - Capital Markets | 1994 | $5,582.50 | 3.50 | N/A | $1,595.00 | $1,595.00 | $5,582.50 |
| Thomas Laughlin, P.C. | Partner | Corporate - M&A/Private Equity | 2010 | $19,762.50 | 15.50 | N/A | $1,275.00 | $1,275.00 | $19,762.50 |
| Mario Mancuso, P.C. | Partner | International Trade | 1997 | $5,232.00 | 3.20 | N/A | $1,635.00 | $1,635.00 | $5,232.00 |
| Scott D. Price, P.C. | Partner | Executive Compensation | 1998 | $58,369.50 | 35.70 | N/A | $1,635.00 | $1,635.00 | $58,369.50 |
| Eric L. Schiele, P.C. | Partner | Corporate - M&A/Private Equity | 2001 | $42,108.00 | 26.40 | N/A | $1,595.00 | $1,595.00 | $42,108.00 |
| Josh Sussberg, P.C. | Partner | Restructuring | 2004 | $327.00 | 0.20 | N/A | $1,635.00 | $1,635.00 | $327.00 |
| Paul D. Tanaka, P.C. | Partner | Environment - Transactional | 2003 | $1,224.00 | 0.90 | N/A | $1,360.00 | $1,360.00 | $1,224.00 |
| Toby Chun | Partner | Environment - Transactional | 2003 | $11,115.00 | 9.00 | N/A | $1,235.00 | $1,235.00 | $11,115.00 |
| Ian Craig | Partner | Real Estate | 2014 | $2,270.00 | 2.00 | N/A | $1,135.00 | $1,135.00 | $2,270.00 |
| Adria M. Crowe | Partner | Employee Benefits | 2012 | $11,123.00 | 9.80 | 1 | $1,135.00 | $1,085.00 | $10,633.00 |
| | Associate | | | $4,882.50 | 4.50 | | $1,085.00 | $1,085.00 | $4,882.50 |
| | | | | $27,580.50 | 24.30 | | $1,135.00 | $1,085.00 | $26,365.50 |
| Susan D. Golden | Partner | Restructuring | 1988 | $1,997.50 | 1.70 | N/A | $1,175.00 | $1,175.00 | $1,997.50 |
| John Thomas Goldman | Partner | Real Estate | 2002 | $8,604.00 | 7.20 | N/A | $1,195.00 | $1,195.00 | $8,604.00 |
| Erik Hepler | Partner | Corporate - Debt Finance | 1990 | $10,332.00 | 7.20 | N/A | $1,435.00 | $1,435.00 | $10,332.00 |
| Carla A.R. Hine | Partner | Litigation - Antitrust/Competition | 2005 | $349.50 | 0.30 | N/A | $1,165.00 | $1,165.00 | $349.50 |
| Luke R. Jennings | Partner | Corporate - Capital Markets | 2012 | $55,104.50 | 47.30 | N/A | $1,165.00 | $1,165.00 | $55,104.50 |
| Howard Kaplan | Partner | Litigation - General | 2011 | $181,633.50 | 162.90 | N/A | $1,115.00 | $1,115.00 | $181,633.50 |

| Attorney Name | Position | Department | Date of Admission | Fees Billed In this Application | Hours Billed In this Application | Number of Rate Increases | Hourly Rate Billed | | Fees Billed In this Application at First Interim Application Billing Rate |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | In this Application | In the First Interim Application | |
| Jonathan E. Kidwell | Partner | Environment - Transactional | 2009 | $52,240.50 | 42.30 | N/A | $1,235.00 | $1,235.00 | $52,240.50 |
| Janette A. McMahan | Partner | Corporate - Asset Finance/Securitization | 1998 | $15,066.00 | 10.80 | N/A | $1,395.00 | $1,395.00 | $15,066.00 |
| Alexandra Mihalas | Partner | Employee Benefits | 1991 | $24,042.50 | 16.30 | N/A | $1,475.00 | $1,475.00 | $24,042.50 |
| Matt Owen | Partner | Litigation - General | 2009 | $432,634.50 | 395.10 | N/A | $1,095.00 | $1,095.00 | $432,634.50 |
| William T. Pruitt | Partner | Litigation - General | 2004 | $5,368.00 | 4.40 | N/A | $1,220.00 | $1,220.00 | $5,368.00 |
| Benjamin M. Rhode | Partner | Restructuring | 2012 | $1,108,730.50 | 951.70 | N/A | $1,165.00 | $1,165.00 | $1,108,730.50 |
| Mike Robert-Smith | Partner | Litigation - Antitrust/Competition | | $24,097.50 | 18.90 | N/A | $1,275.00 | $1,275.00 | $24,097.50 |
| Alex Rose | Partner | Corporate - M&A/Private Equity | 2012 | $299,860.00 | 255.20 | N/A | $1,175.00 | $1,175.00 | $299,860.00 |
| Erica Rozow | Partner | Employee Benefits | 2013 | $567.50 | 0.50 | N/A | $1,135.00 | $1,135.00 | $567.50 |
| Michael A. Schulman | Partner | Labor & Employment | 2012 | $5,575.00 | 5.00 | N/A | $1,115.00 | $1,115.00 | $5,575.00 |
| Anthony Vincenzo Sexton | Partner | Taxation | 2011 | $80,833.50 | 63.90 | N/A | $1,265.00 | $1,265.00 | $80,833.50 |
| Megan Spelman | Partner | Corporate - M&A/Private Equity | 2014 | $11,804.00 | 10.40 | N/A | $1,135.00 | $1,135.00 | $11,804.00 |
| Jack Stratton | Partner | Executive Compensation | 2013 | $84,812.00 | 72.80 | N/A | $1,165.00 | $1,165.00 | $84,812.00 |
| Holly Trogdon | Partner | Litigation - General | 2014 | $512,050.00 | 490.00 | N/A | $1,045.00 | $1,045.00 | $512,050.00 |
| | Associate | | | $3,866.50 | 3.70 | | $1,045.00 | $1,045.00 | $3,866.50 |
| Frank Wei | Partner | Technology & IP Transactions | 2014 | $454.00 | 0.40 | N/A | $1,135.00 | $1,135.00 | $454.00 |
| June K. Burton | Of Counsel | Litigation - Antitrust/Competition | 1997 | $16,372.50 | 17.70 | N/A | $925.00 | $925.00 | $16,372.50 |
| Jessica Busan | Of Counsel | Litigation - Antitrust/Competition | 1999 | $8,325.00 | 9.00 | N/A | $925.00 | $925.00 | $8,325.00 |
| Ibe I. Alozie | Associate | Corporate - General | 2019 | $7,076.00 | 11.60 | 1 | $610.00 | $610.00 | $7,076.00 |
| | | | | $44,400.00 | 60.00 | | $740.00 | $610.00 | $36,600.00 |
| East Berhane | Associate | Corporate - Debt Finance | 2015 | $4,657.50 | 4.50 | 1 | $1,035.00 | $1,035.00 | $4,657.50 |
| | | | | $289,369.50 | 266.70 | | $1,085.00 | $1,035.00 | $276,034.50 |
| Amarto Bhattacharyya | Associate | Litigation - General | 2017 | $4,008.00 | 4.80 | 1 | $835.00 | $835.00 | $4,008.00 |
| | | | | $592,185.00 | 640.20 | | $925.00 | $835.00 | $534,567.00 |
| Lindsey Blum | Associate | Restructuring | 2018 | $312,724.00 | 422.60 | N/A | $740.00 | $740.00 | $312,724.00 |
| Catalina Bravo Correa | Associate | Corporate - General | 2019 | $10,212.00 | 13.80 | 1 | $740.00 | $740.00 | $10,212.00 |
| | | | | $18,167.50 | 21.50 | | $845.00 | $740.00 | $15,910.00 |

| Attorney Name | Position | Department | Date of Admission | Fees Billed In this Application | Hours Billed In this Application | Number of Rate Increases | Hourly Rate Billed | | Fees Billed In this Application at First Interim Application Billing Rate |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | In this Application | In the First Interim Application | |
| | | Corporate - Debt Finance | | $159,198.00 | 188.40 | | $845.00 | $740.00 | $139,416.00 |
| Theodore D. Brown | Associate | Employee Benefits | 2019 | $1,403.00 | 2.30 | 1 | $610.00 | $610.00 | $1,403.00 |
| | | | | $3,922.00 | 5.30 | | $740.00 | $610.00 | $3,233.00 |
| Tyler Burgess | Associate | Environment - Transactional | 2014 | $6,675.50 | 7.90 | N/A | $845.00 | $845.00 | $6,675.50 |
| Spencer Caldwell-McMillan | Associate | Restructuring | 2019 | $19,980.00 | 27.00 | 1 | $740.00 | $740.00 | $19,980.00 |
| | | | | $101,484.50 | 120.10 | | $845.00 | $740.00 | $88,874.00 |
| Daniel Cho | Associate | Real Estate | 2017 | $17,080.50 | 17.70 | N/A | $965.00 | $965.00 | $17,080.50 |
| Erica D. Clark | Associate | Restructuring | 2019 | $67,431.00 | 79.80 | N/A | $845.00 | $845.00 | $67,431.00 |
| Jack Coles | Associate | Litigation - Antitrust/Competition | | $16,783.50 | 20.10 | N/A | $835.00 | $835.00 | $16,783.50 |
| Katharine C. Collins | Associate | Litigation - General | 2020 | $427,677.50 | 589.90 | N/A | $725.00 | $725.00 | $427,677.50 |
| Christian S. Daniel | Associate | Litigation - General | 2019 | $134,602.00 | 161.20 | N/A | $835.00 | $835.00 | $134,602.00 |
| Caroline Darmody | Associate | Litigation - General | 2020 | $27,477.50 | 37.90 | N/A | $725.00 | $725.00 | $27,477.50 |
| James Dolphin III | Associate | Environment - Transactional | 2015 | $46,438.00 | 42.80 | N/A | $1,085.00 | $1,085.00 | $46,438.00 |
| John C. Elkins | Associate | Corporate - General | 2019 | $27,010.00 | 36.50 | N/A | $740.00 | $740.00 | $27,010.00 |
| Katherine Epstein | Associate | Litigation - General | 2018 | $17,575.00 | 19.00 | N/A | $925.00 | $925.00 | $17,575.00 |
| Cassandra E. Fenton | Associate | Litigation - General | 2017 | $918.50 | 1.10 | 1 | $835.00 | $835.00 | $918.50 |
| | | | | $715,302.50 | 773.30 | | $925.00 | $835.00 | $645,705.50 |
| Whitney Greer | Associate | Corporate - General | | $57,054.00 | 77.10 | N/A | $740.00 | $740.00 | $57,054.00 |
| Matt Gubernikoff | Associate | Corporate - Asset Finance/Securitization | 2017 | $1,480.00 | 2.00 | 1 | $740.00 | $740.00 | $1,480.00 |
| | | | | $24,336.00 | 28.80 | | $845.00 | $740.00 | $21,312.00 |
| Michael Guzowski | Associate | Real Estate | 2021 | $6,161.00 | 10.10 | N/A | $610.00 | $610.00 | $6,161.00 |
| Ben Hardison | Associate | Corporate - M&A/Private Equity | 2015 | $15,835.50 | 15.30 | 1 | $1,035.00 | $1,035.00 | $15,835.50 |
| | | | | $168,717.50 | 155.50 | | $1,085.00 | $1,035.00 | $160,942.50 |
| Jason T. Jarvis | Associate | Restructuring | 2021 | $122,915.00 | 201.50 | N/A | $610.00 | $610.00 | $122,915.00 |
| Anthony Ji | Associate | Executive Compensation | 2019 | $518.00 | 0.70 | 1 | $740.00 | $740.00 | $518.00 |
| | | | | $19,688.50 | 23.30 | | $845.00 | $740.00 | $17,242.00 |
| Carter Matthew Johnston | Associate | Corporate - General | 2019 | $10,980.00 | 18.00 | 1 | $610.00 | $610.00 | $10,980.00 |
| | | | | $447,404.00 | 604.60 | | $740.00 | $610.00 | $368,806.00 |
| Britney A. Lewis | Associate | Litigation - General | 2015 | $4,817.50 | 4.70 | N/A | $1,025.00 | $1,025.00 | $4,817.50 |
| Drew Maliniak | Associate | Corporate - Capital Markets | 2019 | $14,872.00 | 17.60 | 1 | $845.00 | $845.00 | $14,872.00 |
| | | | | $86,850.00 | 90.00 | | $965.00 | $845.00 | $76,050.00 |

| Attorney Name | Position | Department | Date of Admission | Fees Billed In this Application | Hours Billed In this Application | Number of Rate Increases | Hourly Rate Billed In this Application | Hourly Rate Billed In the First Interim Application | Fees Billed In this Application at First Interim Application Billing Rate |
|---|---|---|---|---|---|---|---|---|---|
| Zach R. Manning | Associate | Restructuring | 2018 | $17,612.00 | 23.80 | 1 | $740.00 | $740.00 | $17,612.00 |
| | | | | $802,750.00 | 950.00 | | $845.00 | $740.00 | $703,000.00 |
| Karla V. Mardueno | Associate | Litigation - General | 2019 | $18,705.00 | 25.80 | N/A | $725.00 | $725.00 | $18,705.00 |
| Saunders McElroy | Associate | Litigation - General | 2020 | $4,567.50 | 6.30 | N/A | $725.00 | $725.00 | $4,567.50 |
| Madison McMurray | Associate | Environment - Transactional | 2019 | $11,396.00 | 15.40 | N/A | $740.00 | $740.00 | $11,396.00 |
| Yaffa A. Meeran | Associate | Litigation - General | 2019 | $365,479.50 | 437.70 | N/A | $835.00 | $835.00 | $365,479.50 |
| Patrick Yi Moneypenny | Associate | Corporate - M&A/Private Equity | 2016 | $15,150.50 | 15.70 | 1 | $965.00 | $965.00 | $15,150.50 |
| | | | | $412,861.50 | 398.90 | | $1,035.00 | $965.00 | $384,938.50 |
| Zack Montgomery | Associate | Corporate - General | 2018 | $17,390.00 | 23.50 | 1 | $740.00 | $740.00 | $17,390.00 |
| | | | | $164,352.50 | 194.50 | | $845.00 | $740.00 | $143,930.00 |
| | | Corporate - M&A/Private Equity | | $137,228.00 | 162.40 | | $845.00 | $740.00 | $120,176.00 |
| Joe Morley | Associate | Taxation | 2019 | $1,177.50 | 1.50 | N/A | $785.00 | $785.00 | $1,177.50 |
| Eric Mossor | Associate | Corporate - General | 2019 | $11,248.00 | 15.20 | N/A | $740.00 | $740.00 | $11,248.00 |
| Danny Nappier | Associate | Corporate - M&A/Private Equity | 2015 | $69,982.50 | 64.50 | N/A | $1,085.00 | $1,085.00 | $69,982.50 |
| Aaron J. Newell | Associate | Environment - Transactional | 2013 | $20,615.00 | 19.00 | N/A | $1,085.00 | $1,085.00 | $20,615.00 |
| Tim Nolan | Associate | Corporate - Investment Funds | 2017 | $1,544.00 | 1.60 | N/A | $965.00 | $965.00 | $1,544.00 |
| Matt O'Hare | Associate | International Trade | 2014 | $6,520.50 | 6.30 | N/A | $1,035.00 | $1,035.00 | $6,520.50 |
| Sara Phipps | Associate | Corporate - General | 2020 | $2,013.00 | 3.30 | N/A | $610.00 | $610.00 | $2,013.00 |
| Hayden Prosise | Associate | Corporate - General | 2019 | $6,660.00 | 9.00 | N/A | $740.00 | $740.00 | $6,660.00 |
| Palmer Quamme | Associate | Litigation - General | 2019 | $1,586.50 | 1.90 | N/A | $835.00 | $835.00 | $1,586.50 |
| Erin O. Quick | Associate | Litigation - General | 2020 | $8,047.50 | 11.10 | N/A | $725.00 | $725.00 | $8,047.50 |
| Pratik K. Raj Ghosh | Associate | Litigation - General | 2017 | $397,657.50 | 429.90 | N/A | $925.00 | $925.00 | $397,657.50 |
| Prentis Robinson | Associate | Restructuring | 2020 | $69,634.00 | 94.10 | N/A | $740.00 | $740.00 | $69,634.00 |
| Whitney Rosser | Associate | Restructuring | | $116,754.00 | 191.40 | N/A | $610.00 | $610.00 | $116,754.00 |
| Nikki Sauer | Associate | Restructuring | 2021 | $370.00 | 0.50 | N/A | $740.00 | $740.00 | $370.00 |
| Brittany Scheier | Associate | Corporate - General | 2018 | $9,620.00 | 13.00 | 1 | $740.00 | $740.00 | $9,620.00 |
| | | | | $27,124.50 | 32.10 | | $845.00 | $740.00 | $23,754.00 |
| | | Corporate - M&A/Private Equity | | $8,365.50 | 9.90 | | $845.00 | $740.00 | $7,326.00 |
| Eric St. Bernard | Associate | Corporate - General | | $43,310.00 | 71.00 | N/A | $610.00 | $610.00 | $43,310.00 |
| Scott J. Vail | Associate | Restructuring | 2016 | $28,274.50 | 29.30 | 1 | $965.00 | $965.00 | $28,274.50 |

| Attorney Name | Position | Department | Date of Admission | Fees Billed In this Application | Hours Billed In this Application | Number of Rate Increases | Hourly Rate Billed: In this Application | Hourly Rate Billed: In the First Interim Application | Fees Billed In this Application at First Interim Application Billing Rate |
|---|---|---|---|---|---|---|---|---|---|
| | | | | $1,487,088.00 | 1,436.80 | | $1,035.00 | $965.00 | $1,386,512.00 |
| Megha Vyas | Associate | Corporate - General | | $29,707.00 | 48.70 | N/A | $610.00 | $610.00 | $29,707.00 |
| Jaime B. Wamble | Associate | Labor & Employment | 2018 | $417.50 | 0.50 | 1 | $835.00 | $835.00 | $417.50 |
| | | | | $6,105.00 | 6.60 | | $925.00 | $835.00 | $5,511.00 |
| Markus Wang | Associate | Corporate - General | 2020 | $139,629.00 | 228.90 | N/A | $610.00 | $610.00 | $139,629.00 |
| Alex Warso | Associate | Restructuring | 2016 | $20,794.00 | 28.10 | 1 | $740.00 | $740.00 | $20,794.00 |
| | | | | $800,975.50 | 947.90 | | $845.00 | $740.00 | $701,446.00 |
| Christopher Joseph Worek | Associate | Taxation | 2015 | $96,720.00 | 99.20 | N/A | $975.00 | $975.00 | $96,720.00 |
| **Totals for Attorneys** | | | | **$14,272,916.50** | **14,689.20** | | | | **$13,614,622.00** |

| Paraprofessional Name | Position | Department | Date of Admission | Fees Billed In this Application | Hours Billed In this Application | Number of Rate Increases | Hourly Rate Billed: In this Application | Hourly Rate Billed: In the First Interim Application | Fees Billed In this Application at First Interim Application Billing Rate |
|---|---|---|---|---|---|---|---|---|---|
| Ryan Besaw | Paralegal | Restructuring | N/A | $12,444.00 | 36.60 | N/A | $340.00 | $340.00 | $12,444.00 |
| Kimberly A.H. Chervenak | Paralegal | Litigation - General | N/A | $45,968.50 | 103.30 | N/A | $445.00 | $445.00 | $45,968.50 |
| Karyn Cooper | Paralegal | Litigation - General | N/A | $3,388.00 | 7.70 | N/A | $440.00 | $440.00 | $3,388.00 |
| Gary A. Duncan | Paralegal | Litigation - General | N/A | $8,580.00 | 22.00 | N/A | $390.00 | $390.00 | $8,580.00 |
| Vanessa Higareda | Paralegal | Litigation - General | N/A | $253,516.50 | 569.70 | N/A | $445.00 | $445.00 | $253,516.50 |
| Sherie Hollinger | Paralegal | Corporate - M&A/Private Equity | N/A | $8,437.50 | 22.50 | N/A | $375.00 | $375.00 | $8,437.50 |
| Martin C. O'Brien | Paralegal | Corporate - General | N/A | $445.00 | 1.00 | N/A | $445.00 | $445.00 | $445.00 |
| Henry Rosas | Paralegal | Corporate - Debt Finance | N/A | $7,120.00 | 16.00 | N/A | $445.00 | $445.00 | $7,120.00 |
| Laura Saal | Paralegal | Restructuring | N/A | $24,163.50 | 54.30 | N/A | $445.00 | $445.00 | $24,163.50 |
| Laura-Jayne Urso | Paralegal | Corporate - General | N/A | $230.00 | 0.50 | N/A | $460.00 | $460.00 | $230.00 |
| Gary M. Vogt | Paralegal | Litigation - General | N/A | $445.00 | 1.00 | N/A | $445.00 | $445.00 | $445.00 |
| Kristen Ferguson | Junior Paralegal | Restructuring | N/A | $2,392.50 | 8.70 | N/A | $275.00 | $275.00 | $2,392.50 |
| Matt Sandor | Junior Paralegal | Litigation - General | N/A | $76,180.00 | 293.00 | N/A | $260.00 | $260.00 | $76,180.00 |
| Lydia Yale | Junior Paralegal | Restructuring | N/A | $1,677.50 | 6.10 | N/A | $275.00 | $275.00 | $1,677.50 |
| Elena Ionita | Support Staff | Litigation - General | N/A | $9,152.00 | 35.20 | N/A | $260.00 | $260.00 | $9,152.00 |
| Library Business Research | Support Staff | Administrative Mgt - Office | N/A | $600.00 | 1.60 | N/A | $375.00 | $375.00 | $600.00 |
| Library Factual Research | Support Staff | Administrative Mgt - Office | N/A | $1,425.00 | 3.80 | N/A | $375.00 | $375.00 | $1,425.00 |

| Paraprofessional Name | Position | Department | Date of Admission | Fees Billed In this Application | Hours Billed In this Application | Number of Rate Increases | Hourly Rate Billed In this Application | Hourly Rate Billed In the First Interim Application | Fees Billed In this Application at First Interim Application Billing Rate |
|---|---|---|---|---|---|---|---|---|---|
| Library Statistical | Support Staff | Administrative Mgt - Office | N/A | $150.00 | 0.40 | N/A | $375.00 | $375.00 | $150.00 |
| John Ackerman | Support Staff | Conflicts Analysis | N/A | $2,941.50 | 11.10 | N/A | $265.00 | $265.00 | $2,941.50 |
| Michael Y. Chan | Support Staff | Conflicts Analysis | N/A | $12,587.50 | 47.50 | N/A | $265.00 | $265.00 | $12,587.50 |
| Fryderyk W. Ciepiela | Support Staff | Technology Support | N/A | $312.00 | 0.80 | N/A | $390.00 | $390.00 | $312.00 |
| Joel DePalma | Support Staff | Litigation - General | N/A | $31,165.50 | 78.90 | N/A | $395.00 | $395.00 | $31,165.50 |
| Corinna Luschini | Support Staff | Conflicts Analysis | N/A | $3,630.50 | 13.70 | N/A | $265.00 | $265.00 | $3,630.50 |
| Eric Nyberg | Support Staff | Conflicts Analysis | N/A | $3,842.50 | 14.50 | N/A | $265.00 | $265.00 | $3,842.50 |
| Mia Pham | Support Staff | Litigation - General | N/A | $908.50 | 2.30 | N/A | $395.00 | $395.00 | $908.50 |
| Kenneth Sampson | Support Staff | Conflicts Analysis | N/A | $4,345.00 | 11.00 | N/A | $395.00 | $395.00 | $4,345.00 |
| Elaine Santucci | Support Staff | Conflicts Analysis | N/A | $1,382.50 | 3.50 | N/A | $395.00 | $395.00 | $1,382.50 |
| Arissa Scott | Support Staff | Conflicts Analysis | N/A | $9,430.00 | 41.00 | N/A | $230.00 | $230.00 | $9,430.00 |
| Steven M. Ulrich | Support Staff | Conference Technology Services | N/A | $4,446.00 | 11.40 | N/A | $390.00 | $390.00 | $4,446.00 |
| Liz Yaeger | Support Staff | Risk Management | N/A | $396.50 | 1.30 | N/A | $305.00 | $305.00 | $396.50 |
| Amy Zayed | Support Staff | Conflicts Analysis | N/A | $2,570.50 | 9.70 | N/A | $265.00 | $265.00 | $2,570.50 |
| Adrianna Ryba | Support Staff | M&A Clearance | N/A | $7,507.50 | 19.50 | N/A | $385.00 | $385.00 | $7,507.50 |
| Kurt J. Wunderlich | Support Staff | Litigation - Antitrust/Competition | N/A | $15,015.00 | 18.20 | N/A | $825.00 | $825.00 | $15,015.00 |
| Song Lin | Support Staff | Litigation - General | N/A | $2,378.00 | 5.80 | N/A | $410.00 | $410.00 | $2,378.00 |
| Mark Malone | Support Staff | Litigation - General | N/A | $2,646.50 | 6.70 | N/A | $395.00 | $395.00 | $2,646.50 |
| James McIntyre | Support Staff | Litigation - General | N/A | $197.50 | 0.50 | N/A | $395.00 | $395.00 | $197.50 |
| Dan Raffle | Support Staff | Litigation - General | N/A | $74,515.50 | 171.30 | N/A | $435.00 | $435.00 | $74,515.50 |
| David Schlaifer | Support Staff | Litigation - General | N/A | $53,118.00 | 136.20 | N/A | $390.00 | $390.00 | $53,118.00 |
| **Totals for Paraprofessionals** | | | | **$689,651.50** | **1,788.30** | | | | **$689,651.50** |
| **Grand Total** | | | | **$14,962,568.00** | **16,477.50** | | | | **$14,304,273.50** |